UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN-KO CHANG, YI RAN WANG, GUANEE XIE, and JOHN DOE, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHEN YUN PERFORMING ARTS, INC., FEI TIAN COLLEGE, FEI TIAN ACADEMY OF THE ARTS, DRAGON SPRINGS BUDDHIST INC., INTERNATIONAL BANK OF CHICAGO, SHUJIA GONG a/k/a TIANLIANG ZHANG, HONGZHI LI, and RUI LI a/k/a SANDY REBECCA LEE,<br><br>Defendants. | Case No. 24-8980 (PMH) (JCM) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION REQUESTING LEAVE FOR PLAINTIFF JOHN DOE TO PROCEED PSEUDONYMOUSLY AND TO FILE CERTAIN PAPERS UNDER SEAL AND *EX PARTE***

1

## PRELIMINARY STATEMENT

Plaintiff John Doe respectfully requests that he be permitted to proceed under a pseudonym in this action because there is a significant risk that disclosing his identity will result in retaliation against him and his family. The countervailing interest or prejudice to the public or to the Defendants[1] of doing so is marginal, especially at this early stage of the case. For the same reasons, he requests leave to file certain papers in support of his request under seal and *ex parte*. Because of the sensitivity of the information contained in these papers, if the Court declines to grant the request to file *ex parte*, Mr. Doe respectfully requests the opportunity to withdraw some or all of the information therein to avoid the risk that it will be disclosed to the public or to the Defendants.[2]

## FACTUAL AND PROCEDURAL BACKGROUND

This class action was filed on November 25, 2024. Dkt. 1. The core allegation is that the dance company "Shen Yun is a huge commercial enterprise that has generated hundreds of millions of dollars via forced child labor of vulnerable minors, for the financial benefit" of the Defendants, and especially the Shen Yun Defendants. Dkt. 68, ¶ 1.

At the time of filing, there was a single named plaintiff, Chun-ko "Koko" Chang. *See generally* Dkt. 1. Ms. Chang previously went on record with *The New York Times* in a series of articles that discussed Shen Yun's alleged unlawful conduct. Dkt. 68, ¶ 369. As such, she did not seek pseudonymity, despite the risk that the Shen Yun Defendants would retaliate against her for bringing this suit. Indeed, the Shen Yun Defendants have done so, including by directing that

---

[1] Capitalized terms have the same meaning as in the Second Amended Complaint, filed at Dkt. 68.

[2] Before filing this motion, counsel for Mr. Doe conferred with counsel for the Defendants about whether they would agree to Mr. Doe proceeding pseudonymously and to Mr. Doe filing certain information under seal. Counsel for the Defendants said they would oppose both requests.

2

frivolous lawsuits be filed against her in Taiwan and by publicly and falsely accusing her and her husband of being agents of the Chinese Communist Party. *Id.* ¶¶ 369-81.

Since then, however, four more survivors (plus John Doe) have bravely stepped forward to not just go on record in the media, but to publicly sue the Shen Yun Defendants. *See* Dkt. 68 (reflecting that Ms. Chang has been joined in this case by Yi Ran "Daisy" Wang and Gaunee "Nathan" Xie); *see also Zan Sun et al. v. Shen Yun Performing Arts, Inc. et al.*, No. 25-cv-3185, Dkt. 1 (S.D.N.Y.) ("Sun Complaint") (a non-class lawsuit filed against the Shen Yun Defendants by survivors Zan Sun and Qing Ling Cheng). A common theme among these named plaintiffs is that they left Shen Yun years ago, largely cut ties with the community, and spoke out publicly against Shen Yun to *The New York Times*. *See e.g.*, Dkt. 68, ¶ 367 (Ms. Chang left in 2020); *id.* ¶ 424 (Ms. Wang left in 2017); *id.* ¶ 464 (Mr. Xie left in 2020); Sun Complaint, ¶ 89 (Mr. Sun left in 2015); *id.* ¶ 123 (Ms. Cheng left in 2015); Nicole Hong and Michael Rothfeld, *Behind the Pageantry of Shen Yun, Untreated Injuries and Emotional Abuse*, N.Y. Times, Aug. 15, 2024, https://www.nytimes.com/2024/08/15/nyregion/shen-yun-dance-abuse.html (quoting Ms. Chang, Ms. Wang, Mr. Xie, Mr. Sun, and Ms. Cheng).

Mr. Doe, however, is at higher risk of and more vulnerable to retaliation if he is publicly named as a plaintiff in this litigation. ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████ Mr. Doe

accordingly seeks permission to proceed under a pseudonym and to file certain papers under seal and *ex parte*.

**ARGUMENT**

**A.     Legal Standards**

      **1.     Proceeding Under a Pseudonym**

The Second Circuit has set forth a list of ten non-exhaustive factors for courts to consider in analyzing whether a plaintiff should be permitted to use a pseudonym:

1) whether the litigation involves matters that are highly sensitive and of a personal nature;

2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3) whether identification presents other harms and the likely severity of those harms;

4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of the plaintiff's age;

5) whether the suit is challenging the actions of the government or that of private parties;

6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated;

7) whether the plaintiff's identity has thus far been kept confidential;

8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity;

9) whether, due to the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (cleaned up).

Courts are "not required to list each of the factors or use any particular formulation as long as it is clear that the court balanced the interests at stake in reaching its conclusion." *Id*. at 191 n.4. The same analysis holds in class actions. *See Plaintiffs # 1-21* v. *Cty. of Suffolk*, 138 F. Supp. 3d 264, 270-71 (E.D.N.Y. 2015).

### 2.     Filing Under Seal

As for Mr. Doe's sealing request, "[a] party seeking to file documents under seal generally must show both that the documents are confidential and that disclosure will result in a clearly defined and very serious injury." *Dep't of Econ. Dev. v. Arthur Andersen & Co. (U.S.A.)*, 924 F. Supp. 449, 487 (S.D.N.Y. 1996) (cleaned up).

### 3.     Filing Documents *Ex Parte*

As for Mr. Doe's request that certain documents be filed *ex parte*, the Second Circuit has indicated that it should be permitted where there is a compelling need to do so and where the *ex parte* relief is narrowly tailored to that need. *E.g.*, *United States v. Abuhamra*, 389 F.3d 309, 329 (2d Cir. 2004) (citing *United States v. Accetturo*, 783 F.2d 382, 391 (3d Cir. 1986) for the proposition that a court may accept *ex parte* submissions if the movant makes a showing that there is "compelling need" to do so and also makes a showing that there is "no alternative means by which" the movant "could present in open court, or the defense could be given access to, the information" that is proposed to be submitted *ex parte*).

Here, application of these standards weighs strongly in favor of granting Mr. Doe's requests (1) that he be permitted to proceed under a pseudonym, and (2) that he be permitted to file ███████████████████████████, as well as the portions of his memorandum of law ███████████████████████, under seal and *ex parte*.

**B.     Mr. Doe meets most of the *Sealed Plaintiff* factors, including because revealing Mr. Doe's identity would subject him and his family to a high risk of retaliation.**

Mr. Doe satisfies most of the factors considered when determining whether a plaintiff should be permitted to proceed anonymously. The remainder are neutral.

Identification poses a risk of retaliatory mental harm to Mr. Doe and his family, and it poses a risk of other substantial harm to his family members, satisfying factors 2 and 3. ▆

▆

▆

▆

▆. More generally, the Shen Yun Defendants have a demonstrated willingness and ability to drag innocent third-party family members into disputes with survivors. *E.g.*, Dkt. 68, ¶¶ 16, 221, 222, 363, 398, 470. Accordingly, Mr. Doe meets factors 2 and 3. *E.g.*, *Plaintiffs # 1-21 v. Cnty. of Suffolk*, 138 F. Supp. 3d 264, 272 (E.D.N.Y. 2015) (noting that, "if the allegations in the amended complaint are true," the plaintiffs' "fears of potential retaliation by [the defendants] appear reasonable" and granting request to proceed under a pseudonym); *Doe 11 v. Jarecki*, No. 24 CIV. 4208 (JPC), 2024 WL 2946058, at *2 (S.D.N.Y. June 11, 2024) (granting request to proceed under a pseudonym where "the Complaint allege[d] that Plaintiff is "at serious risk of retaliatory harm, as Defendant possesses tremendous wealth and power and has demonstrated a clear ability to cause her serious harm") (cleaned up).

Factor 3 is also met because ▆

▆



6

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████
████████████████

The litigation also involves matters of a personal and sensitive nature, satisfying factor 1. The litigation concerns the alleged coercion and forced labor of Mr. Doe while he was a child, as well as Mr. Doe's membership in an unconventional and often stigmatized group. Mr. Doe legitimately fears that revelation of this information could hurt his employment and personal prospects. ███████████. This supports allowing Mr. Doe to proceed anonymously. *E.g.*, *Doe v. New York Univ.*, 537 F. Supp. 3d 483, 497 (S.D.N.Y. 2021) (granting anonymity where the relatively young plaintiff submitted a declaration representing that disclosure of her identity "could impede her progress" with respect to her "stated career goals").

Mr. Doe is also particularly vulnerable to retaliation, satisfying factor 4. ████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████ Mr. Doe thus shows a heightened risk of harm under factor 4.

███████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████

████ As such, Mr. Doe has kept his identity confidential, satisfying factor 7. *E.g.*, *R.F.M. v. Nielsen*, 365 F. Supp. 3d 350, 372 (S.D.N.Y. 2019) ("In this case, the plaintiffs have retained their

anonymity, which weighs in favor of allowing the plaintiffs to continue proceeding anonymously.").

Meanwhile, the public's interest in knowing Mr. Doe's identity is minimal to non-existent. Several other plaintiffs have already publicly identified themselves and told their personal stories, allowing the public to gain considerable insight into this controversy. There is little to no incremental benefit of revealing Mr. Doe's identity to the public, especially since the focus of the allegations is the Shen Yun Defendants, not the survivors. That is especially true given that the case is in the pleadings stage, such that only the legal sufficiency of Mr. Doe's allegations is likely to be at issue. Mr. Doe thus meets factors 8 and 9 as well. *E.g.*, *Doe 11 v. Jarecki*, 2024 WL 2946058, at *2 (noting that, despite there being a "public interest in this litigation because of the notoriety of [Jeffrey] Epstein and those with whom he associated, disclosure of the identity of the plaintiff is not likely to be of a legitimate importance or benefit to the public") (cleaned up); *Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (noting that the public's interest in the plaintiffs' identity was weak given that the case was in the "pre-answer phase" and thus raised "an abstract question of law") (cleaned up).

Additionally, Mr. Doe knows of no other means of protecting his confidentiality other than to permit him to proceed under a pseudonym. Factor 10 is satisfied. *E.g.*, *Does 1-2 v. Hochul*, No. 21CV5067AMDTAM, 2022 WL 836990, at *10 (E.D.N.Y. Mar. 18, 2022) (finding no alternative given that, "once the cat's out of the bag, it's out of the bag") (cleaned up).

Finally, the factual allegations that Mr. Doe relies on for his substantive claims are public and known to the Defendants. *See* Dkt. 68, ¶¶ 470-507. Meanwhile, discovery has yet to begin, and the Defendants are expected to file motions to dismiss, in which case Mr. Doe's factual allegations must be accepted as true. Defendants thus have all the information they need to litigate

his claims at this stage, such that permitting Mr. Doe to remain anonymous would cause them no prejudice. Mr. Doe thus meets factor 6 as well. *E.g.*, *Doe v. Zeumer*, No. 23 CIV. 10226 (AT), 2024 WL 1586032, at *2 (S.D.N.Y. Mar. 6, 2024) ("[A]t this early stage of the litigation, the *Sealed Plaintiff* factors largely weigh in favor of allowing Plaintiff to proceed via pseudonym.").

For all these reasons, Mr. Doe's request to proceed under a pseudonym should be granted.

C. **Mr. Doe's request to file certain papers under seal and *ex parte* should be granted for similar reasons.**

As for Mr. Doe's request to file certain papers under seal and *ex parte*, that is limited to information that would reveal his identity, namely ▮▮▮▮▮ ▮▮▮▮▮ ▮▮▮▮▮ satisfies the requirement that he make a showing that such information is "confidential" and that "disclosure will result in a clearly defined and very serious injury" before a request to seal is granted. *Dep't of Econ. Dev.*, 924 F. Supp. at 487. ▮▮▮▮▮ ▮▮▮▮▮ there is a "compelling need" to avoid disclosing ▮▮▮▮▮ ▮▮▮▮▮. *Abuhamra*, 389 F.3d at 329. For example, ▮▮▮▮▮

9

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████. These many factors present a compelling need to submit this information to the Court on an *ex parte* basis.

Moreover, ███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████

## CONCLUSION

For the foregoing reasons, the Court should permit Mr. Doe to proceed pseudonymously and to file certain papers in support of that request under seal and *ex parte*.

Dated: May 8, 2025                                     Respectfully submitted,

/ s / Mariyam Hussain
Mariyam Hussain (NY Bar No. 5492475)
**BERGER MONTAGUE PC**
1820 West Division Street
Chicago, IL 60622
Tel.: (773) 666-4316
mhussain@bm.net

Michael Dell'Angelo
Michaela Wallin
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel.: 215-875-3000
mdellangelo@bm.net
mwallin@bm.net

Times Wang*
Adam Farra
**FARRA & WANG PLLC**

        1300 I Street, N.W. Suite 400E
        Washington, D.C. 20005
        Tel.: 202-505-6227
        twang@farrawang.com
        afarra@farrawang.com

*Attorneys for Plaintiffs and the Proposed Class*

*\* Pro hac vice forthcoming*