

**MICHAELA L. WALLIN** / *SHAREHOLDER*
d 215.875.5819 | mwallin@bm.net

Hon. Philip M. Halpern, United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Hon. Jessica G.L. Clarke, United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

May 9, 2025

**Re:** *Chang* et al. *v. Shen Yun Performing Arts, Inc.,* et al., Case No. 7:24-cv-8980 (PMH)
*Sun* et al. *v. Shen Yun Performing Arts, Inc.,* et al., Case No. 7:25-cv-3185 (JGLC)

Dear Judge Halpern and Judge Clarke:

    I write on behalf of Plaintiffs and the proposed class in Case No. 24-8980 (PMG) ("*Chang*"). Defendants "inform" the Court that Case No. 25-3185 (JGLC) ("*Sun*") is "related" to *Chang*. The *Chang* Plaintiffs disagree.

    The *Chang* Plaintiffs allege that Shen Yun Performing Arts, Inc., Fei Tian College, Fei Tian Academy of the Arts, Dragon Springs Buddhist Inc., the International Bank of Chicago, Shujia Gong, Hongzhi Li, and Rui Li (collectively, "Defendants") operate a performing arts company venture that uses forced labor, including forced child labor, and human trafficking in violation of the federal Trafficking Victims Protection Act and New York Labor Law. *See generally* Case No. 24-8980, Dkt. 68 (Second Amended Complaint). The *Chang* case was filed in November 2024, as a proposed class action. *See* Case No. 24-8980, Dkt. 1.

    In April 2025, the *Sun* Plaintiffs filed their case against some, but not all, of the same Defendants, excluding Shujia Gong and the International Bank of Chicago. *See* Case No. 25-3185, Dkt. 1. They bring the case on behalf of the individual *Sun* Plaintiffs only. Defendants request that *Sun* be deemed related to *Chang* and transferred to Judge Halpern.

    Rule 13(a)(1) of the Rules for the Division of Business Among District Judges provides that cases should be deemed related "when the interests of justice and efficiency will be served." In determining whether two cases are related, courts consider "whether (A) the actions concern the same or substantially similar parties, property, transactions or events; (B) there is substantial factual overlap; (C) the parties could be subjected to conflicting orders; and (D) whether absent a determination of relatedness there would be a substantial duplication of effort and expense, delay, or undue burden on the Court, parties or witnesses." Rule 13(a)(1).



But cases "shall not be deemed related merely because they involve common legal issues or the same parties." Rule 13(a)(2)(A). One of the goals of the District's 2013 revision of the relatedness rule was to "enrich[] the development of the law by having a plurality of judges examine in the first instance common questions of law." Rule 13 *Comment*; *see also* "Federal Court Alters Rules on Judge Assignments," *The New York Times* (Dec. 23, 2013), https://www.nytimes.com/2013/12/24/nyregion/federal-court-alters-rules-on-judge-assignments.html ("'Development of the law is better served by having different judges decide those cases, so that the court of appeals has the benefit of different judges' thinking about the issue,' [then-Chief] Judge Preska said.").

In practice, cases in this District that involve similar parties, similar events, and similar causes of action often proceed before different judges, including in trafficking cases like this one. For example, after the sexual assault scandal involving Harvey Weinstein came to light, several different plaintiffs brought civil claims against Weinstein and his various accomplices under the Trafficking Victims Protection Act (the same law at issue in the two cases here), and those cases proceeded before three different judges in this District. *See Geiss v. The Weinstein Co. Holdings LLC et al.*, Case No. 17-9554 (Judge Hellerstein); *Noble v. Weinstein et al.*, Case No. 17-09260 (Judge Sweet); *Canosa v. Ziff, Weinstein, et al.*, Case No. 18-4115 (Judge Engelmayer). So too with the civil cases concerning Jeffrey Epstein's sex trafficking scheme, which also proceeded before different judges in this District. *See Bensky et al. v. Indyke et al.* Case No. 24-01204 (Judge Subramanian); *Doe 1 v. Deutsche Bank Aktiengesellschaft et al.*, Case No. 22-10018 (Judge Rakoff); *Giuffre v. Andrew*, Case No. 21-670s (Judge Kaplan). Nor are trafficking cases unique. Multiple judges in this District declined to deem as related multiple cases initiated by the Roman Catholic Diocese of Rockville Centre against its insurance carriers arising out of it seeking indemnification in defending against child sex abuse suits. *See Roman Cath. Diocese of Rockville Ctr., New York v. Arrowood Indem. Co.*, No. 20-CV-11011 (VEC), 2021 WL 1978560, at *2 n.6 (S.D.N.Y. May 17, 2021). Judge Cote and Judge Engelmayer similarly refused to accept one antitrust case as related to another class action antitrust case even though the two cases "arise from substantially the same events, encompass many of the same defendants, and involve sometimes identical allegations in the pleadings." *Tera Grp., Inc. v. Citigroup, Inc.*, No. 17 CIV. 4302 (RJS), 2019 WL 3457242, at *10 (S.D.N.Y. July 30, 2019).

Here, while both the *Chang* and *Sun* cases involve claims concerning Defendants' operation of a forced child labor scheme brought under the federal Trafficking Victims Protection Act, that is not sufficient to deem the two cases related given the many differences between them:

- The procedural posture is different. *Chang* is a proposed class action. *Sun* is not. Defendants' pronouncement that they will "vigorously" oppose the motion for class certification concedes the importance of class certification in *Chang*, distinguishing it from *Sun*. Defendants' assertion that the *Sun* Plaintiffs "would be members of the *Chang* class" if the motion for class certification is granted in *Chang* ignores that the *Sun* Plaintiffs retained their own counsel and filed their own suit, indicating a probable desire to opt out and direct their own litigation.



- The implicated parties are different. *Chang* involves two categories of employee victims: dancers and musicians. *Sun* involves two individual dancers. *Chang* has two defendants who are not defendants in the *Sun* case—Shujia Gong and the International Bank of Chicago—and the claims concerning those defendants are different than they are against the *Sun* Defendants.

- The claims are different. *Chang* asserts a variety of New York Labor Law claims and a wage theft theory. *Sun* does not. *Chang* also pleads certification of a class under the New York Labor Law claims. *Sun* does not.

- The factual allegations are different. *Chang* concerns events and parties that are not discussed in *Sun*, including: the role of *The Epoch Times* and *New Tang Dynasty TV* in Defendants' forced labor scheme, *see* Case No. 24-8980, Dkt. 68, ¶¶ 77–79, 246–251; the flow of funds between *The Epoch Times* and Shen Yun, including funds that appear to be the proceeds of a $67 million criminal money laundering scheme that is the subject of a federal indictment in Manhattan, *id.* ¶ 251; claims of retaliation against one of the named plaintiffs in *Chang*, *id.* ¶¶ 591–97; Defendants' organizing of green card marriages between the laborers they control, *id.* ¶¶ 18, 218, 420, 459, 464, 500; and Defendants' forcing of child laborers to smuggle large amounts of cash on their person into the United States without declaring it, *id.* ¶ 17, 170.

Defendants' assertion that the cases should be deemed related is incorrect. First, the Rule states that some overlap in defendants or allegations is not enough to deem the two cases related. *See* Rule 13(a)(2)(A) (cases "shall not be deemed related merely because they involve common legal issues or the same parties"). And, here, the many differences outlined above mean that the cases will proceed differently throughout the litigation. For instance, differences in the factual allegations, defendants, named plaintiffs, and categories of victims at issue mean that discovery will be different in scope and focus in the two cases. And the *Chang* case will have added complexities and motion practice due to its structure as a proposed class action.

Second, had Defendants consulted Plaintiffs prior to the filing of their letter, they would have learned that Plaintiffs' counsel in *Sun* and *Chang* will organize and coordinate discovery so as to avoid duplication of effort and expense, thereby terminating or at least substantially mitigating the risk of "duplication of effort and expense." This sort of coordination happens often in complex cases, which frequently proceed in different districts, in parallel federal and state proceedings, or in parallel government enforcement and private enforcement actions. *See, e.g.*, *Manual for Complex Litigation* § 20.31 (4th ed.).

Third, this case does not present the risk of the parties being subjected to "conflicting" orders. Conflicting orders are ones where a party is commanded not to do something by one court and commanded to do that very thing by another court. But different judges reaching different decisions on similar legal issues is not a conflict within the meaning of Rule 13. Indeed, that is one of the goals of Rule 13: to encourage development of the law by having different judges address common or similar issues of law.



      The types of issues that will be raised in this case are precisely those that would benefit from having multiple distinguished jurists addressing them. Defendants have already previewed their main defenses in the pre-motion to dismiss letters. In their words, their "most important" defense is that the various constitutional and statutory protections for freedom of free exercise of religion immunize them from the allegations in the *Chang* suit, *i.e.*, that the freedom to practice one's religion permits forced child labor, trafficking, and wage theft. This is a novel, and startling, defense, and Rule 13 contemplates the benefit of having multiple judges assess these types of novel, common constitutional issues. *See* Rule 13 *Comment*.

      Finally, if the cases are deemed related, the *Chang* Plaintiffs do not take a position on whether the cases should be transferred to Judge Halpern or Judge Clarke. The *Chang* case will be complex, require significant discovery and motions practice, and will likely last several years given the stakes involved, and so how Your Honors manage your respective dockets is a decision best left to the Court.

      For these reasons, Plaintiffs respectfully submit that the two cases are not related.

Sincerely,

*/s/ Michaela Wallin*

Michaela L. Wallin
Counsel for the *Chang* Plaintiffs
(Admitted *pro hac vice* in *Chang*)

Cc: All counsel of record, through ECF