

**FELICIA ENNIS**
PARTNER

DIRECT DIAL: 212-984-7753
EMAIL: FEnnis@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

> Plaintiff John Doe is directed, by May 20, 2025 at 5:00 p.m., to file a response to Defendant IBC's letter (Doc. 76) concerning access to unredacted copies of the papers filed in support of his motion (Docs. 70-73).
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>            May 19, 2025

May 16, 2025

**VIA ECF**
The Honorable Philip M. Halpern
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601

      Re:    <u>Chun-Ko Chang. v. Shen Yun Performing Arts, Inc., et al.,</u> Case No. 24-cv-8980

Dear Judge Halpern:

We are counsel to Defendant International Bank of Chicago ("IBC"), in the above-captioned matter. We write to request access to unredacted copies of the papers filed in support of Plaintiff John Doe's motion requesting leave to proceed pseudonymously and to file certain papers under seal and *ex parte* ("Plaintiff Doe's Motion")[ECF Nos. 70-73]. Currently, only the redacted Memorandum of Law is available [ECF No. 72],[1] depriving IBC of the ability to fairly challenge Plaintiff Doe's Motion.

Under Second Circuit precedent, in determining whether to allow a filing under seal, courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties. *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-20 (2d Cir. 2006). Consistent with this precedent, Rule 5(B) of the Court's Individual Practices in Civil Cases, the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, sections 6 and 21, instruct a party seeking court approval to file information under seal or to redact information from a document that is to be publicly filed, to narrowly tailor the request.

Here, Plaintiff's counsel did not meet and confer with IBC's counsel or otherwise provide any factual basis for redacting or sealing Plaintiff Doe's Motion in connection with IBC. Notably, Plaintiff Doe's Motion does not attribute any alleged fear of retaliation or retribution to IBC, nor does it identify any other compelling need to avoid disclosure of information to IBC. Additionally, the heavily redacted portions of the Memorandum of Law filed in support of Plaintiff Doe's Motion [ECF No. 72], are not narrowly tailored but instead, operate to completely conceal from and deprive IBC of the opportunity to challenge the factual basis for Plaintiff Doe's Motion. For example, although Plaintiff Doe alleges that compared to the other publicly named plaintiffs in this case, he is at "higher risk of and more vulnerable to retaliation if he is publicly named as a plaintiff in this litigation," his counsel redacted entire sections containing the factual basis for this contention. *See* Memorandum of Law, pp. 3-4; 6-7; 9-10 [ECF No. 72]. These redactions are prejudicial to IBC, making it impossible for it to assess and challenge Plaintiff Doe's Motion.

---

[1] Counsel filed the unredacted memorandum of law by selecting the Viewing Level for "Selected Parties." [ECF 70]. However, counsel for IBC was not provided with access to this document.

Warshaw Burstein, LLP

In the event that this Court grants IBC's application, IBC respectfully requests a 14-day extension of time to respond to Plaintiff Doe's Motion from the date that access to the unredacted motion papers are provided. Currently, IBC's opposition to Plaintiff Doe's motion is due on May 22, 2025. Counsel for IBC has also conferred with counsel for the Shen Yun Defendants, who concur with IBC's application.

Thank you for your consideration of this matter.

Respectfully submitted,

/s/ Felicia S. Ennis
Felicia S. Ennis
WARSHAW BURSTEIN, LLP
575 Lexington Avenue, 7th Floor
New York, New York 10022
(212) 984-7700
fennis@wbny.com
*Counsel for Defendant International Bank of Chicago*

cc: All Counsel of record via ECF