

**FELICIA ENNIS**
PARTNER

DIRECT DIAL: 212-984-7753
EMAIL: FENNIS@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

May 30, 2025

**VIA ECF**
The Honorable Philip M. Halpern
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:  *Chun-Ko Chang, et al. v. Shen Yun Performing Arts, Inc., et al.*, **Case No. 24-cv-8980**

Dear Judge Halpern:

We represent Defendant International Bank of Chicago ("IBC"), in the above-captioned matter. In accordance with Your Honor's Individual Practices, Rule 2(C) and 4(C)(ii), IBC respectfully requests a motion conference seeking leave to dismiss Plaintiffs' Second Amended Complaint ("SAC")(ECF No. 68), under Fed. R. Civ. P. 12(b)(6), for failure to state a claim. This letter summarizes IBC's bases for the proposed motion.

Plaintiffs' grievances concern the alleged actions of the Shen Yun Defendants and the alleged mistreatment they suffered when they lived on the campus of Defendant Dragon Springs, attended the Defendant Fei Tian Schools and practiced and performed with the touring dance and music company operated by Defendant Shen Yun. IBC, which provided banking services to some students at the Fei Tian Schools, had nothing to do with any of the Shen Yun Defendants' alleged acts of obtaining the labor or services of Plaintiffs by coercion or control in violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1589(b). SAC ¶¶ 147-245; 304-507. Despite these glaring deficiencies, the Second Amended Complaint ("SAC"), continues to allege that IBC knowingly benefited from its participation in the Shen Yun Defendants' alleged forced labor

{1792681.1}

venture. But like its two predecessors, the SAC fails to include any non-conclusory, plausible allegations against IBC sufficient to satisfy the requirements of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

**Standard of Review**. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, at 556). "The factual allegations pled 'must be enough to raise a right to relief above the speculative level ....'" *Chen v. Cai*, No. 19-CV-05387 (PMH), 2022 WL 917575, at *2 (S.D.N.Y. Mar. 28, 2022), *quoting Twombly*, 550 U.S. at 555. However, bare, conclusory allegations are not entitled to a "presumption of truth." *Iqbal*, 556 U.S. at 681.

**Plaintiffs Do Not Allege Viable TVPRA Claims Against IBC.** Plaintiffs' claims against IBC are limited to "beneficiary liability" rather than any intentional affirmative participation in a forced labor venture [SAC, Count Two, ¶¶ 537-548], and a conspiracy to knowingly benefit from the alleged forced labor. SAC, Count Four, ¶¶ 554-560. "[L]iability under TVPRA requires that (1) the person or entity must knowingly benefit, financially or by receiving anything of value, (2) from participating in a venture, (3) that the person knew or should have known has engaged in an act in violation of this chapter." *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d 147, 152-53 (E.D.N.Y. 2020) (quotation omitted). Here, Plaintiffs' TVPRA claims against IBC rely almost exclusively on unsupported and conclusory allegations concerning IBC's alleged "association" with the Shen Yun Defendants. However, general association is insufficient to support a TVPRA claim. What is missing here and fatal to Plaintiffs' claims are the factual allegations showing that IBC participated in and benefited from a venture with the requisite scienter.

{1792681.1}

**Warshaw Burstein, LLP**

May 30, 2025
Page 3 of 6

**IBC Did Not Participate In a Forced Labor Venture**. First, the SAC fails to adequately allege that IBC participated in a "venture" for purposes of the TVPRA because there is no shared enterprise or business relationship between IBC and the Shen Yun Defendants. Plaintiffs do not allege that IBC and the Shen Yun Defendants were engaged in any commercial venture. Nor do Plaintiffs provide any factual support for their conclusory allegations that IBC served as the "financial arm" to the Shen Yun Defendants, provided any banking services to the Shen Yun Defendants directly or received any other "competitive edge" or benefit from their participation in the venture. SAC ¶¶ 255; 266(b) and (c). At most, the facts in the SAC support a relationship between IBC and the Plaintiffs. However, Plaintiffs have failed to sufficiently explain how a business relationship with a victim of alleged forced labor constitutes unlawful participation in a "venture" under Section 1595. *Doe 1 v. Apple Inc.*, 96 F.4th 403, 416 (D.C. Cir. 2024) (participation in an unlawful venture under the TVPRA requires something more than an ordinary commercial transaction). Plaintiffs have also failed to plausibly explain how IBC's alleged association with the Shen Yun Defendants establishes "participation in a venture." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018)(liability for participation in a venture "cannot be established by association alone."). Nor have Plaintiffs plausibly alleged that by lawfully opening and maintaining bank accounts for minor students, IBC "participated" in the alleged venture. Such activity does not constitute the type of participation contemplated by the TVPRA.[1]

**IBC Did Not Knowingly Benefit from Forced Labor**. Next, Plaintiffs fail to plausibly plead that IBC "knowingly benefited" or received anything of value from its purported participation in the Shen Yun Defendants' alleged forced labor venture. As stated above, Plaintiffs fail to provide factual support for their claims that IBC benefited from participation in the venture. Additionally, Plaintiffs' speculation regarding observations of unidentified bank representatives during their visits to Dragon

---

[1] *See Chen,* 2022 WL 917575, at *5 n.4 (dismissing TVPRA claim where plaintiff failed to explain how defendants "participated" in a forced labor venture).

{1792681.1 }

Warshaw Burstein, LLP

May 30, 2025
Page 4 of 6

Springs fails to plausibly suggest that IBC "knowingly benefited" from any forced labor. SAC ¶¶ 268-269. Moreover, even accepting Plaintiffs' conclusory claims about alleged benefits to IBC, the SAC is deficient because Plaintiffs fail to show a causal relationship between IBC's alleged "facilitation" of forced labor and the benefits that IBC allegedly received. *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) (to satisfy the "benefit" prong of the TVPRA there must be a causal relationship between affirmative conduct furthering the TVPRA violation and receipt of a benefit with knowledge of that causal relationship). In the absence of this causal nexus, these highly implausible allegations are insufficient to state a claim under the TVPRA.

**IBC Did Not Know of or Recklessly Disregard the Facts of Any Alleged Forced Labor**. As regards to the final "knowledge" element of the TVPRA, Plaintiffs' recitation of regulatory guidance and alleged "red flags" fails to give rise to any plausible inference that IBC knew about or recklessly disregarded any TVPRA violations. SAC ¶¶ 270 (a-j). For example, the SAC does not allege that the Shen Yun Defendants held any payroll, operating or other accounts with IBC or that IBC had access to paystubs or other payroll information such that IBC "knew or should have known" that payroll costs were unusually low or that students were not being properly paid. *Id.,* ¶ 270(a). The SAC also fails to explain how IBC "knew or should have known" that Plaintiffs and other student bank account holders were "employees" of the Shen Yun Defendants who were entitled to receive wages for which they were not properly paid [*id.*, ¶¶ 270(b)-(c)], or "child performers" for whom trust accounts were not properly established. *Id.,* ¶¶ 271-272. Additionally, as previously stated, the SAC fails to explain how lawfully establishing bank accounts for foreign minor students raises any plausible inference of "suspicious activity" that IBC ignored. *Id.,* ¶¶ 270 (c),(e),(f),(i). Finally, the SAC fails to provide any factual context concerning how IBC "knew or should have known" that the Shen Yun Defendants were allegedly restricting or withholding access to student bank accounts or "critical documents" [*id.,*¶¶ (d),(g),(h)], or that Plaintiffs or other students were exhibiting signs of human trafficking that

{1792681.1}

**Warshaw Burstein, LLP**

May 30, 2025
Page 5 of 6

IBC (or its representatives) failed to detect. *Id.*, ¶ 270(j). Plaintiffs' vague and conclusory allegations regarding IBC's alleged knowledge of forced labor and trafficking "unjustifiably bridges the scienter gap between 'should have known' and 'might have been able to guess'" and fail to sufficiently state a claim under the TVPRA. *S.J. v. Choice Hotels Int'l, Inc.*, 473 F. Supp. 3d at 154 (granting defendants' motion to dismiss a TVPRA claim where plaintiff failed to allege requisite knowledge of a specific TVPRA violation).

**Plaintiffs' Conspiracy Claim Should Be Dismissed**. Plaintiffs' conspiracy claim against IBC under § 1595(b) is also defective. First, the 2023 amendment to the TVPRA, creating a civil right of action under this section, is not retroactive to Plaintiffs' claims. *See Velez v. Sanchez*, 693 F.3d 308, 324 (2d Cir. 2012). Next, the SAC does not plausibly allege that IBC entered into any agreement with or engaged in a continuous business relationship with the Shen Yun Defendants to state a conspiracy claim under the TVPRA. As the Second Circuit has recognized, "[t]he gist of conspiracy is, of course, agreement." *United States v. Beech–Nut Nutrition Corp.*, 871 F.2d 1181, 1191 (2d Cir. 1989). Moreover, as discussed above, Plaintiffs have failed to adequately plead that IBC had any knowledge of the Shen Yun Defendants' alleged forced labor operations, which is fatal to Plaintiffs' conspiracy claims. *See Edmondson v. Raniere*, No. 20-cv-485, 2024 WL 4334374, at *33 (E.D.N.Y. 2024) (failure to adequately plead defendants' knowledge of any forced labor violations warrants dismissal of conspiracy claim).

Defendant IBC respectfully requests that Your Honor schedule a pre-motion conference to consider IBC's intended Motion to Dismiss the Second Amended Complaint. Thank you for your consideration in this regard.

{1792681.1}

Warshaw Burstein, LLP

May 30, 2025
Page 6 of 6

                              WARSHAW BURSTEIN LLP

                              By:  /s/ Felicia S. Ennis
                              Felicia S. Ennis
                              575 Lexington Avenue, 7th Floor
                              New York, New York 10022
                              Tel.: (212) 984-7700
                              fennis@wbny.com

cc:	All Counsel of Record by Court ECF