

STEVEN M SCHNEEBAUM PC

202.742.5900 o.  |  202.449.3835 f.  |  202.744.3838 c.
www.smslawdc.com  |  sms@smslawdc.com
1750 K Street NW #1210, Washington DC  20006

Hon. Philip M. Halpern
United States District Judge, Southern District of New York
300 Quarropas Street
White Plains, New York 10601

May 30, 2025

Re:  *Chang v. Shen Yun Performing Arts, Inc.,* et al., Civ. No. 7:24-cv-08980 (S.D.N.Y)

Dear Judge Halpern:

I write on behalf of the Shen Yun Defendants[1] to request a pre-motion conference pursuant to Rule 4(C)(iii) of the Court's Individual Practices. These Defendants seek leave to file a motion to dismiss the Second Amended Complaint ("SAC") under FRCP 12 for the reasons summarized below.

**I.**     The Court lacks jurisdiction to issue the declaratory judgment or injunction that Plaintiffs request. Plaintiffs complain of past injuries. None of them is a current student or performer; they allege no future harm that such a remedy would redress. Accordingly, they lack Article III standing to seek prospective forms of relief.[2]

**II.**     The SAC repeatedly and consistently relies on "bundled" or "group" pleading, whereby the three Individual Defendants and the four Entity Defendants are mentioned as a collectivity ("the Shen Yun Defendants"), without any indication of which Defendant is alleged to have done what, violating FRCP Rule 8.[3] The SAC provides nothing more than vague and conclusory statements to describe the treatment of "Performers," which are generally based on what Plaintiffs claim happened to others, and not to themselves. Few if any facts are cited as evidence of Plaintiffs' own alleged claims or injuries.

**III.**     Plaintiffs' conclusory allegations of "domination and control" are insufficient to establish that

---

[1] Shen Yun Performing Arts, Inc.; Fei Tian Academy of the Arts; Fei Tian College; Dragon Springs Buddhist, Inc., Professor Sujia Gong, Hongzhi Li, and Rui Li.

[2] *Soule v. Connecticut Ass'n of Sch., Inc.,* 90 F.4th 34, 47 (2d Cir. 2023); *Deshawn E. by Charlotte E. v. Safir,* 156 F.3d 340, 344 (2d Cir. 1998); *Buonasera v. Honest Co., Inc.,* 208 F.Supp.3d 555, 564 (S.D.N.Y. 2016).

[3] *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009); *Atuahene v. City of Hartford,* 10 F. App'x 33 (2d Cir. 2001). This generates allegations bordering on the preposterous, such as that "the Shen Yun Defendants and their agents told Plaintiff that she was not allowed to leave the compound." SAC ¶ 340. Did the Entity Defendants tell her that? Did Prof. Gong?

SMS

STEVEN M SCHNEEBAUM PC

Hon. Philip M. Halpern, U.S.D.J.
May 30, 2025
P a g e  | 2

any Entity Defendant is the "alter ego" of any Individual Defendant, as alleged in SAC ¶¶ 40-41, 80.[4]

**IV.** All of the claims under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. §

1581 *et seq.* ("TVPRA," Counts I-VI), and the New York Labor Law ("NYLL," Counts VII-XII), are

barred by the First Amendment's Free Exercise Clause and the Ministerial Exception, under which

"courts are bound to stay out of employment disputes involving those holding certain important

positions with churches and other religious institutions."[5] Shen Yun is the dance-performance ministry

of Falun Dafa (Falun Gong), a religion; those who perform do so out of religious conviction "to save

people." SAC ¶¶ 95, 313.[6] Fei Tian Academy of the Arts and Fei Tian College are religious schools

inculcating Falun Dafa. *See* SAC ¶¶ 95, 120, 135, 313. Academy and College students and Shen Yun

performers are co-religionists who participate in daily religious study and practice.[7] SAC ¶¶ 95, 120,

135. And through music and dance, Shen Yun instantiates and presents Falun Gong principles,

emphasizing compassion and salvation, to its audiences. SAC ¶¶ 95, 313.

The term "minister" includes anyone communicating a religious message on behalf of a faith-

based organization – or playing any other "vital role" to carry out a religious mission – including

expression through music or dance.[8] The SAC's effort to eliminate the overtly religious language in

the First Amended Complaint, *see, e.g.*, SAC ¶ 191 (substituting "energy" for "karma"), does not

undermine the substantive picture that Plaintiffs' activities with Shen Yun were of "significant religious

---

[4] *See, e.g., Reynolds v. Lifewatch, Inc.*, 136 F.Supp.3d 503, 525 (S.D.N.Y. 2015).

[5] *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 746-47, 757 (2020); *Headley v. Church of Scientology*, 2010 WL 3157064 (C.D. Cal. Aug. 5, 2010), *aff'd*, 687 F.3d 1173 (9th Cir. 2012) (applying the Ministerial Exception to TVPRA claims).

[6] According to Shen Yun's FAQs, which SAC ¶ 95 cites and selectively quotes, performers integrate Falun Dafa spiritual practices into their work, and Falun Gong practitioners are "spiritual seekers" who "persevere in their faith" despite persecution. *See* https://www.shenyun.org/faq.

[7] That Shen Yun allegedly also employed some professional musicians who previously were not Falun Gong practitioners does not undermine the applicability of the Ministerial Exception. *See Our Lady of Guadalupe*, 591 U.S. at 761.

[8] *Our Lady of Guadalupe*, 591 U.S. at 753; *Tomic v. Catholic Diocese of Peoria*, 442 F.3d 1036, 1041 (7th Cir. 2006) (Posner, J.).

dimension."[9] General denials that the Ministerial Exception applies, *see, e.g.*, ¶¶ 91, 99, 144, are conclusory, formulaic recitations that do not satisfy the pleading requirements of Rule 8. Nor is the fact that Shen Yun's dance performances generate revenue for Falun Gong-related institutions in any way inconsistent with their religious character.[10] Similarly, the SAC's allegation that the Shen Yun Defendants are "insincere" in asserting that Falun Gong is a religion, SAC ¶ 103, misses the mark. The SAC confuses sincerity of belief with Falun Gong's religious nature, which are separate questions. Falun Gong is a religion under U.S. law, as this and other courts have recognized.[11]

**V.**     In any event, Plaintiffs do not assert plausible TVPRA claims. All the TVPRA counts are grounded in Defendants' alleged violations of 18 U.S.C. § 1589, which requires demonstration that Plaintiffs feared "serious harm": harm that would compel a reasonable person in the same circumstances to continue to labor. But the most that the SAC reveals is that Plaintiffs were students who strove to enter, and then to succeed in, an elite dance academy (some persevering through multiple failed auditions) with their parents' consent, hoping to advance to a very high standard of performance (which, they were informed, is difficult and requires dedication). *See, e.g.*, SAC ¶¶ 311, 313, 306-07, 312, 383-94. They were simply boarding-school students. They had phones and email access. They traveled, with their passports, to visit their families. Plaintiffs who chose to leave were permitted to do so. *See, e.g.*, SAC ¶¶182, 322, 387, 402, 427, 437, 467, 507.

---

[9] *Martin v. SS Columba-Brigid Cath. Church*, No. 1:21-CV-491, 2022 WL 3348382 at *6 (W.D.N.Y. Aug. 12, 2022).

[10] *See, e.g., Malnak v. Yogi*, 592 F.2d 197, 213-14 (3d Cir. 1979) (Adams, J., concurring); *Int'l Soc. far Krishna Consciousness v. Barber*, 650 F.2d 430, 439-41 (2d Cir. 1981); *Markel v. Union of Orthodox Jewish Congregations of Am.*, 648 F.Supp.3d 1181, 1195 (C.D. Cal. 2023), *aff'd*, 124 F.4th 796 (9th Cir. 2024); *Shaliehsabou v. Hebrew Home of Greater Wash., Inc.*, 363 F.3d 299, 309-11 (4th Cir. 2004).

[11] *See, e.g., See Zhang Jingrong v. Chinese Anti-Cult World All.*, 311 F.Supp.3d 514, 560 (E.D.N.Y. 2018) (Falun Gong is a religion because it "occupies a place …parallel to that filled by the orthodox belief in God.") (*rev'd on other grounds*, 16 F.4th 47 (2d Cir. 2021)). *See also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 115 (2d Cir. 2005); *Shan Zhu Qiu v. Holder*, 611 F.3d 403, 409 (7th Cir. 2010).


STEVEN M SCHNEEBAUM PC

Requiring students to adhere to behavioral standards and limiting social media use are common, constitutionally-protected practices in religious schools.[12] All schools are obligated to protect their students when acting *in loco parentis*.[13] Safety rules requiring students in religious schools to abide by the precepts of their faith and regulating boarding school students' independent travel amount to parenting, not coercion under the TVPRA.[14] Nor is compliance with New York Covid lockdown regulations (¶ 481), refusal to consent to a warrantless search (¶ 173), or potential spiritual consequences, such as bad "energy," "moral peril," or disfellowship (*see, e.g.*, ¶¶ 20, 147, 188, 191).[15] Ultimately, Plaintiffs may disagree with their parents' choice of school, but their parents had the right to direct their upbringing, including by enrolling them in institutions that would educate them consistently with their faith.[16] And the Religious Freedom Restoration Act ("RFRA," 42 U.S.C. § 2000bb *et seq*.,) precludes interpreting the TVPRA to encompass Defendants' religious exercise.[17]

**VI.**     Conspiracy and attempt to benefit under § 1595 were not actionable during the relevant time. The 2023 amendment to the TVPRA, creating such rights of action, does not apply retroactively.[18] Nor does the SAC plausibly claim that Prof. Gong knowingly benefitted from any alleged labor of

---

[12] *See Carson v. Makin*, 596 U.S. 767, (2022); *Wisconsin v. Yoder*, 406 U.S. 205, 217-18 (1972).

[13] *See Vernonia Sch. Dist. v. Acton*, 515 U.S. 646, 655 (1995).

[14] *See United States v. Toviave*, 761 F.3d 623 (6th Cir. 2014).

[15] *See Headley v. Church of Scientology Int'l*, 687 F.3d 1173, 1180 (9th Cir. 2012); *Paul v. Watchtower Bible & Tract Soc'y, Inc.*, 819 F.2d 875, 883 (9th Cir. 1987).

[16] *See Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925); *see also Muchira v. Al-Rawaf*, 850 F.3d 605,625 (4th Cir. 2017) (amended Mar. 3, 2017) ("[T]he forced labor provisions of the TVPRA are not intended to redress every bad employment relationship involving immigrants, or to punish immigrants for adhering to cultural rules and restrictions that many in this country would refuse to abide by."). Though Plaintiffs disparage the schools' academic curricula, *see* ¶ 120, they offer no basis to conclude that the coursework is unusual among specialized performing arts schools. Moreover, regulations on marriage, sexuality, and childrearing (¶¶ 216-20), are common aspects of religious communities, including, for example, Christianity.

[17] RFRA restricts the operation of federal statutes where they impose a substantial burden on religious exercise. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 682 (2020); *see Gonzales v. O Centro Espirita Beneficent Uniao do Vegetal*, 546 U.S. 418, 420 (2006); *Hankins v. Lyght*, 441 F.3d 96, 103 (2d Cir. 2006).

[18] *See Velez v. Sanchez*, 693 F.3d 308, 324 (2d Cir. 2012).



Plaintiffs.[19] The only substantive allegations against Prof. Gong (¶¶ 370–74) relate to remarks he made about Plaintiff Chang during a television interview and on YouTube, years after she left Shen Yun.

**VII.**     Plaintiffs' NYLL claims are not sustainable. NYLL applies only to actions by "employers" to "employees." Plaintiffs were not "employees," and no Defendant was an "employer," under the NYLL. Statutory exceptions cover the Entity Defendants, *see* NYLL § 651(5)(e), (f), (h).[20] The SAC does not allege, except in conclusory terms, that any of the cumulative requirements of NYLL's "economic reality" test (to determine when a person may be deemed an employer) are met by any Individual Defendant.[21] The NYLL does not apply outside New York, so claims must be dismissed to the extent they pertain to activity outside the State.[22] And the bulk of any remaining NYLL Counts are barred by the six-year statute of limitations (NYLL § 663.3).

**VIII.**     The NYLL § 215 claim is not viable also because the SAC asserts that defamation actions brought in Taiwan by third parties (not Defendants), which they say constituted "retaliation," are "frivolous" (*see* ¶¶ 381, 594). But it offers no factual support to conclude the suits are baseless under Taiwanese law. To demonstrate that a civil action was retaliation, "the plaintiff must allege both that the lawsuit…was filed… with a retaliatory motive and … without a reasonable basis in fact or law."[23]

Accordingly, we respectfully request that the Court permit the Shen Yun Defendants to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and (6).

---

[19] *See Doe 1 v. Apple Inc.*, 96 F.4th 403, 414-15 (D.C. Cir. 2024).
[20] Were a court to hold that these exceptions do not apply, the Free Exercise Clause would bar Plaintiff's NYLL claims. Such selective application of the NYLL would trigger strict scrutiny, and "[a] government policy can survive strict scrutiny only if it advances 'interests of the highest order' and is narrowly tailored to achieve those interests." *See Fulton v. Philadelphia*, 593 U.S. 522, 540 (2021).
[21] *See Lauria v. Heffernan*, 607 F.Supp.2d 403, 409 (E.D.N.Y. 2009).
[22] *O'Neill v. Mermaid Touring Inc.*, 968 F.Supp.2d 572, 579 (S.D.N.Y. 2013).
[23] *Kim v. Lee*, 576 F.Supp.3d 14, 31 (S.D.N.Y. 2021).



STEVEN M SCHNEEBAUM P.C.

Yours sincerely,

Steven M. Schneebaum
Counsel for the Shen Yun Defendants

Cc: All counsel of record (via ECF)