UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHUN-KO CHANG**, **YI RAN WANG**, **GUANEE XIE**, and **HOFMANN ZHU**, *Plaintiffs*, v. **SHEN YUN PERFORMING ARTS, INC.**, **FEI TIAN COLLEGE**, **FEI TIAN ACADEMY OF THE ARTS**, **DRAGON SPRINGS BUDDHIST INC.**, **INTERNATIONAL BANK OF CHICAGO**, **SHUJIA GONG** a/k/a **TIANLIANG ZHANG**, **HONGZHI LI**, and **RUI LI**, *Defendants*. | Case No. 24-8980 (PMH) (JCM) |

**REPLY BRIEF IN SUPPORT OF THE SHEN YUN DEFENDANTS'
MOTION TO DISMISS THE SECOND AMENDED COMPLAINT
PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)**

Steven M. Schneebaum*
Justin E. Butterfield*
Lea E. Patterson*
Terri Marsh*

**Counsel for:**
Shen Yun Performing Arts, Inc.,
Fei Tian College,
Fei Tian Academy of the Arts,
Dragon Springs Buddhist Inc.,
Shujia Gong,
Hongzhi Li, and
Rui Li.

*Admitted pro hac vice*.

Dated: September 15, 2025

**TABLE OF CONTENTS**

Table of Authorities ........................................................................................................................iv

Argument .........................................................................................................................................1

    I.   Falun Gong is a religion, and Shen Yun is a Falun Gong ministry. ...............................1

        A.     Defendants appropriately reference cited documents......................................1

        B.     Plaintiffs haven't sufficiently challenged Defendants' sincerity. ....................2

    II.  Plaintiffs don't plead viable claims under TVPRA or NYLL. ......................................2

        A.     The ministerial exception bars Plaintiffs' claims. ..........................................2

            1.     This court may consider the ministerial exception in a motion to dismiss..................................................................2

            2.     The SAC establishes that the performers are "ministers."...........................3

        B.     Plaintiffs' alleged "coercion" is religious in character and doesn't fall within TVPRA's definition of "serious harm." ...................................5

        C.     New York Labor Law claims are not viable. ..................................................6

            1.     NYLL claims are time-barred..........................................................6

            2.     NYLL doesn't apply outside New York. ..................................7

    III. Plaintiffs haven't adequately addressed the Rule 8 deficiencies....................................7

        A.     Claims about Plaintiffs are insufficient..........................................................7

        B.     Claims about Defendants are insufficient. .....................................................8

            1.     Lumping Defendants together is unacceptable. ............................8

            2.     Conclusory claims regarding "alter egos" don't solve the problem. .........8

            3.     The conspiracy claims fail because the 2023 TVPRA amendment isn't retroactive............................................................................9

            4.     There is no non-conclusory allegation of agreement................................10

         C.     Plaintiffs don't plead plausible claims for document seizure. ........................10

    D.    There is no claim that Plaintiffs remained with Shen Yun because of coercion. ..................................................................................................................10

IV. Claims against Gong must be dismissed. ......................................................................10

V. Plaintiffs have no viable basis to claim prospective or injunctive relief. .....................11

Conclusion ................................................................................................................................11

Certificate of Compliance..........................................................................................................13

## TABLE OF AUTHORITIES

**Cases**

*A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*,
  611 F.3d 248 (5th Cir. 2010) ...................................................................................................2

*Atuahene v. City of Hartford*, 10 F.App'x 33 (2d Cir. 2001) ........................................................8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ..........................................................................6

*Bill's Birds Inc. v. Trademarketing Resources Inc.*,
  920 F.Supp.2d 357 (E.D.N.Y. 2013) ......................................................................................10

*Bryce v. Episcopal Church in the Diocese of Colorado*,
  289 F.3d 648 (10th Cir. 2002) .................................................................................................3

*Collins v. Suffolk Cnty. Police Dep't*,
  349 F.Supp.2d 559 (E.D.N.Y. 2004) ......................................................................................11

*Doe 1 v. Deutsche Bank Aktiengesellschaft*,
  671 F.Supp.3d 387 (S.D.N.Y. 2023) ................................................................................ 10, 11

*Fratello v. Archdiocese of N.Y.*,
  863 F.3d 190 (2d Cir. 2017)......................................................................................................3

*Gucci v. Gucci Shops, Inc.*,
  651 F.Supp. 194 (S.D.N.Y. 1986) ...........................................................................................10

*Headley v. Church of Scientology Int'l*,
  2010 WL 3157064 (C.D. Cal. 2010) ........................................................................................4

*Headley v. Church of Scientology Int'l*,
  687 F.3d 1173 (9th Cir. 2012) ..................................................................................................5

*Heder v. City of Two Rivers*,
  295 F.3d 777 (7th Cir. 2002) ....................................................................................................6

*Hosanna-Tabor Evangelical Lutheran Church and Sch. v. EEOC*,
  565 U.S. 171 (2012) .................................................................................................................3

*In re Brown*,
  79 B.R. 789 (Bankr. N.D. Ill. 1987) .........................................................................................5

*In re Elevator Antitrust Litig.*,
  502 F.3d 47 (2d Cir. 2007) .......................................................................................................8

*In re Interest Rate Swaps Antitrust Litigation*,
  261 F.Supp.3d 430 (S.D.N.Y. 2017) ........................................................................................1

*Jackson v. Mann*,
  196 F.3d 316 (2d Cir. 1999).....................................................................................................2

*Javier v. Beck*,
  No. 13-cv-2926, 2014 WL 3058456 (S.D.N.Y. July 3, 2014) .................................................5

*Key Items, Inc. v. Ultima Diamonds, Inc.*,
  2010 WL 3291582 (S.D.N.Y. Aug. 17, 2010) .........................................................................9

*Landgraf v. USI Film Prods.*,
   511 U.S. 244 (1994) ..................................................................................................... 9

*Magtoles v United Staffing Registry, Inc.*,
   No. 21-cv-1850, 2021 WL 6197063 (E.D.N.Y. Dec. 30, 2021) ............................... 10

*Moussazadeh v. Tex. Dep't of Criminal Justice*,
   703 F.3d 781 (5th Cir. 2012) ....................................................................................... 2

*Muchira v. Al-Rawaf*,
   850 F.3d 605 (4th Cir. 2017) ................................................................................ 5, 10

*O'Neill v. Mermaid Touring Inc.*,
   968 F.Supp.2d 572 (S.D.N.Y. 2013) ........................................................................... 7

*Our Lady of Guadalupe Sch. v. Morrissey-Berru*,
   591 U.S. 732 (2020) ..................................................................................................... 3

*Paguirigan v. Prompt Nursing Emp. Agency LLC*,
   286 F.Supp.3d 430 (E.D.N.Y. 2017) ........................................................................... 6

*Pani v. Empire Blue Cross Blue Shield*,
   152 F.3d 67 (2d Cir. 1998) .......................................................................................... 3

*Patrick v. LeFevre*,
   745 F.2d 153 (2d Cir. 1984) ........................................................................................ 2

*Petruska v. Gannon Univ.*,
   462 F.3d 294 (3d Cir. 2006) ........................................................................................ 3

*Reynolds v. Lifewatch, Inc.*,
   136 F.Supp.3d 503 (S.D.N.Y. 2015) ........................................................................... 9

*Schneider v. OSG, LLC*,
   2024 WL 1308690 (E.D.N.Y. Mar. 27, 2024) .......................................................... 5

*Sterlinski v. Catholic Bishop of Chicago*,
   934 F.3d 568 (7th Cir. 2019) ...................................................................................... 4

*Strojmaterialintorg v. Russian Am. Commercial Corp.*,
   815 F.Supp. 103 (E.D.N.Y. 1993) .............................................................................. 9

*Taylor v. Salvation Army National Corp.*,
   110 F.4th 1017 (7th Cir. 2024) ................................................................................... 6

*TNS Holdings, Inc. v. MKI Sec. Corp.*,
   92 N.Y.2d 335 (1998) .................................................................................................. 8

*U.S. v. Thompson*,
   896 F.3d 155 (2d Cir. 2018) ........................................................................................ 4

*United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*,
   567 F.Supp.3d 429 (S.D.N.Y. 2021) ........................................................................... 7

*United States v. Dorio*,
   483 F.Supp.3d 145 (D. Conn. 2020) .......................................................................... 5

*United States v. Zhong*,
  26 F.4th 536 (2d Cir. 2022) .................................................................................................. 5

*Velez v. Sanchez*,
  693 F.3d 308 (2d Cir. 2012) .................................................................................................. 9

*Virtue v. Int'l Bhd. of Teamsters Ret. & Fam. Prot. Plan*,
  292 F.R.D. 8 (D.D.C. 2013) ................................................................................................. 7

*Zhang Jingrong v. Chinese Anti-Cult World All.*,
  16 F.4th 47 (2d Cir. 2021) .................................................................................................... 2

*Zhang Jingrong v. Chinese Anti-Cult World All.*,
  311 F.Supp.3d 514 (E.D.N.Y. 2018) .................................................................................... 2

**Statutes**

18 U.S.C. §1589 ........................................................................................................................ 10

N.Y. Lab. L. §651 ....................................................................................................................... 6

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................................ 7

Fed. R. Civ. P. 8 .......................................................................................................................... 7

**Constitutional Provisions**

U.S. Const., Art. I, Sec. 10 .......................................................................................................... 9

U.S. Const., Art. I, Sec. 9 ............................................................................................................ 9

**ARGUMENT**

The Shen Yun Defendants pointed out, in their Motion to Dismiss, that the Second Amended Complaint (SAC) is deficient in numerous ways: adjudicating its claims would send the Court into constitutionally-prohibited territory; the SAC is rife with conclusory allegations; some of the claims are time-barred, and others are simply unfounded and insufficient. At its core, the Opposition is centered on one proposition, which is untenable: that Falun Gong is not a religion. But Falun Gong *is* a religion under U.S. law, as courts and the Executive Branch have regularly recognized. *See* Appendix.

**I. Falun Gong is a religion, and Shen Yun is a Falun Gong ministry.**

That Falun Gong expresses views on issues such as the persecution of its adherents is irrelevant: many religions take stances on political issues. Falun Gong is a religion, and performers with Shen Yun, a ministry of Falun Gong, including Plaintiffs, sign a contract that they will endeavor "to save people." SAC¶185.

Plaintiffs' own factual allegations belie their conclusory denials of Falun Gong and Shen Yun's religious character (SAC¶91,99,313). Mot.13.

**A. Defendants appropriately reference cited documents.**

Defendants' use of the sources the SAC cites is proper. Mot.4-5. Plaintiffs invoke *In re Interest Rate Swaps Antitrust Litigation*, 261 F.Supp.3d 430, 481 (S.D.N.Y. 2017), but that case says a court "may consider materials where incorporated by reference or 'integral' to [the SAC], materials 'that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit,' and materials that are matters of public record" *Id.* at 442n.2. Defendants don't attempt to build "an alternative…narrative" from materials susceptible to "two plausible inferences," *id.* at 481, but merely correct selective quotations or omitted context.

1

### B. Plaintiffs haven't sufficiently challenged Defendants' sincerity.

Plaintiffs assert that Defendants are not "sincere," because Falun Gong leaders and adherents have described Falun Gong as not a religion, Op.23-24. This rehashes their argument that Falun Gong isn't a religion. But "sincerity" tests whether a person genuinely holds a belief. *See Jackson v. Mann*, 196 F.3d 316, 320 (2d Cir. 1999). It may be disputed where evidence of a pattern of conduct shows inconsistency with the professed religion. No allegation in the SAC provides evidence of that. That Defendants raise money is irrelevant, as are differing descriptions of the nature of Falun Gong by its practitioners. "An adherent's religious beliefs are not rendered insincere merely because he articulates them differently in response to shifting objections." *A.A. ex rel. Betenbaugh v. Needville Indep. Sch. Dist.*, 611 F.3d 248, 262 (5th Cir. 2010).

Plaintiffs' argument would "delve into the internal operations of [Defendants'] mind[s], and in turn assess the sincerity of the held beliefs and the place occupied by such beliefs in [their] li[ves]." *Patrick v. LeFevre*, 745 F.2d 153, 158 (2d Cir. 1984). Sincerity "must be handled with a light touch, or judicial shyness," because "[t]o examine religious convictions any more deeply would stray into the realm of religious inquiry, an area into which we are forbidden to tread." *Moussazadeh v. Tex. Dep't of Criminal Justice*, 703 F.3d 781, 792 (5th Cir. 2012) (cleaned up). Regardless of whether they use the word "religion," followers of Falun Gong *are* sincerely practicing their faith.[1]

## II. Plaintiffs don't plead viable claims under TVPRA or NYLL.

### A. The ministerial exception bars Plaintiffs' claims.

#### 1. This court may consider the ministerial exception in a motion to dismiss.

"An affirmative defense may be raised by a pre-answer motion to dismiss under Rule 12(b)(6), without resort to summary judgment procedure, if the defense appears on the face of the complaint."

---

[1] Contrary to Plaintiffs' argument, *Zhang Jingrong v. Chinese Anti-Cult World All.*, 311 F.Supp.3d 514 (E.D.N.Y. 2018) was overruled on grounds other than those Defendants cited in their motion. *See* 16 F.4th 47 (2d Cir. 2021).

*Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74-75 (2d Cir. 1998). *See Rweyemamu v. Cote*, 520 F.3d 198 (2d Cir. 2008)(affirming the grant of a 12(b)(6) motion on ministerial exception grounds); *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 (3d Cir. 2006); *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 654 (10th Cir. 2002).[2]

### 2. The SAC establishes that the performers are "ministers."

The SAC describes Shen Yun as a spiritual community that practices Falun Gong daily (SAC¶95 and nn.16-17). It repeatedly characterizes Falun Gong and its core principles, "truth, compassion, and forbearance," as the heart of Shen Yun's community and mission to "save people." (SAC¶¶96,185,313). Those acknowledgments confirm that Shen Yun integrates religious practice with expressive performance designed to communicate a spiritual message of salvation: precisely the role courts routinely recognize as "ministerial," when employees "personify" a faith's message in outward-facing functions. *Hosanna-Tabor Evangelical Lutheran Church v. EEOC*, 565 U.S. 171, 188-89 (2012).

Plaintiffs argue that Performers are not "religious enough" for the ministerial exception to apply, Op.25-26. But assessing that claim would require the Court to determine what aspects a religious organization should consider important: something the judiciary may not do. Instead, the exception applies to "any employee who…serves as a messenger or teacher of its faith," *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 754 (2020)(cleaned up), even if they primarily perform secular functions, lack religious titles, and are not co-religionists, *id.* at 766 (Sotomayor, J., dissenting). Nor can courts withhold the ministerial exception from non-clerical participants, lest they "penalize religious groups for allowing laypersons to participate in their ministries" and "give preference to religious groups that have formal ordination processes." *Fratello v. Archdiocese of N.Y.*, 863 F.3d 190, 207 (2d Cir. 2017). Even a church organist, who "just played the notes on the sheet music," was

---

[2] The RFRA and Free Exercise Clause arguments are incorporated in the broader Ministerial Exception and TVPRA arguments and are not waived.

covered by the ministerial exception. Permitting discovery about fundamental questions of faith, doctrine, and the internal operations of religious organizations is exactly the "judicial entanglement in, and second-guessing of, religious matters that the Justices [sought to avoid by] the rule of *Hosanna-Tabor*."

> If the [church] believes that organ music is vital to its religious services, and that to advance its faith it needs the ability to select organists, who are we judges to disagree? Only by subjecting religious doctrine to discovery and, if necessary, jury trial, could the judiciary reject a church's characterization of its own theology and internal organization. Yet it is precisely to avoid such judicial entanglement in, and second-guessing of, religious matters that the Justices established the rule of *Hosanna-Tabor*."

*Sterlinski v. Catholic Bishop of Chicago*, 934 F.3d 568,570 (7th Cir. 2019).

Plaintiffs' use of *U.S. v. Thompson*, 896 F.3d 155, 166 (2d Cir. 2018), to claim that the ministerial exception never applies to TVPRA claims, Op.20, is wrong. Thompson, convicted of child sex trafficking, brought a facial overbreadth challenge to 18 U.S.C. §1591 (a TVPRA provision irrelevant here), contending that prohibiting child sex trafficking *might* harm the rights of a hypothetical religious organization. 896 F.3d at 163-66. In analyzing Thompson's ministerial exception argument, the Second Circuit "ha[d] little difficulty in concluding" that §1591 regulates "only outward physical acts" and doesn't interfere "with an internal church decision that affects the faith and mission of the church itself." *Id.* at 166. *Thompson* did not consider the TVPRA's labor provisions (the ones at issue here), which other courts *have* found subject to the exception because they implicate "the faith and mission of the church itself." *See, e.g., Headley v. Church of Scientology Int'l*, 2010 WL 3157064 (C.D. Cal. 2010), *aff'd on other grounds,* 687 F.3d 1173, 1181 (9th Cir. 2012)).[3] And courts, including the Ninth Circuit *en banc*, apply the ministerial exception to wage and hour laws. *See* Mot.11.

---

[3] Although Plaintiffs discount the *Headley* district court decision, the Ninth Circuit failed to reach the ministerial exception only because it held that the TVPRA had not been violated.

**B. Plaintiffs' alleged "coercion" is religious in character and doesn't fall within TVPRA's definition of "serious harm."**

Plaintiffs' efforts to distinguish the Ninth Circuit's decision in *Headley*, which is directly on point, fail. The Second Circuit, other Circuits, and this Court (including a case Plaintiffs cite) rely on *Headley's* definition of "serious harm." *See, e.g., United States v. Zhong*, 26 F.4th 536, 550 (2d Cir. 2022); *Muchira v. Al-Rawaf*, 850 F.3d 605, 624 (4th Cir. 2017); *Javier v. Beck*, 2014 WL 3058456 at *5 n.4 (S.D.N.Y. July 3, 2014). *Headley* isn't as limited as Plaintiffs suggest, Op.12; but even were it, it would at least require dismissing Plaintiffs who alleged that they voluntarily left Shen Yun. *See Headley*, 687 F.3d 1173, 1180; SAC¶¶224-27,464,503. Plaintiffs don't dispute that *Headley* accurately interprets TVPRA and establishes that a religious organization's enforcement of lifestyle restrictions (on outside communication, media, dating, marriage, pregnancy, travel) through shunning are not "serious harm," especially where plaintiffs joined the organization to further its mission, had (regulated) access to phones and internet, and visited family. 687 F.3d at 1180. Applying this standard here eviscerates Plaintiffs' forced labor claims.[4]

*Schneider v. OSG, LLC*, 2024 WL 1308690 (E.D.N.Y. Mar.27,2024), isn't to the contrary. It involved radically different allegations (orders to engage in sexual misconduct before being blackmailed) and did not raise issues of religious concern, as Plaintiffs do here. *Id.* at *7 ("The plaintiff did not allege that he thought the free labor would be spiritually beneficial"). But Plaintiffs joined Shen Yun to further its religious mission, and their fears are also religious in nature. SAC¶¶20,147-48,185,313,423,461.

An agreement to repay a conditional scholarship, such as one that requires completion of a program, isn't uncommon. *See generally, e.g., In re Brown*, 79 B.R. 789 (Bankr.N.D.Ill. 1987); *United States v. Dorio*, 483 F.Supp.3d 145 (D.Conn. 2020); *Heder v. City of Two Rivers*, 295 F.3d 777, 781-82 (7th Cir.

---

[4] *Headley's* procedural posture is irrelevant. Its standard would still result in Plaintiffs' claims failing even if proved at the merits stage.

2002). *Paguirigan v. Prompt Nursing Emp. Agency LLC*, 286 F.Supp.3d 430, 435 (E.D.N.Y. 2017), involved an unenforceable contract termination penalty, not a recoupment of actual costs.

Nor do Plaintiffs dispute that their parents chose (and had authority) to enroll them in Fei Tian Academy, a religious boarding dance school. As an "obvious alternative explanation" for Plaintiffs' allegations that Defendants "target" non-consenting children, this renders Plaintiffs' claims implausible. *See Taylor v. Salvation Army National Corp.*, 110 F.4th 1017, 1031-33 (7th Cir. 2024)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 567 (2007)).

### C. New York Labor Law claims are not viable.

New York Labor Law (NYLL) doesn't apply here, *inter alia,* because students working "in or for…a religious, educational, or charitable institution" are exempt from its coverage. *See* NYLL §651(5)(h), Mot.21. Academy and College students are therefore not "employees." Plaintiffs fail to address this argument. And Shen Yun performers are "member[s] of a religious order," not "employees" under NYLL §651(5)(f). *See* Mot.22.

#### 1. NYLL claims are time-barred

The original Complaint herein was filed on November 25, 2024. The limitation period is six years, so claims arising before November 24, 2018, are not actionable. Wang left Shen Yun in 2017 and obviously has no actionable NYLL case. Chang claims to have pleaded facts giving rise to NYLL violations occurring within that period, citing SAC¶¶8-9,223,226-28,230. But in fact, *none* of those paragraphs mention *a single event* alleged to have occurred between November 2018 and her departure "in 2020." SAC¶367. Xie also left in 2020, and Zhu "after 2020," SAC¶¶432,464,470, but the SAC doesn't allege any violation of the NYLL affecting either of them after November 2018.

For Wang, Xie, and Zhu, the bar date is six years before they joined the case: April 30, 2019. Rule 15(c)'s "relation back" provisions don't mean that new Plaintiffs may assert claims dating back to the

original Complaint. *United States ex rel. Raffington v. Bon Secours Health Sys., Inc.*, 567 F.Supp.3d 429, 444 (S.D.N.Y. 2021), upon which Plaintiffs rely, discusses amendments adding new *facts*, not new *parties*.

Nor can Plaintiffs circumvent the limitations issue because this is a class action. No class has been certified, Rule 23(c)(1), and class representatives must themselves have actionable claims. Rule 23(a); *Virtue v. Int'l Bhd. of Teamsters Ret. & Fam. Prot. Plan*, 292 F.R.D. 8, 14 (D.D.C. 2013), *aff'd*, 584 F.App'x 3 (D.C. Cir. 2014)(collecting cases).

### 2. NYLL doesn't apply outside New York.

NYLL is not extraterritorial. *O'Neill v. Mermaid Touring Inc.*, 968 F.Supp.2d 572, 578-79 (S.D.N.Y. 2013). Plaintiffs allege that they were regularly on tour as part of Shen Yun's "worldwide" presence. Logically, very little of that touring can have been in New York. Plaintiffs don't rebut the legal issue; they argue that discovery is needed to determine "where and when Performers performed." Op.17. But Plaintiffs surely don't need discovery to know where they themselves performed.

## III. Plaintiffs haven't adequately addressed the Rule 8 deficiencies.

### A. Claims about Plaintiffs are insufficient.

The SAC's nearly 600 paragraphs and 115 pages make few allegations that specific Plaintiffs suffered specific injuries at the hands of specific Defendants at a specific, actionable time. Instead, the Court is treated to general allegations such as, "Dancers were frequently subject to verbal abuse regarding their weight and appearance," SAC¶200, or, "Dancers are encouraged to inform on one another and report whether others are eating snacks." SAC¶201. These don't conform to Rule 8.

Even allegations purportedly about individual, named Plaintiffs are vague, undated, and impossible for Defendants to affirm or deny, as Rule 8(b)(1)(B) requires. Examples abound. *See, e.g.*, SAC¶340,414,447. Plaintiffs say that the SAC "gives fair notice of their claims." Op., 19-20. But it isn't enough simply to invoke the words trafficking, forced labor, or gross mistreatment. Rule 8 demands "a short and plain statement of the claim showing that the pleader is entitled to relief." That includes

7

neither a lengthy screed denouncing Hongzhi Li, the founder of the Falun Gong religion, nor vague, unanswerable accusations.

### B. Claims about Defendants are insufficient.

#### 1. Lumping Defendants together is unacceptable.

Just as the SAC makes vague and unanswerable statements about Plaintiffs, it also impermissibly alleges that "Defendants," or "Shen Yun Defendants" were responsible for actions that by their nature cannot have been committed by all of them. Hundreds of examples exist, ranging from the very general (SAC¶16) to the more specific (SAC¶129) and even to claims about what was allegedly said or done to individual Plaintiffs (SAC¶175). Which Defendants are alleged to have done these things?

"Chang could not access her pay unless the Shen Yun Defendants accompanied her to a bank or ATM." SAC¶327. Did Shen Yun, Dragon Springs Buddhist, the Academy and College, Mr. and Mrs. Li, and Professor Gong, *all* have to visit the bank with Plaintiff? "The Shen Yun Defendants instructed [Wang] to stay at Dragon Springs," SAC¶385. Someone, apparently, spoke certain words to her, but who? And when? "[T]he Shen Yun Defendants were 'employers,'" SAC¶592. Can all seven Shen Yun Defendants have been the employer of a single individual?

The word "Defendants," in the plural, appears 400 times in the SAC. Plaintiffs suggest that *Atuahene v. City of Hartford*, 10 F.App'x 33, 34 (2d Cir. 2001), is distinguishable because the plaintiff was *pro se*. But *Atuabene* has been cited often in this Court and others as correctly stating the rule that a complaint should provide "specification of any particular activities by any particular defendant." *In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir. 2007). The SAC fails that standard.

#### 2. Conclusory claims regarding "alter egos" don't solve the problem.

Plaintiffs bear a "heavy burden" to pierce the corporate veil. *White v. Nat'l Home Protection, Inc.*, 2010 WL 1706195, at *3 (S.D.N.Y. Apr. 21, 2020)(quoting *TNS Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339 (1998)). The suggestion that an alter ego argument cannot be resolved on a motion

8

to dismiss, Op. 19, is wrong: "[C]ourts routinely dismiss alter ego claims pursuant to [Rule]12(b)(6)." *Key Items, Inc. v. Ultima Diamonds, Inc.*, 2010 WL 3291582, at *10 (S.D.N.Y. Aug. 17, 2010).

The alter ego allegations here are also substantively inadequate. Plaintiffs repeatedly assert that Hongzhi Li has "absolute authority" over the entity Defendants and that Rui Li "shares" this authority. SAC¶¶67,69-70,147. This resembles *Reynolds v. Lifewatch, Inc.*, 136 F.Supp.3d 503, 525 (S.D.N.Y. 2015), in which allegations that individuals "controlled the day-to-day operations" of an entity could not withstand a motion to dismiss. Indeed, Plaintiffs' sole case confirms this. *See In re Currency Conversion Fee Antitrust Litig.*, 265 F.Supp.2d 385, 426 (S.D.N.Y. 2003)(granting motion to dismiss where complaint merely alleged entities' dominion and control of others). And allegations that one Shen Yun Defendant was the alter ego of another, without any factual support, Op.19(citing SAC¶¶82,84), are likewise insufficient. *See Strojmaterialintorg v. Russian Am. Commercial Corp.*, 815 F.Supp. 103, 104-05 (E.D.N.Y. 1993).

**3. The conspiracy claims fail because the 2023 TVPRA amendment isn't retroactive.**

TVPRA was amended in 2023 to authorize claims for "conspiracy," including conspiracy to benefit or attempting to benefit from a trafficking venture. The amendment was not retroactive, because Congress did not say that it was.

There is a strong presumption against retroactivity, reflected in the constitutional provision prohibiting enactment of *ex post facto* laws. U.S. Const., Art. I, §§9, 10. Because applying a law before it comes into effect would "increase a party's liability for past conduct," *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994), "[t]here is a well-established presumption against the retroactive application of legislation, including amendments creating a private cause of action." *Velez v. Sanchez*, 693 F.3d 308, 324–25 (2d Cir. 2012). Plaintiffs ignore these cases, but that presumption isn't overcome here. And Plaintiffs proffer no case holding a defendant liable under the TVPRA for "conspiracy to benefit" or "attempting to benefit" *before* the law was altered.

9

### 4. There is no non-conclusory allegation of agreement.

The SAC doesn't adequately allege an agreement among Defendants to obtain forced labor. Plaintiffs contend that Mr. and Mrs. Li are the sole decision-makers for all Shen Yun Defendants. Op.19; SAC¶83. However, if that were the case, the other Defendants could not be co-conspirators in any purported scheme, as many judicial decisions make clear. *See, e.g., Bill's Birds Inc. v. Trademarketing Resources Inc.*, 920 F.Supp.2d 357 (E.D.N.Y. 2013); *Gucci v. Gucci Shops, Inc.*, 651 F.Supp. 194 (S.D.N.Y. 1986). *See also Copperweld Corp. v. Indep. Tube Corp.,* 467 U.S. 752, 777 (1984).

Plaintiffs' only authority, *Magtoles v United Staffing Registry, Inc.*, No. 21-cv-1850, 2021 WL 6197063 (E.D.N.Y. Dec. 30, 2021), is an outlier at odds with all other relevant authority. The remaining allegations at best demonstrate parallel conduct, which doesn't show agreement, much less conspiracy.

### C. Plaintiffs don't plead plausible claims for document seizure.

A plausible TVPRA document seizure claim requires refusal by Defendants to return Plaintiffs' passports upon request, 850 F.3d at 623-24. Plaintiffs never allege this. Mot.17-19.

### D. There is no claim that Plaintiffs remained with Shen Yun because of coercion.

Plaintiffs have not set forth sufficient allegations demonstrating that purported threats of serious harm caused one or more of them to continue to participate in "forced labor" as Shen Yun performers. *See* 18U.S.C.§1589. Allegations that impermissibly bundle Defendants and/or fail to meet other Rule 8 requirements clearly fall short.

## IV. Claims against Gong must be dismissed.

To argue that Gong "participated in" or "benefited from" a trafficking scheme, Plaintiffs rely on a case concerning Jeffrey Epstein's horrific sex-trafficking ring, *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F.Supp.3d 387 (S.D.N.Y. 2023). Op.34. There is no parallel. Moreover, liability there turned not just on participation but the fact that "the defendant must have known (or recklessly disregarded) that force, fraud, or coercion would be used in the sex-trafficking venture, [and] must have benefited from

10

its participation in the venture." *Id.* at 405. But to support Gong's involvement in human trafficking, Plaintiffs say only that he allegedly made certain statements about Chang in Taiwan, and a non-profit with which he is involved received revenue in 2021-22 from "Falun Gong related activities." SAC¶44. This has nothing to do with TVPRA, much less Gong "participation" in violations.

**V. Plaintiffs have no viable basis to claim prospective or injunctive relief.**

Although no Plaintiff is a current student or Shen Yun Performer, Mot.25, Plaintiffs conjure scenarios in which they might be subject to "retaliation *as a means of obtaining Performers' labor and services*." Op.35 (emphasis added). But they don't allege any Shen Yun Defendant has attempted to "obtain" their services since they left. "[A] plaintiff seeking injunctive or declaratory relief *cannot* rely on past injury to satisfy the injury requirement but must show *a likelihood* that he or she will be injured in the future." *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)(emphasis added). Plaintiffs ignore this controlling authority.

*Collins v. Suffolk Cnty. Police Dep't*, 349 F.Supp.2d 559, 563 (E.D.N.Y. 2004), doesn't help. There, the causes of action were discrimination and retaliation, and (plausible) repetitions of those adjudicated wrongs were enjoined. Here, the Complaint's gravamen is trafficking, not retaliation. And the notion that Plaintiffs might be trafficked again doesn't pass the straight-face test.

## CONCLUSION

The Second Amended Complaint should be dismissed.

Respectfully submitted,

*/s/ Steven M. Schneebaum*
Steven M. Schneebaum*
Steven M. Schneebaum PC
1750 K Street NW #1210
Washington, DC 20006
sms@smslawdc.com
Telephone: (202) 742-5900

11

|  |  |
|---|---|
|  | Justin E. Butterfield* <br> Lea E. Patterson* <br> Butterfield & Patterson, PLLC <br> P.O. Box 941681 <br> Plano, Texas 75094 <br> justin@butterfieldpatterson.com <br> lea@butterfieldpatterson.com <br> Telephone: (945) 284-0700 <br><br> Terri Marsh* <br> Executive Director <br> Human Rights Law Foundation <br> 1333 New Hampshire Ave. NW. <br> Suite 204 <br> Washington, DC 20036 <br> terri.marsh.hrlf@gmail.com <br> Telephone: (202) 774-0893 <br><br> *Counsel for Shen Yun Performing Arts, Inc., Fei Tian College, Fei Tian Academy of the Arts, Dragon Springs Buddhist Inc., Shujia Gong, Hongzhi Li, and Rui Li.* <br><br> *Admitted pro hac vice.* |
| Dated: September 15, 2025 |  |

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing memorandum of law complies with the length requirements of Southern District of New York Local Civil Rule 7.1(c), because, excluding the sections omitted under Rule 7.1(c), it contains 3,500 words.

<u>/s/ Steven M. Schneebaum</u><br>
Steven M. Schneebaum

Dated: September 15, 2025