

202.742.5900 o.  |  202.449.3835 f.  |  202.744.3838 c.
www.smslawdc.com  |  sms@smslawdc.com
1750 K Street NW #1210, Washington DC  20006

<u>Via ECF</u>

The Honorable Philip M. Halpern
United States District Judge
United States District Court for the
 Southern District of New York
300 Quarropas Street
White Plains, NY. 10601

Re: *Chun-Ko Chang v. Shen Yun Performing Arts, Inc.*, Case No. 24-cv-8980-PMH

October 7, 2025

Dear Judge Halpern,

I write on behalf of all Defendants except the International Bank of Chicago ("the SY Defendants") in the above-captioned case, in response to Plaintiffs' Letter-Motion ("Pl.L-M") to strike ECF No. 100-8 (an Appendix to the Shen Yun Defendants' Reply Brief) from the record or, in the alternative, for leave to file a sur-reply. ECF No. 104.

"The party moving to strike bears a heavy burden, as court[s] generally disfavor motions to strike." *Siani v. State Univ. of N.Y. at Farmingdale*, 7 F.Supp.3d 304, 334 (E.D.N.Y. 2014) (quoting *Pharmacy, Inc. v. Amer. Pharm. Partners, Inc.*, 2007 WL 2728898, at *1 (E.D.N.Y. Sept. 14, 2007). Because Plaintiffs come nowhere close to meeting this burden, the SY Defendants respectfully submit that the Letter-Motion should be denied.

### Background

On July 30, 2025, Defendants moved to dismiss Plaintiffs' Second Amended Complaint ("SAC"), ECF No. 91, arguing, in part, that Plaintiffs are ministers of the Falun Gong religion and therefore Plaintiffs' claims are barred by the ministerial exception. ECF No. 100-1 at 2, 12. Plaintiffs have denied that Falun Gong is a religion, both in the SAC, ¶¶3, 93-94, 103, and in their Opposition to the Motion to Dismiss ("MtD Opp."). ECF No. 100-6, at 23–24. The Shen Yun Defendants attached an Appendix to their Reply, listing and quoting from court cases and executive branch materials that characterize or describe Falun Gong as a religion. ECF No. 100-7 at 1; ECF No. 100-8.

In their Letter-Motion, Plaintiffs appear now to be disavowing their earlier position. They now tell the Court that "the key question here is not whether Falun Gong is a religion, but whether the Shen Yun commercial dance company is a religious organization." Pl.L-M at 1.[1]

---

[1] Obviously, if Falun Gong is not a religion, then Shen Yun cannot be, as the SY Defendants refer to it, "a music and dance **ministry** of Falun Gong." Motion to Dismiss, at 1, 12 (emphasis added). So whether Falun Gong is or is not a religion **is** "key" to Plaintiffs' contentions (unless they are prepared to abandon them) and to the corresponding defenses.


Moreover, Plaintiffs repeatedly mischaracterize the contents of the contested Appendix as "evidence" (they repeat this word at least 12 times in the Letter-Motion). But the Appendix does not proffer "evidence": it lists judicial and executive branch descriptions of Falun Gong as a religion. Plaintiffs' cited cases, such as *Revise Clothings, Inc. v. Joe's Jeans Subsidiary, Inc.*, 687 F.Supp.2d 381, 387 (S.D.N.Y. Feb. 1, 2010), in which a party attached a new witness affidavit to its reply, are inapposite here.

### The SY Defendants' Appendix Did Not Circumvent the Court's Page Limits

Exhibits, attachments, and appendices are separate from a brief and do not generally count in part of a word or page limit, *see, e.g.*, *Fields v. Feldmann Eng'g & Mfg. Co.*, 1994 U.S. Dist. LEXIS 11396, at *6768 (N.D. Ill. Aug. 12, 1994), so long as the attachments do not incorporate additional argument. *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 71 (E.D.N.Y. 2004). "A court may allow the use of non-argumentative summary exhibits containing relevant citations where they do not engage in argument or one-sided analysis." *Nienaber v. Overlake Hosp. Med. Ctr.*, 2025 WL 692097, at *3 (W.D. Wash. Mar. 4, 2025).

The SY Defendants' Appendix is a non-argumentative list of authorities intended to aid the Court. *See* ECF No. 100-8. It lists judicial decisions and other material categorized by source, and provides pin-cites to and several direct quotations from the sources. *Id.* Courts recognize that such reference material can be helpful and should not be stricken. *See, e.g.*, *Persad v. Ford Motor Co.*, 2019 WL 3936368, at *1-2 (E.D. Mich. Aug. 20, 2019) (denying a motion to strike exhibits that summarized federal and state caselaw without "argumentative headings, advocacy, or interpretive analysis intended to persuade," and adding that "[c]ounsel for both parties know the difference between a table of cases divided by topic and an extended legal argument.").

### The Appendix Cites Legal Authorities or Other Materials Properly Before the Court

The first category of materials cited in the Appendix are decisions of U.S. federal courts. *See* ECF 100-8 at 1-2. "It is well established that . . . courts may consider the legal reasoning and conclusions of other federal courts without resort to" judicial notice. *Owino v. CoreCivic, Inc.*, 2018 WL 2193644, at *2 (S.D. Cal. May 14, 2018); *cf. Persad*, 2019 WL 3936368, at *2 (explaining that litigants "routinely append entire opinions that are obviously not quoted in full in the text of their briefs[] without inviting a motion to strike"). Plaintiffs cite no authority for the proposition that federal judicial decisions cannot be considered on a motion to dismiss.

The other materials cited in the appendix are government reports, and the Court may take notice of statements by government agencies or bodies characterizing Falun Gong as a religion. Such documents come within the Second Circuit's determination that on a motion to dismiss, the Court may consider matters of public record subject to judicial notice. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002). Courts regularly and properly take judicial notice of official government reports or publications. *See, e.g.*, *B.T. Produce Co., Inc.. Robert A. Johnson Sales, Inc.*, 354 F.Supp.2d 284, 285 n.2 (S.D.N.Y. 2004).



Hon. Philip M. Halpern, United States District Judge
October 7, 2025
Page | 3

### A Sur-Reply Is Unwarranted

Sur-replies may be justified only in limited circumstances, such as where a reply brief raises new arguments "that could not have been addressed by [the party] in its initial opposition brief." *N.Y. Islanders Hockey Club, LLP v. Comerica Bank-Texas*, 115 F.Supp.2d 348, 350 (E.D.N.Y. 2000); *see also Rosa v. City Univ. of N.Y.*, 2007 WL 1001416, at *1 n.5 (S.D.N.Y. Apr. 2, 2007) (declining to consider sur-replies because they "add[ed] nothing to the analysis" and simply "repeat[ed] the arguments" already made in opposition). But here, it was Plaintiffs, and not Defendants, who decided to insist that whether Falun Gong is a religion was a question in controversy.

A sur-reply should be denied here, for three reasons. First, Plaintiffs not only could have, but in fact **did**, present their claim that Falun Gong is not a religion. In their Motion to Dismiss, ECF No. 100-1 at 2, the SY Defendants cited two federal cases in support: *Zhang Jingrong v. Chinese Anti-Cult World All., Inc.*, 311 F.Supp.3d 514 (E.D.N.Y. 2018), and *Zhao v. Gonzales*, 404 F.3d 295, 308 (5th Cir. 2005)). At pp. 23-24 of their MtD Opp, Plaintiffs attempted to distinguish *Zhang* (they did not mention *Zhao*), citing caselaw of their own (specifically, three asylum cases[2]), purporting to conclude that Falun Gong is not entitled to be treated as a religion under U.S. law. The authorities listed in the Appendix present the Court with numerous decisions stating the opposite. Many of these are asylum or other immigration cases, in which individuals claimed that they had a reasonable fear of persecution in China because they were adherents of the Falun Gong religion.

Second, Plaintiffs' Letter-Motion already presents to the Court their argument that the judicial decisions and other materials listed in the Appendix are distinguishable: there is no reason to grant them the opportunity to make that argument again in a new filing. And finally, if, as Plaintiffs now assert, "the key question here is not whether Falun Gong is a religion," then there seems little reason to continue to belabor this issue, raised and relied upon by Plaintiffs, but now apparently being relegated to the periphery of their position.

For all of the foregoing reasons, Plaintiffs' Letter-Motion should be denied.

Respectfully submitted,

Steven M. Schneebaum
Counsel to the Shen Yun Defendants

---

[2] In one of these cases, *Susu Wei v. Holder*, 314 F.App'x 404, 405 (2d Cir. 2009), the Court did acknowledge that "practitioners vehemently deny" the religious nature of Falun Gong, but nevertheless held that the asylum applicant in question could have been entitled to claim persecution based on religion. Her claim was ultimately rejected on credibility grounds. This case does not in any way undermine Defendants' position.