

FELICIA ENNIS
PARTNER

DIRECT DIAL: 212-984-7753
EMAIL: FEnnis@wbny.com

WARSHAW BURSTEIN, LLP
575 Lexington Avenue
New York, NY 10022
(212) 984-7700
www.wbny.com

March 9, 2026

**VIA ECF**
The Honorable Philip M. Halpern
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:    *Chun-Ko Chang, et al. v. Shen Yun Performing Arts, Inc., et al.*, **Case No. 24-cv-8980**

Dear Judge Halpern:

We represent Defendant International Bank of Chicago ("IBC"), in the above-captioned matter. We write in response to Plaintiffs' letter dated March 6, 2026 [Dkt. No. 107] (the "March 6th Letter"), which seeks, without permission from this Court, to supplement their opposition to Defendants' respective motions to dismiss Plaintiffs' Second Amended Complaint ("SAC") [Dkt. Nos. 100 and 101]. Plaintiffs' request to file a sur-reply was previously denied by this Court [Dkt. No. 106], and Plaintiffs' March 6th Letter should be similarly rejected. In the event the Court considers the substance of Plaintiffs' March 6th Letter, it should also be rejected for the reasons set forth below.

Plaintiffs suggest that this Court should apply the standard articulated in a recent district court decision — *Doe v. Bank of America, N.A.*, -- F. Supp. 3d --, No. 25-CV-8520 (JSR), 2026 WL 380385, at *17 (S.D.N.Y. Feb. 11, 2026) — to determine, on a motion to dismiss, whether Plaintiffs have adequately pled sufficient facts demonstrating that IBC knew or should have known about the Shen Yun Defendants' alleged forced labor venture to maintain a participation claim under 18 U.S.C. § 1595(a). Plaintiffs contend that the "knowledge" standard under *Doe v. Bank of America* is one of

{1792681.1 }

**Warshaw Burstein, LLP**

March 9, 2026
Page 2 of 4

"mere negligence," rather than "recklessness." *See* March 6th Letter at 1. However, even if the knowledge standard articulated in *Doe v. Bank of Am.* was controlling, the case lends further support that as a threshold element, Plaintiffs must first adequately allege that IBC actively participated in the venture. *Doe v. Bank of Am.,* 2026 WL 380385 at *8 (holding that "[p]articipation, for purposes of a claim under Section 1595 (a), requires allegations of 'specific conduct that furthered the sex trafficking venture,' that is, allegations of conduct that amounts to 'more than just passive facilitation and, instead, reaches 'some level of active engagement,"' quoting *Doe 1 v. Deutsche Bank Aktiengesellschaft*, 671 F. Supp. 3d 387, 405 (S.D.N.Y. 2023). As IBC previously stated, Plaintiffs' SAC fails to provide such factual support. *See* Dkt. No. 101-1 at 6, 8-10 (ECF pagination). Even if factual support of such active participation existed (which it does not), Plaintiffs have still failed to adequately allege how IBC recklessly or negligently disregarded information that the Shen Yun Defendants were engaged in a forced labor venture. *Id.*, 101-1 at 8-10. *See also*, Dkt. No. 101-2 at 7-9. Plaintiffs also contend that under the "benefit" element of participation liability, they are not required to plead a causal nexus between IBC's participation in the forced labor venture and any benefit received by IBC as a result. See March 6th Letter at 1. Instead, Plaintiffs insist that IBC can be held liable "when the benefit was received in exchange for 'participation in generally assisting a venture that it knew, or should have known,' was involved in trafficking. *Id*., quoting *Doe v. Bank of Am*., 2026 WL 380385 at *11. However, citing *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019), the court in *Doe v. Bank of Am*. acknowledged the existence of contrary district court caselaw on this point. *Id*. Even if this Court adopted this standard, Plaintiffs have failed to allege sufficient facts demonstrating that like the defendants in *Doe v. Bank of Am*., IBC did banking business with a venture engaged in forced labor and knowingly benefited from such business. See Dkt. Nos. 101-1 at 11; 101-2 at 6-. Accordingly, Plaintiffs' reliance on *Doe v. Bank of Am*. is misplaced.

**Warshaw Burstein, LLP**

March 9, 2026
Page 3 of 4

Next, Plaintiffs cite to *A.A. et al., Plaintiffs, v. Omnicom Group, Inc. et al.*, Defendants, 2026 WL 504904 (S.D.N.Y. Feb. 24, 2026), for the proposition that IBC incorrectly relied on rejected "outlier cases" like *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156 (S.D.N.Y. 2019) for the elements of a participation claim. *See* March 6th Letter at 2. However, regarding the participation element, neither *Omnicom* nor other cases relied on by Plaintiffs in their opposition to IBC's motion to dismiss provides contrary authority that "participation" in a venture requires more active engagement than an ordinary commercial transaction, which Plaintiffs have failed to adequately allege. *Omnicom*, 2026 WL 504904, at *10; *see also*, Dkt. No. 101-2 at 7-8. Regarding the benefit element, Plaintiffs argue that based on *Omnicom*, they need not allege a causal link between the benefit received by IBC and its participation in the forced labor venture. March 6th Letter at 2. However, as previously stated, other district courts have held to the contrary. Dkt. No. 101-2 at 10. Additionally, *Omnicom* does not relieve Plaintiffs of their burden to plausibly plead sufficient, non-conclusory facts that IBC knowingly benefited from its participation in the venture, which it has failed to do. Regarding the knowledge element, Plaintiffs argue that it is sufficient to allege that IBC had general, constructive knowledge that the Shen Yun Defendants engaged in forced labor rather than specific knowledge of Plaintiffs' forced labor. March 6th Letter at 2. However, as previously stated, Plaintiffs' vague and conclusory allegations regarding IBC's alleged knowledge of forced labor and trafficking is insufficient to satisfy Plaintiffs' pleading requirements. *See* Dkt. No. 101-1 at 11-13.

In summary, none of the cases cited by Plaintiffs in their March 6th Letter in connection with IBC provide any basis to deny IBC's motion to dismiss.

Warshaw Burstein, LLP

March 9, 2026
Page 4 of 4

WARSHAW BURSTEIN LLP

By: /s/ Felicia S. Ennis
Felicia S. Ennis
575 Lexington Avenue, 7th Floor
New York, New York 10022
Tel.: (212) 984-7700
fennis@wbny.com

cc: All Counsel of Record by Court ECF