

STEVEN M SCHNEEBAUM PC

202.742.5900 o.  |  202.449.3835 f.  |  202.744.3838 c.
www.smslawdc.com  |  sms@smslawdc.com
1750 K Street NW #1210, Washington DC  20006

The Honorable Philip M. Halpern
United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, NY 10601

March 12, 2026

Re: *Chun-Ko Chang*, et al. *v. Shen Yun Performing Arts, Inc.,* et al. (Case No. 24-cv-8980)

Dear Judge Halpern:

We represent Defendants Shen Yun Performing Arts, Inc., Dragon Springs Buddhist, Inc., Fei Tian Academy of the Arts, Fei Tian College, Li Hongzhi, and Li Rui, ("the Shen Yun Defendants") in the above-captioned matter. We write in response to Plaintiffs' letter dated March 6, 2026 [Dkt. No. 107] presenting what they characterize as supplemental authorities of relevance to the Court's deliberations on the pending motions to dismiss [Dkt. Nos. 100 and 101].

First, we respectfully submit that Judge Furman's decision in *A.A.* et al. *v. Omnicom Grp., Inc.,* et al., No. 25-CV-3389 (JMF), 2026 WL 504904 (S.D.N.Y. Feb. 24, 2026), has no bearing on the arguments the Shen Yun Defendants' motion presented under the First Amendment's Religion Clauses. The defendants in that case relied on the First Amendment's Free Speech Clause. *Id.* at *20. Judge Furman grounded his decision to reject that defense in the distinction between protected **speech** and unprotected **conduct**, a distinction not relevant in Religion Clause jurisprudence.

Derived from the Free Exercise and Establishment Clauses of the First Amendment, the Church Autonomy Doctrine (and its constituent the Ministerial Exception) on which our motion relies in part is a structural limitation on courts' authority to adjudicate matters relating to internal church governance and the employment of ministers. *See McRaney v. N. Am. Mission Bd. of the S. Baptist Convention, Inc.*, 155 F.4th 415, 421-34 (5th Cir. 2025) (detailing the history and operation of the Church Autonomy Doctrine and Ministerial Exception). Moreover, as a general matter, the Free Exercise Clause protects all manner of religiously-motivated conduct, including speech, and regardless of whether the burden imposed on such conduct is civil or criminal. *See, e.g., Church of the Lukumi Babalu Aye v. City of Hialeah*, 508 U.S. 520 (1993). The "speech" vs. "conduct" distinction at issue in *A.A. v. Omnicom* is simply not pertinent to the arguments raised in this case.

Second, Plaintiffs' Notice of Supplemental Authority cites *Ratha v. Rubicon Resources, LLC*, 2026 WL 480006 (9th Cir. Feb. 20, 2026) (en banc), for the proposition that the January 5, 2023, amendment to 18 U.S.C. § 1595(a) applies retroactively. *Ratha* is unpersuasive and departs from Second Circuit precedent.

Section 102 of the Abolish Trafficking Reauthorization Act of 2022 ("ATRA") amended § 1595(a) to provide for civil liability of those who attempt or conspire to benefit from forced labor ventures. Under Second Circuit precedent, the question of whether the amendment applies retroactively depends on whether its text or legislative history clearly indicate that Congress intended that result. *Velez v. Sanchez*, 693 F.3d 308, 324–25 (2d Cir. 2012). If there is no such indication, a statute cannot be read as having retroactive application, as otherwise it would impermissibly "increase a party's liability for past conduct." *Id.* (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 280 (1994)).

Here, nothing in the text or legislative history of ATRA suggests that Congress intended that it apply retroactively. The *Ratha* Court nonetheless purported to find congressional intent by combining what it considered to be four contextual factors: the amendment's "technical and clarifying" title, the perceived ambiguity in the text of pre-amendment § 1595(a), a circuit split over the interpretation of § 1595(a), and the timing of the amendment. *See* 2026 WL 480006, at *6.

Whatever force those considerations may have in the Ninth Circuit, they are inconsistent with Second Circuit authority such as *Velez*, 693 F.3d at 324-25, and would have the consequences that the Supreme Court warned against in *Landgraf* (that is, it "would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." 511 U.S. 244, 280. And *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 307-08, 312-13 (1994), confirms that a corrective or restorative amendment does not apply to pre-enactment conduct unless that intent is clearly expressed. That is not the case with respect to ATRA.

Because nothing in the text or legislative history demonstrates Congressional intent to apply ATRA retroactively, the Shen Yun Defendants respectfully submit that their arguments for dismissal of Counts IV and V of the Complaint, in which the purported causes of action assert liability for a pre-enactment attempt or conspiracy-to-benefit from alleged trafficking, are unimpaired by the Ninth Circuit's decision in *Ratha*.

Yours sincerely,

Steven M. Schneebaum*/
Justin E. Butterfield
Lea E. Patterson
Terri Marsh

*/ Lead Counsel for the Shen Yun Defendants

Cc: All counsel of record (via ECF)