

**MICHAELA L. WALLIN** / *SHAREHOLDER*
d 215.875.5819   mwallin@bergermontague.com

June 5, 2026

Hon. Philip M. Halpern
United States District Court
Southern District of New York
300 Quarropas St.
White Plains, NY 10601

Re:   *Chun-Ko Chang et al. v. Shen Yun Performing Arts, Inc. et al.*, No. 24-cv-8980 (S.D.N.Y.)

Dear Judge Halpern:

As the Court is aware, there is a parallel action pending before Judge Clarke, filed by two former Shen Yun performers who opted out of the putative class action pending before Your Honor. *See* Dkt. 75. In that parallel action, the same defendants represented by the same counsel made the same arguments in a motion to dismiss materially identical to the one they filed in this Court. (The *Sun* plaintiffs do not allege claims against the International Bank of Chicago or Tianliang Zhang.) Judge Clarke rejected all of the defendants' arguments and denied the motion to dismiss. *See Sun v. Shen Yun Performing Arts, Inc.*, No. 25-CV-3185 (JGLC), 2026 WL 1382896, at *1 (S.D.N.Y. May 18, 2026). The Plaintiffs write to advise the Court of the *Sun* opinion.

### I.    The Court Found Plaintiffs Adequately Pleaded Trafficking Claims

The court found that the *Sun* plaintiffs adequately pleaded a claim under the Trafficking Victims Protection Reauthorization Act (TVPRA). The court held that allegations essentially identical to those here — physical abuse, isolation, control, public shaming, and psychological coercion — would amount to serious "serious harm" under the statute, rejecting the Defendants' characterization of such conditions as ordinary boarding school experiences.



The court explained that the TVPRA's standard considers whether a reasonable person of the same background and circumstances would have continued to labor to avoid the threatened harm, and it noted that "known objective conditions that make the victim especially vulnerable to pressure, such as youth or immigrant status" bear directly on that inquiry. *Id.* at *14. (internal citations and quotations omitted.) Applying this standard, the court found that the *Sun* plaintiffs' allegations of "physical harm, public shaming, surveillance, and debilitating control . . . reflect 'serious harm' and 'threats of serious harm' as contemplated by the TVPRA." *Id.* (quoting 18 U.S.C. § 1589(a)(2)). The court observed that this conclusion was supported by the "surrounding circumstances," as the *Sun* plaintiffs "were young immigrants . . . [f]ar removed from their families and everyone they had ever known . . . [who] look[ed] to Defendants for moral and spiritual guidance." *Id.* at *15-16.

The court rejected the Defendants' characterizations of these conditions as "the experiences of everyday 'boarding-school students' or 'elite dance academy' participants." *Id.* And it similarly observed that "these allegations reflect far more than just '*religious* harm'" as they "were not mere fears of a tortured afterlife; they were serious harms that [the *Sun* p]laintiffs allegedly suffered in this life." *Id.* Finally, the court found that *Headley v. Church of Scientology Int'l*, 687 F.3d 1173 (9th Cir. 2012)—the same out-of-circuit authority upon which Defendants principally rely here—was "eminently distinguishable" for several reasons, including because of the *Sun* plaintiffs' particularly vulnerable circumstances as "young, impressionable immigrants, whose connection to and contact with the outside world Defendants made sure to strictly limit." *Id.* at *16.

The court also held that the *Sun* plaintiffs plausibly alleged claims for seizing documents, beneficiary liability, attempt, and conspiracy under the TVPRA. 18 U.S.C. §§ 1589(b), 1592(a),



1594, and 1595(a). *Id.* at *17-19. The court found that the *Sun* plaintiffs adequately stated a claim under the plain text of these provisions. *Id.* The court also held that attempt and conspiracy claims can be applied retroactively. *Id.* at *18-19.

## II.    The Court Found the Ministerial Exception Does Not Apply

The court also rejected Shen Yun's "ministerial exception" affirmative defense, concluding that it did not apply to the trafficking and forced labor claims against Shen Yun. *Id.* at *11-12.

The court explained that "[t]he ministerial exception 'does not mean that religious institutions enjoy a general immunity from secular laws.'" *Id.* at *12 (quoting *Our Lady of Guadalupe Sch. v. Morrissey-Berru*, 591 U.S. 732, 742, 746 (2020)). "It is an exception, after all," and a "limited" one at that. *Id.* at *12-13. The ministerial exception is "based on [the] insight" that religious institutions should have "'autonomy [in] the selection of the individuals who play certain key roles' within those institutions." *Id.* (quoting *Our Lady of Guadalupe*, 591 U.S. at 746). at *12. This protects the "interest of religious groups in choosing who will preach their beliefs, teach their faith, and carry out their mission." *Id.* at *13 (quoting *Hosanna-Tabor Evangelical Lutheran Church and School v. EEOC*, 565 U.S. 171, 196 (2012)).

Applying these principles, the court correctly held that this defense "does not apply" to "allegations of abuse, forced labor, and human trafficking" against Shen Yun. *Id.* The court noted Shen Yun's lack of "any controlling authority" for its argument that the doctrine bars trafficking and forced labor claims, rejecting Shen Yun's attempt to rely on a single "out-of-Circuit district court ruling" that was "distinguishable on the facts" and that the Ninth Circuit expressly declined to endorse. *Id.* at *13 (citing *Headley v. Church of Scientology Int'l*, 2010 WL 3157064 (C.D. Cal. Aug. 5, 2010)).



Reyling on actual Supreme Court precedent, the court held that the First Amendment does not bar claims that Shen Yun performers "were subject to grueling training and work schedules with little pay, denied medical care when injured, prevented from leaving Dragon Springs, and subjected to other forms of psychological abuse that began when they were children." *Id.* at *13. This "abuse, control, and confinement in between employment decisions" has "no bearing" on a purported religious organization's right to choose its ministers. *Id.* That is because trafficking and forced labor laws do not prohibit an organization from "choosing who will preach [its] beliefs, teach [its] faith, and carry out [its] mission." *Id.* at *13 (quoting *Hosanna-Tabor*, 565 U.S. at 196). Accordingly, the *Sun* plaintiffs' claims as alleged were "appropriately subject to 'secular laws'" and "not barred by the ministerial exception." *Id.* at *14 (quoting *Our Lady of Guadalupe*, 591 U.S. at 746). The allegations in *Sun* are the same as those here, and the result should be as well.

### III.    The Court Found Plaintiffs Satisfied Rule 8's Pleading Requirements

The court also rejected the Defendants' argument, which they likewise make here, Dkt No. 100 at 22-23, that the *Sun* plaintiffs engaged in improper group pleading when referring to the various Shen Yun Defendants in the collective. The court observed that this practice "does not disguise Plaintiffs' claims or render them otherwise unintelligible" and that the plaintiffs' allegations provided Defendants "fair notice of the claims asserted against them." *Sun*, 2026 WL 1382896 at *11.

### IV.    Extrinsic Documents

Finally, the court also rejected the Defendants' attempts to rely on materials beyond the pleadings. *Id.* at *10. Specifically, the court rejected requests to consider a series of materials—including IRS letters sent to certain Defendants and references to various websites—which the Defendants also sought to present here. *See* Dkt. 100 at 3, 8.



\* \* \*

Plaintiffs submit that this decision—by a judge in this District, on the same facts, against the same Defendants, and rejecting the same arguments—further confirms that the Defendants' motions should be denied.

Respectfully submitted,

Michaela L. Wallin

Cc:     All counsel of record (via ECF)