UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHUN-KO CHANG, YI RAN WANG, GUANEE XIE, and HOFMANN ZHU, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

SHEN YUN PERFORMING ARTS, INC., FEI TIAN COLLEGE, FEI TIAN ACADEMY OF THE ARTS, DRAGON SPRINGS BUDDHIST INC., INTERNATIONAL BANK OF CHICAGO, SHUJIA GONG a/k/a TIANLIANG ZHANG, HONGZHI LI, and RUI LI a/k/a SANDY REBECCA LEE,

Defendants.

Case No. 24-CV-8980 (PMH)

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS**
**HONGZHI LI AND RUI LI**

Defendants Hongzhi Li ("Master Li") and Sandy Li (incorrectly identified in the caption as Rui Li a/k/a Sandy Rebecca Lee, hereinafter "Mrs. Li," and together with Master Li, the "Li Defendants"), by and through undersigned counsel, for their Answer to each numbered paragraph of the Second Amended Class Action Complaint (ECF No. 91) (the "Complaint"), hereby state as follows:

## GENERAL DENIAL

Except as to those allegations that the Li Defendants expressly admit below, or those as to which they lack knowledge or information sufficient to form a belief as to their truth, the Li Defendants deny each and every allegation contained in the Complaint, including, without limitation, the headings, titles, subheadings, footnotes, and Prayer for Relief contained therein. Moreover, the Complaint improperly lumps all eight Defendants together in more than 500 separate paragraphs without individual identification and accordingly, the Li Defendants respond only on their own behalf and not on behalf of any other Defendants, individuals and entities, and respond only to allegations directed at them; they should not be deemed to be responding to allegations directed solely at other individuals or entities. The Li Defendants expressly reserve the right to amend and/or supplement this Answer.

## LI DEFENDANTS' INTRODUCTORY STATEMENT

To the extent necessary to fully and completely answer the allegations in the Complaint, the Li Defendants incorporate therein the following statement: Falun Gong, also known as Falun Dafa, is a spiritual practice in the Buddhist tradition that Master Li introduced to the public in 1992. The central tenets of Falun Gong are Truthfulness, Compassion, and Forbearance, which practitioners use to guide their daily life. Falun Gong practitioners regard Master Li as their spiritual teacher and moral guide, and this Answer refers to him, as they do, as "Master Li."

Mrs. Li is respected among them as a spiritual advisor in her own right, known within the community by the traditional Chinese Buddhist honorific "ShiMu," a maternal figure who counsels and serves as a trusted confidant to the faithful.

Federal courts recognize Falun Gong as a religion, and its tens of millions of practitioners have endured one of the most sustained religious persecutions of the modern era. Since 1999, the Chinese Communist Party (“CCP”) has outlawed the practice as "heretical" and subjected believers to surveillance, imprisonment, torture, and even the forced harvesting of their organs. To justify that persecution, for decades, the CCP has spread falsehoods about Falun Gong, its related institutions, and its founder. The plaintiffs’ allegations in the Complaint generally mirror those historic claims. Cloaked in the language of the Trafficking Victims Protection Reauthorization Act, it recasts the devout religious life of a Falun Gong ministry as a criminal enterprise and asks this Court to brand the spiritual leader of that community, Master Li, and Mrs. Li, as traffickers. In recent years, the CCP made clear that it intends to use legal systems as part of a weaponized effort to eradicate Falun Gong and continue its world-wide oppression. The Li Defendants answer each of the numbered paragraphs of the Complaint as follows:

## INTRODUCTION

1. Deny the allegations in paragraph 1, except admit that Shen Yun is a non-profit, internationally recognized classical Chinese performing-arts organization.

2. Deny the allegations in paragraph 2, except admit that Shen Yun is a Falun Gong dance and music ministry that uses classical Chinese dance and music to showcase China’s authentic cultural heritage and traditional values, while also conveying religious principles and the prospect of salvation through the performing arts; Dragon Springs is an approximately 400-acre property located in Cuddebackville, New York which features traditionally constructed Buddhist

temples; it is recognized by the Internal Revenue Service as a church; and it is considered a House of Worship under local zoning law.

3. Deny the allegations in paragraph 3, except admit that Master Li is the founder and spiritual leader of Falun Gong and artistic director of Shen Yun; Mrs. Li is married to Master Li and is referred to as "ShiMu," a Chinese Buddhist term that is often translated as “Master’s Wife”; and Mrs. Li serves as a maternal figure and spiritual advisor to Falun Gong practitioners. To the extent the paragraph references prior public statements of Master Li, which were not intended to reference any legal concepts, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

4. Deny the allegations in paragraph 4.

5. Deny the allegations in paragraph 5, except admit that since 1999 the CCP has outlawed Falun Gong as "heretical" and has subjected its practitioners to one of the most sustained religious persecutions of the modern era, including surveillance, imprisonment, torture, and the harvesting of their organs; and further admit that, to justify that persecution, the CCP has for decades deployed a complex and sophisticated campaign of misinformation about Falun Gong, its related institutions and their management, including falsely branding the religion a "cult," and that many of the allegations in the Complaint mirror that CCP misinformation.

6. Deny the allegations in paragraph 6.

7. Deny the allegations in paragraph 7, except admit Fei Tian Academy of the Arts (the “Academy”) is a religious nonprofit boarding school; Fei Tian College (the “College”) is a religiously-affiliated nonprofit college; and that qualified students in the Academy or the College can perform with Shen Yun through an educational practicum program.

8. Deny the allegations in paragraph 8, except admit that the Academy is a religious nonprofit boarding school specializing in the arts, and holds an absolute charter granted by the New York State Board of Regents to operate grades K-12; that Academy graduates may apply for admission to the College; and that the Academy and the College are properly accredited institutions whose curricula contain both standard academic subjects and specialized performing arts training.

9. Deny the allegations in paragraph 9, except admit that students at the Academy and the College receive full scholarships, including room and board, and an educational stipend; and that qualified students may perform with Shen Yun through an educational practicum program, for which they receive educational credit, with all expenses paid, and that professional (non-student) performers are on payroll and receive a salary, with all tour expenses paid.

10. Deny the allegations in paragraph 10, except admit that students on practicum tour from end of December through early May, and while on practicum students receive materials to further their education.

11. Deny the allegations in paragraph 11.

12. Deny the allegations in paragraph 12.

13. Deny the allegations in paragraph 13.

14. Deny the allegations in paragraph 14, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of unidentified individuals.

15. Deny the allegations in paragraph 15, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, students are appropriately supervised, travel documents are secured for safekeeping and returned upon request, and rules are placed on

smartphone, media, and internet use consistent with the Falun Gong faith; that appropriate security and safety measures are taken at Dragon Springs to protect Falun Gong practitioners from CCP violence and harassment; and that students have at least one day off per week, during which they can go home to visit with family or take free shuttles to nearby towns.

16. Deny the allegations in paragraph 16.

17. Deny the allegations in paragraph 17.

18. Deny the allegations in paragraph 18.

19. Deny the allegations in paragraph 19.

20. Deny the allegations in paragraph 20.

21. Deny the allegations in paragraph 21, except admit that, prior to enrollment, there is a tuition reimbursement agreement signed by incoming students and parents/legal guardians, which has never been enforced.

22. Deny the allegations in paragraph 22.

23. Deny the allegations in paragraph 23.

24. Deny the allegations in paragraph 24.

25. Deny the allegations in paragraph 25, except admit that plaintiffs are using the Trafficking Victims Protection Reauthorization Act ("TVPRA") and the New York Labor Law ("NYLL") and false allegations to seek damages.

26. Deny the allegations in paragraph 26, except admit that plaintiffs attended the Academy and the College and voluntarily participated in Shen Yun performances, including through the educational practicum program, and that plaintiffs purport to bring this action on behalf of a putative class and to seek damages and injunctive relief based on false allegations.

27. Deny the allegations in paragraph 27, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' investigation.

**JURISDICTION AND VENUE**

28. The allegations in paragraph 28 state characterizations and legal conclusions to which no response is required.

29. The allegations in paragraph 29 state characterizations and legal conclusions to which no response is required.

**PARTIES**

30. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, except admit that plaintiff Chun-ko Chang performed with Shen Yun via her schools' practicum program.

31. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31, except admit that plaintiff Yi Ran "Daisy" Wang performed with Shen Yun via her schools' practicum program.

32. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32, except admit that plaintiff Guanee "Nathan" Xie performed with Shen Yun via his schools' practicum program.

33. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33, except admit that plaintiff Hofmann Zhu performed with Shen Yun via his schools' practicum program.

34. Admit the allegations in paragraph 34.

35. Admit the allegations in paragraph 35, except state that Fei Tian Academy of the Arts is a religious New York nonprofit school specializing in the arts. It holds an absolute charter

granted by the New York State Board of Regents to operate grades K-12. It also carries full registered status with the New York State Education Department.

36. Deny the allegations in paragraph 36, except admit that the College is an accredited, religiously affiliated nonprofit college based in New York State that offers degree programs in Music and Classical Chinese Dance, and that the College is located at 140 Galley Hill Road, Cuddebackville, New York 12729.

37. Admit the allegations in paragraph 37.

38. Deny the allegations in paragraph 38, except admit that Master Li is the founder and spiritual leader of Falun Gong (also called Falun Dafa), a revival of an ancient spiritual practice in the Buddhist tradition, and that he had the vision for and participated with others in the founding of Shen Yun, of which he serves as the volunteer artistic director and spiritual advisor.

39. Deny the allegations in paragraph 39, except admit that Mrs. Li is married to Master Li, in the past volunteered as Shen Yun's chief financial officer, and serves as a spiritual advisor to Falun Gong practitioners.

40. Deny the allegations in paragraph 40.

41. Deny the allegations in paragraph 41.

42. Deny the allegations in paragraph 42.

43. Deny the allegations in paragraph 43, except admit that Fei Tian Academy, Fei Tian College and Shen Yun are all located on the Dragon Springs campus.

44. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning paragraph 44, except admit that Professor Gong teaches at Fei Tian College.

45. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

## FACTUAL ALLEGATIONS

46. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' investigation and its sources.

47. Deny the allegations in paragraph 47, except admit that Shen Yun is a nonprofit organization and an internationally recognized classical Chinese performing arts organization and Falun Gong music and dance ministry whose performances occur in multiple cities and countries each year.

48. Deny the allegations in paragraph 48, except admit that Master Li had the vision for and participated with others in the founding of Shen Yun, that Shen Yun was incorporated in 2006, and that Shen Yun is located on the Dragon Springs campus in Cuddebackville, New York.

49. Deny the allegations in paragraph 49.

50. Deny the allegations in paragraph 50, except to the extent the paragraph references Shen Yun's public statements and performances, refer to those statements and performances in their entirety for the truth, full context, and accuracy of the allegations.

51. Deny the allegations in paragraph 51, except to the extent the paragraph references Shen Yun's public statements and performances, refer to those statements and performances in their entirety for the truth, full context, and accuracy of the allegations.

52. Deny the allegations in paragraph 52.

53. Admit the allegations in paragraph 53, but to the extent the paragraph references Shen Yun's public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

54. Admit that classical Chinese dance is a technically demanding art form, and, to the extent the paragraph references Shen Yun's public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

55. Admit the allegations in paragraph 55.

56. Deny the allegations in paragraph 56, except to the extent the paragraph references Shen Yun's public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

57. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57, except admit Master Li reviewed artistic images of Shen Yun performances for use in marketing materials.

58. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58, except admit that Shen Yun performances occur in multiple cities and countries and that on average each Shen Yun troupe typically puts on about 100 performances per year. To the extent the paragraph references publicly published statements, refer to those publications for the truth, full context, and accuracy of the allegations.

59. Deny the allegations in paragraph 59.

60. Deny the allegations in paragraph 60, except admit that on average each Shen Yun troupe typically puts on about 100 performances per year during an annual touring season, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular tour schedules, dates, and venues.

61. Deny the allegations in paragraph 61, except admit that Shen Yun performances are hosted and promoted by local presenters, and lack knowledge or information sufficient to form a

belief as to the truth of the allegations concerning the financial arrangements between Shen Yun and local presenters.

62. Deny the allegations in paragraph 62.

63. Deny the allegations in paragraph 63 as phrased, except admit that Shen Yun has hired professional artists.

64. Deny the allegations in paragraph 64, except admit that Shen Yun has hired professional artists from the U.S., Asia, as well as European countries.

65. Deny the allegations in paragraph 65, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the compensation of the professional adult musicians.

66. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 concerning unidentified adult professional musicians.

67. Deny the allegations in paragraph 67, except admit that Master Li is the founder and spiritual leader of Falun Gong and the volunteer artistic director and spiritual advisor of Shen Yun, and that in those roles he participates in decisions involving casting and all other artistic elements of the show, decisions that impact the spiritual message of the show, and the spiritual development of Shen Yun participants.

68. Deny the allegations in paragraph 68 as phrased, except admit that Master Li is the volunteer artistic director and spiritual advisor of Shen Yun.

69. Deny the allegations in paragraph 69.

70. Deny the allegations in paragraph 70, except admit that Mrs. Li serves as one of Shen Yun's company managers as well as a maternal and spiritual figure who counsels and serves as a trusted confidant to members of the community at Dragon Springs.

71. Deny the allegations in paragraph 71.

72. Deny the allegations in paragraph 72, except as follows. Mrs. Li admits Jing Su (a/k/a Judy Chao; misspelled in this Complaint as "Siu Qing") served as custodian on some accounts and that she was one of several individuals who assisted with new student orientation. Master Li lacks knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 72, except that Jing Su initially served as assistant to the principal of Fei Tian Academy, and also volunteered with Shen Yun in administrative roles.

73. Deny the allegations in paragraph 73.

74. Deny the allegations in paragraph 74.

75. Deny the allegations in paragraph 75.

76. Deny the allegations in paragraph 76; to the extent the paragraph references public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

77. Deny the allegations in paragraph 77.

78. Deny the allegations in paragraph 78, except admit that Master Li has referred to *The Epoch Times* and NTD as "our media," referring to the shared faith with the founders of these companies.

79. Deny the allegations in paragraph 79.

80. Deny the allegations in paragraph 80, many of which are legal characterizations and conclusions, and refer to the General Denial above regarding plaintiffs' improper group pleading.

81. Deny the allegations in paragraph 81, many of which are legal characterizations and conclusions, and refer to the General Denial above regarding plaintiffs' improper group pleading.

82. Deny the allegations in paragraph 82.

83. Deny the allegations in paragraph 83.

84. Deny the allegations in paragraph 84.

85. The allegations in paragraph 85 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

86. Deny the allegations in paragraph 86, except admit that Shen Yun, the Academy, and the College are located on the Dragon Springs campus.

87. Deny the allegations in paragraph 87, except to the extent the paragraph references publicly filed documents, refer to those authentic documents for the truth, full context, and accuracy of the allegations.

88. Deny the allegations in paragraph 88, except admit that Mrs. Li formerly owned a home in Jersey.

89. Deny the allegations in paragraph 89.

90. Deny the allegations in paragraph 90.

91. Deny the allegations in paragraph 91, many of which are legal characterizations and conclusions.

92. Deny the allegations in paragraph 92 as phrased.

93. Deny the allegations in paragraph 93, except admit Falun Gong is a religion under U.S. law; to the extent the paragraph references prior public statements of Master Li, which were

not intended to reference any legal concepts, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

94. Deny the allegations in paragraph 94, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning legal proceedings in Korea and the positions taken or statements made by unidentified affiliates in connection with those proceedings.

95. Deny the allegations in paragraph 95, except admit that the Falun Gong spiritual practice involves certain exercises and meditative movements, and, to the extent the paragraph references Shen Yun's public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

96. Deny the allegations in paragraph 96, except admit that Falun Gong is a revival of an ancient spiritual practice in the Buddhist tradition that Master Li introduced to the public in 1992, and that its central tenets are Truthfulness, Compassion, and Forbearance.

97. Deny the allegations in paragraph 97.

98. Deny the allegations in paragraph 98 as phrased, except admit that Shen Yun performers include adult musicians.

99. Deny the allegations in paragraph 99, and refer to the Shen Yun performances themselves in their entirety for the truth, full context, and accuracy of the allegations.

100. Deny the allegations in paragraph 100, except admit that Falun Gong practitioners stand in courageous opposition to the brutal oppression of their faith at the hands of the CCP.

101. Deny the allegations in paragraph 101, except admit that Shen Yun uses the performing arts to revive traditional Chinese culture, share Falun Gong religious principles, and raise awareness about the brutal oppression of Falun Gong practitioners at the hands of the CCP,

and, to the extent the paragraph references Shen Yun's public statements and performances, refer to those statements and performances in their entirety for the truth, full context, and accuracy of the allegations.

102. Deny the allegations in paragraph 102.

103. Deny the allegations in paragraph 103.

104. Deny the allegations in paragraph 104.

105. Deny the allegations in paragraph 105.

106. Deny the allegations in paragraph 106, except admit that Dragon Springs is an approximately 400-acre property in Cuddebackville, New York, recognized by the Internal Revenue Service as a church and as a House of Worship under local zoning law, on which Shen Yun, the Academy, and the College are located.

107. Deny the allegations in paragraph 107.

108. Deny the allegations in paragraph 108, except admit that, as with ballet and other elite dance disciplines, serious training in classical Chinese dance begins in adolescence and dancers typically reach their peak in their late teens and twenties, and, to the extent the paragraph references Shen Yun's public statements, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

109. Deny the allegations in paragraph 109, except admit the persecution of Falun Gong practitioners is well-documented by all branches of the U.S. government and various independent international organizations, and continues today.

110. Deny the allegations in paragraph 110, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of unidentified families.

111. Deny the allegations in paragraph 111.

112. Deny the allegations in paragraph 112.

113. Deny the allegations in paragraph 113.

114. Deny the allegations in paragraph 114.

115. Deny the allegations in paragraph 115, except admit that the Academy is a religious nonprofit boarding school, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Academy's date of establishment and enrollment figures.

116. Deny the allegations in paragraph 116, except admit that the College is an accredited, religiously affiliated nonprofit college that offers degree programs, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the College's date of establishment and enrollment figures.

117. Deny the allegations in paragraph 117, except admit that Academy graduates may apply for admission to the College or to other institutions, and that Academy and College graduates have gone on to attend universities and graduate schools around the country, including Harvard University, Columbia University, Duke University, and the Peabody Institute of Johns Hopkins University.

118. Deny the allegations in paragraph 118 as phrased.

119. Deny the allegations in paragraph 119.

120. Deny the allegations in paragraph 120 as phrased.

121. Deny the allegations in paragraph 121, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning specifics such as ages and homework assignments of unidentified performers and students.

122. Deny the allegations in paragraph 122, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning specifics such as homework assignments of unidentified performers and students.

123. Deny the allegations in paragraph 123, except admit that the Academy issues phones and tablet computers to students during their studies, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's particular experiences.

124. Deny the allegations in paragraph 124, except admit that the Academy and the College are properly accredited institutions, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the backgrounds of unidentified teachers and the teaching assignments of defendant Gong.

125. Deny the allegations in paragraph 125, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by unidentified individuals to plaintiffs.

126. Deny the allegations in paragraph 126, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning transcript requests by unidentified individuals.

127. Deny the allegations in paragraph 127, except admit that the Academy is chartered and the College is an accredited institution and that Chang applied for and was accepted to the College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by unidentified personnel to Chang.

128. Deny the allegations in paragraph 128, except admit that admission to the College requires an application and that not every Academy graduate is admitted, and lack knowledge or

information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' particular experiences with the application process.

129. Deny the allegations in paragraph 129, except admit there is a tuition reimbursement agreement signed by incoming students and parents/legal guardians, which has never been enforced.

130. Deny the allegations in paragraph 130.

131. Deny the allegations in paragraph 131.

132. Deny the allegations in paragraph 132.

133. Deny the allegations in paragraph 133, except admit that attendance at the Academy and the College involves study, meditation, spiritual practice, academic classwork, performing arts classes, meals, and rehearsals for students participating in the practicum program.

134. Deny the allegations in paragraph 134, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular rehearsal schedules.

135. Deny the allegations in paragraph 135.

136. Deny the allegations in paragraph 136.

137. Deny the allegations in paragraph 137, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular schedules and experiences of unidentified musicians.

138. Deny the allegations in paragraph 138, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular schedules and experiences of unidentified dancers.

139. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular travel schedules.

140. Deny the allegations in paragraph 140.

141. Deny the allegations in paragraph 141, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified performers while on tour.

142. Deny the allegations in paragraph 142, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified performers while on tour.

143. Deny the allegations in paragraph 143.

144. Deny the allegations in paragraph 144, except admit that Shen Yun is a Falun Gong music and dance ministry whose performances share Falun Gong religious principles and the prospect of salvation with audiences and advance the spiritual and religious mission of Falun Gong, and that Falun Gong materials are made available in connection with many Shen Yun performances.

145. Deny the allegations in paragraph 145, except admit that students participating in the educational practicum program voluntarily rehearse at Dragon Springs and perform on tour.

146. Deny the allegations in paragraph 146.

147. Deny the allegations in paragraph 147.

148. Deny the allegations in paragraph 148.

149. Deny the allegations in paragraph 149, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs and fears of unidentified performers.

150. Deny the allegations in paragraph 150.

151. Deny the allegations in paragraph 151, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs and fears of unidentified performers.

152. Deny the allegations in paragraph 152 as phrased, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs and fears of unidentified performers.

153. Deny the allegations in paragraph 153.

154. Deny the allegations in paragraph 154, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs and fears of unidentified performers.

155. Deny the allegations in paragraph 155, including subparagraphs (a) through (e), except admit that, consistent with the responsibilities of boarding schools acting *in loco parentis*, students were appropriately supervised, travel documents were secured for safekeeping and returned upon request, rules were placed on smartphone, media, and internet use consistent with the Falun Gong faith, and the schools maintain policies regulating interaction of male and female students consistent with Falun Gong principles; and that dance students are encouraged to maintain a balanced diet and a healthy weight consistent with high level dance performers.

156. Deny the allegations in paragraph 156.

157. Deny the allegations in paragraph 157.

158. Deny the allegations in paragraph 158.

159. Deny the allegations in paragraph 159.

160. The allegations in paragraph 160 state characterizations and legal conclusions to which no response is required.

161. Deny the allegations in paragraph 161, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, student passports and travel documents are maintained in a safe location to avoid loss or misplacement and are returned upon request.

162. Deny the allegations in paragraph 162, except admit that, consistent with the responsibilities of boarding schools acting *in loco parentis*, student passports and travel documents are maintained in a safe location to avoid loss or misplacement and are returned upon request.

163. Deny the allegations in paragraph 163, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's particular experiences and travel.

164. Deny the allegations in paragraph 164 as phrased, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's particular experiences and travel.

165. Deny the allegations in paragraph 165.

166. Deny the allegations in paragraph 166, except admit that appropriate security and safety measures are taken at Dragon Springs to protect Falun Gong practitioners from CCP violence and harassment.

167. Deny the allegations in paragraph 167.

168. Deny the allegations in paragraph 168, except admit that students participating in the practicum program were appropriately supervised while on tour consistent with the responsibilities of a boarding school acting in loco parentis, and lack knowledge or information

sufficient to form a belief as to the truth of the allegations concerning plaintiffs' particular experiences while on tour.

169. Deny the allegations in paragraph 169.

170. Deny the allegations in paragraph 170.

171. Deny the allegations in paragraph 171.

172. Deny the allegations in paragraph 172.

173. Deny the allegations in paragraph 173.

174. Deny the allegations in paragraph 174.

175. Deny the allegations in paragraph 175.

176. Deny the allegations in paragraph 176.

177. Deny the allegations in paragraph 177.

178. Deny the allegations in paragraph 178.

179. Deny the allegations in paragraph 179.

180. Deny the allegations in paragraph 180.

181. Deny the allegations in paragraph 181, except admit that rules are placed on smartphone, media, and internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*.

182. Deny the allegations in paragraph 182, except admit that rules are placed on smartphone use consistent with the Falun Gong faith and the responsibilities of boarding schools acting in loco parentis, and that the Academy issues phones and tablet computers to students during their studies.

183. Deny the allegations in paragraph 183, except admit that rules are placed on internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting in loco

parentis, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular time limits, computers, and websites.

184. Deny the allegations in paragraph 184.

185. Deny the allegations in paragraph 185, except admit that students at the Academy signed a written commitment to abide by school rules regarding internet and media use in order to focus on their spiritual and artistic development, and, to the extent the paragraph reproduces a document, refer to that document in its entirety for the truth, full context, and accuracy of the allegations.

186. Deny the allegations in paragraph 186, except admit that rules are placed on media use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis,* and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning "approved outlets."

187. Deny the allegations in paragraph 187, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by unidentified individuals to unidentified performers.

188. Deny the allegations in paragraph 188, except admit that rules are placed on internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular computer rooms and their supervision.

189. Deny the allegations in paragraph 189, except admit that rules are placed on media use consistent with the Falun Gong faith and the responsibilities of boarding schools acting in loco parentis, and that students are prohibited from viewing pornography.

190. Deny the allegations in paragraph 190.

191. Deny the allegations in paragraph 191.

192. Deny the allegations in paragraph 192.

193. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 193.

194. Deny the allegations paragraph 194.

195. Deny the allegations in paragraph 195, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by Jing Su to an unidentified performer.

196. Deny the allegations in paragraph 196, except admit students at the Academy and the College have access to a licensed counselor, a registered nurse, and a physician who specializes in sports injuries on campus as well as a contract with nearby Northern Medical Center, which offers a wide range of medical and health services; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the medical conditions of unidentified individuals.

197. Deny the allegations in paragraph 197, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the medical conditions of unidentified individuals.

198. Deny the allegations in paragraph 198, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular weigh in practices and postings.

199. Deny the allegations in paragraph 199.

200. Deny the allegations in paragraph 200.

201. Deny the allegations in paragraph 201.

202. Deny the allegations in paragraph 202, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the medical conditions and experiences of unidentified dancers.

203. Deny the allegations in paragraph 203, except admit students at the Academy and the College have access to a licensed counselor, a registered nurse, and a physician who specializes in sports injuries on campus as well as a contract with nearby Northern Medical Center, which offers a wide range of medical and health services.

204. Deny the allegations in paragraph 204.

205. Deny the allegations in paragraph 205, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by unidentified "agents" to unidentified performers and the physical conditions of unidentified performers.

206. Deny the allegations in paragraph 206, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's physical condition and statements made to her by unidentified individuals.

207. Deny the allegations in paragraph 207, many of which are legal characterizations and conclusions.

208. Deny the allegations in paragraph 208, many of which are legal characterizations and conclusions.

209. Deny the allegations in paragraph 209, except admit that Shen Yun performers voluntarily participate in post-show group discussions in which they share their experiences and

views in order to make artistic and spiritual progress together, and that the Academy and the College, as communities of Falun Gong practitioners, hold assemblies from time to time to educate students and foster a healthy, faith based environment in which there is always room for forgiveness.

210. Deny the allegations in paragraph 210, except admit that the Academy and the College hold assemblies from time to time to educate students and foster a healthy, faith based environment.

211. Deny the allegations in paragraph 211.

212. Deny the allegations in paragraph 212, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning an unidentified 13 year old resident of Dragon Springs.

213. Deny the allegations in paragraph 213.

214. Deny the allegations in paragraph 214.

215. Deny the allegations in paragraph 215.

216. Deny the allegations in paragraph 216.

217. Deny the allegations in paragraph 217, except admit that the Academy maintains policies regulating interaction of male and female students consistent with Falun Gong principles and with the responsibilities of boarding schools acting in loco parentis, and that students are expected to adhere to appropriate moral precepts in accordance with those principles.

218. Deny the allegations in paragraph 218.

219. Deny the allegations in paragraph 219.

220. Deny the allegations in paragraph 220.

221. Deny the allegations in paragraph 221.

222. Deny the allegations in paragraph 222, except admit that, as is standard in the performing arts industry, Shen Yun asks performers not to divulge details of upcoming productions, and that, because Dragon Springs is a target of CCP transnational repression, performers are asked not to share information that could compromise security, particularly when communicating with persons located in China.

223. Deny the allegations in paragraph 223.

224. Deny the allegations in paragraph 224, except admit that performers received payments, stipends, or salary while performing with Shen Yun, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning specific bank accounts.

225. Deny the allegations in paragraph 225.

226. Deny the allegations in paragraph 226, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned upon request, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning bank account opening requirements.

227. Deny the allegations in paragraph 227, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning bank account opening requirements and the residences of unidentified families.

228. Deny the allegations in paragraph 228, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning bank accounts and their electronic access.

229. Deny the allegations in paragraph 229, except admit that students have at least one day off per week, during which they can take free shuttles to nearby towns, including stops at

banks, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning bank accounts.

230. Deny the allegations in paragraph 230, except admit that students receive full scholarships, including room and board, with all expenses paid, and that, a supermarket and gourmet cafeteria operates on the Dragon Springs campus where students may purchase food, drink, and other necessities at prices well below market, often approaching cost.

231. Deny the allegations in paragraph 231.

232. Deny the allegations in paragraph 232.

233. Deny the allegations in paragraph 233.

234. Deny the allegations in paragraph 234.

235. Deny the allegations in paragraph 235.

236. Deny the allegations in paragraph 236.

237. Deny the allegations in paragraph 237, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the communities and contacts of unidentified individuals.

238. Deny the allegations in paragraph 238, except admit there is a tuition reimbursement agreement signed by incoming students and parents/legal guardians, which has never been enforced.

239. Deny the allegations in paragraph 239.

240. Deny the allegations in paragraph 240, except admit that some former performers have gone on to serve as staff or teachers at Shen Yun, the Academy, or the College, and that others have gone on to pursue careers outside the performing arts; and lack knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified individuals.

241. Deny the allegations in paragraph 241.

242. Deny the allegations in paragraph 242, except admit that Master Li, as the volunteer artistic director of Shen Yun, attends performances throughout the tour season to assess and refine the artistic elements of the performance.

243. Deny the allegations in paragraph 243.

244. Deny the allegations in paragraph 244, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the handling of transcript requests by Xie, Wang, and unidentified individuals.

245. Deny the allegations in paragraph 245, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs and feelings of unidentified performers.

246. Deny the allegations in paragraph 246, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

247. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 247.

248. Deny the allegations in paragraph 248, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the income of *The Epoch Times* and "New Tang Dynasty TV."

249. Deny the allegations in paragraph 249, except as follows. Mrs. Li admits there has been a prior grant to Shen Yun, but lack knowledge or information sufficient to form a belief as to

the truth of the allegations regarding the exact amount or details surrounding the grant. Master Li lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the alleged grants.

250. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 250.

251. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Weidong Guan, The Epoch Times, and Universal Communications Network, and, to the extent the paragraph references a publicly filed indictment, refer to that document for its contents. The final sentence of paragraph 251 states only what plaintiffs assert is "plausible" and is speculation to which no response is required; to the extent a response is required, it is denied.

252. Deny the allegations in paragraph 252.

253. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 253.

254. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 254, except admit that Maria Yu Tai is an acquaintance.

255. Deny the allegations in paragraph 255, except admit that the Academy assists minor students in opening bank accounts with an adult co-signer, typically a parent or guardian, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

256. Deny the allegations in paragraph 256, except lack knowledge or information sufficient to form a belief as to the truth of visits to Dragon Springs by IBC.

257. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 257.

258. Deny the allegations in paragraph 258, except as follows. Mrs. Li admits that Lina Wu occasionally volunteered at Dragon Springs. Master Li lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Lina Wu's activities at Dragon Springs.

259. Deny the allegations in paragraph 259, except admit that the Academy assists minor students in opening bank accounts with an adult co-signer, typically a parent or guardian.

260. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 260.

261. Deny the allegations in paragraph 261, except Mrs. Li admits that banks require an adult co-signer, typically a parent or guardian, to open an account for minors, and that Jing Su was sometimes the co-signer. Master Li lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 261.

262. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 262.

263. Deny the allegations in paragraph 263, except Master Li lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding finances and medical care of Jing Su.

264. Deny the allegations in paragraph 264, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the terms of unidentified bank accounts.

265. Deny the allegations in paragraph 265.

266. Deny the allegations in paragraph 266.

267. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 267; to the extent the allegations are directed towards the Li Defendants, the allegations in paragraph 267 are denied.

268. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 268; to the extent the allegations are directed towards the Li Defendants, the allegations in paragraph 268 are denied.

269. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 269; to the extent the allegations are directed towards the Li Defendants, the allegations in paragraph 269 are denied.

270. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 270, to the extent the allegations are directed towards the Li Defendants, the allegations in paragraph 270 are denied.

271. The allegations in paragraph 271 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

272. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 272; to the extent the allegations are directed towards the Li Defendants, the allegations in paragraph 272 are denied.

273. Deny the allegations in paragraph 273, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago, and, to the extent the paragraph references published articles, refer to those articles in their entirety for their contents.

274. Deny the allegations in paragraph 274, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

275. Deny the allegations in paragraph 275, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

276. Deny the allegations in paragraph 276.

277. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 277, except admit the Tais are Falun Gong practitioners.

278. Deny the allegations in paragraph 278 as phrased, except admit that the Li's daughter previously used an address associated with the Tais for security reasons.

279. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 279.

280. Deny the allegations in paragraph 280, except admit that David Cui is an acquaintance and lack knowledge with respect to David Cui's position at IBC.

281. Lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the allegations in paragraph 281.

282. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 282.

283. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 283.

284. Deny the allegations in paragraph 284.

285. The allegations in paragraph 285 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except admit that non student performers are on Shen Yun's payroll and receive a salary.

286. Deny the allegations in paragraph 286.

287. Deny the allegations paragraph 287, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular pay amounts and hours worked by unidentified performers.

288. Deny the allegations in paragraph 288, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular pay amounts and hours worked by unidentified performers.

289. Deny the allegations in paragraph 289, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular pay amounts and hours worked by unidentified performers.

290. Deny the allegations in paragraph 290, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular pay amounts and hours worked by unidentified performers.

291. Deny the allegations in paragraph 291, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular pay amounts and hours worked by unidentified performers.

292. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 292.

293. Deny the allegations in paragraph 293, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the hours worked by unidentified performers and statements made to them by unidentified individuals.

294. Deny the allegations in paragraph 294, except admit that set up and strike of performances were done by theater professionals, Shen Yun's production staff, and local volunteers, and voluntarily by performers, and that a Shen Yun performance typically lasts approximately 2.5 hours; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the experiences of unidentified performers.

295. Deny the allegations in paragraph 295, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular tour schedules.

296. Lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the allegations in paragraph 296.

297. Lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the allegations in paragraph 297.

298. Deny the allegations in paragraph 298, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning wage statements and notices provided to unidentified performers.

299. Deny the allegations in paragraph 299, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the awareness of unidentified performers regarding work permits and trust accounts.

300. Deny the allegations in paragraph 300.

301. Deny the allegations in paragraph 301, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the existence or status of any New York State Department of Labor inquiry.

302. Deny the allegations in paragraph 302, which state characterizations and legal conclusions.

303. Deny the allegations in paragraph 303.

304. Deny the allegations in paragraph 304, except admit that appropriate security and safety measures are taken at Dragon Springs to protect Falun Gong practitioners from CCP violence and harassment, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the beliefs of plaintiffs and unidentified performers.

305. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 305.

306. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 306.

307. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 307.

308. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 308.

309. Deny the allegations in paragraph 309, except admit that prospective students audition for admission to the Academy, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular audition referenced.

310. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 310.

311. Deny the allegations in paragraph 311, except admit that Chang auditioned for and was accepted to the Academy, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date of her audition and her travel.

312. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 312.

313. Deny the allegations in paragraph 313, except admit that upon completing an audition, students are typically asked if they (a) want to develop themselves spiritually in the Falun Gong faith; (b) feel up to the challenge of training in classical Chinese dance at a high level, which at times requires grit and perseverance, and (c) take to heart the mission of Shen Yun to save people.

314. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 314.

315. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 315 concerning statements made to Chang by unidentified individuals, except admit that Chang was accepted to the Academy on a full scholarship.

316. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 316 concerning which students Chang met, except admit that students receive full scholarships in connection with their attendance at the Academy and the College.

317. Deny the allegations in paragraph 317, except admit that, consistent with the responsibilities of a boarding school acting in loco parentis, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned upon request, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's particular immigration documents.

318. Deny the allegations in paragraph 318, except admit that, consistent with the responsibilities of a boarding school acting in loco parentis, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned upon request.

319. Deny the allegations in paragraph 319, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

320. Lack knowledge or information sufficient to form a belief as to the truth of Chang's schedule and amounts received by Chang, except admit Master Li occasionally handed out envelopes containing cash to performers..

321. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 321.

322. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 322.

323. Deny the allegations in paragraph 323, except admit that Chang received a full scholarship and stipends in connection with her attendance at the Academy and the College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts and timing of payments received by Chang.

324. Deny the allegations in paragraph 324, except admit that Chang received a full scholarship and stipends in connection with her attendance at the Academy and the College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts and timing of payments received by Chang.

325. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 325.

326. Deny the allegations in paragraph 326, except, to the extent the paragraph references a document, refer to that document in its entirety for the truth, full context, and accuracy of the allegations, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts paid to and hours worked by Chang.

327. Deny the allegations in paragraph 327, except admit that students have access to online banking on school computers and that a weekly optional campus shuttle regularly stops at banks, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's bank account.

328. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 328 concerning Chang's particular schedule, except admit that the curricula at the Academy and the College contain both standard academic subjects and specialized performing arts training.

329. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 329.

330. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 330.

331. Deny the allegations in paragraph 331, except admit that Chang attended the Academy and the College and voluntarily performed with Shen Yun through the educational practicum program, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's understanding and statements made to her by unidentified individuals.

332. Deny the allegations in paragraph 332, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's tests, homework assignments, and academic performance.

333. Deny the allegations in paragraph 333, except admit that Chang applied for and was accepted to the College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by Jade Zhan or other individuals.

334. Deny the allegations in paragraph 334, except admit that Chang applied for and was accepted to the College.

335. Deny the allegations in paragraph 335.

336. Deny the allegations in paragraph 336.

337. Deny the allegations in paragraph 337, except admit that the Academy issues phones to students during their studies, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's calls with her mother and statements made to her by unidentified individuals.

338. Deny the allegations in paragraph 338.

339. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 339.

340. Deny the allegations in paragraph 340, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, students were appropriately supervised, including through school rules for off campus trips, and that students have at least one day off per week, during which they can go home to visit with family or take free shuttles to nearby towns; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

341. Deny the allegations in paragraph 341, except admit that the Academy maintains policies regulating interaction of male and female students consistent with Falun Gong principles and with the responsibilities of boarding schools acting *in loco parentis*, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

342. Deny the allegations in paragraph 342, except admit that the Academy maintains policies regulating interaction of male and female students consistent with Falun Gong principles and with the responsibilities of boarding schools acting *in loco parentis*, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

343. Deny the allegations in paragraph 343, except admit that rules are placed on media use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

344. Deny the allegations in paragraph 344, except admit that rules are placed on smartphone and internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*, that the Academy issues phones and tablet computers to students during their studies, and that students have access to the internet on school computers; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

345. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 345.

346. Deny the allegations in paragraph 346, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Chang by unidentified individuals.

347. Deny the allegations in paragraph 347, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's feelings and injuries.

348. Deny the allegations in paragraph 348, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the details of Chang’s coverage and her medical care.

349. Deny the allegations in paragraph 349, except lack knowledge or information sufficient to form a belief as to the truth of the Chang’s purported injuries.

350. Deny the allegations in paragraph 350, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported illness.

351. Deny the allegations in paragraph 351, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported injury and scar.

352. Deny the allegations in paragraph 352, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's dental care.

353. Deny the allegations in paragraph 353.

354. Deny the allegations in paragraph 354, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported injuries and her conduct in response to them.

355. Deny the allegations in paragraph 355, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported beliefs and feelings.

356. Deny the allegations in paragraph 356, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's height, weight, physical condition, and statements made to her by unidentified individuals.

357. Deny the allegations in paragraph 357, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's weight.

358. Deny the allegations in paragraph 358, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's weight, eating habits, and self perception.

359. Deny the allegations in paragraph 359, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular weigh in practices and postings.

360. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 360.

361. Deny the allegations in paragraph 361.

362. Deny the allegations in paragraph 362.

363. Deny the allegations in paragraph 363, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chang purportedly learned.

364. Deny the allegations in paragraph 364.

365. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 365 concerning Chang's purported beliefs and feelings.

366. Deny the allegations in paragraph 366.

367. Deny the allegations in paragraph 367, except admit that Chang sought but was not offered a position with Shen Yun, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's travel.

368. Deny the allegations in paragraph 368, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported medical conditions.

369. Deny the allegations in paragraph 369, except, to the extent the paragraph references published articles, refer to those articles in their entirety for their contents.

370. Deny the allegations in paragraph 370, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by defendant Zhang, and, to the extent the paragraph references a broadcast, refer to that broadcast in its entirety for its contents.

371. The allegations in paragraph 371 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang, her husband, and defendant Zhang.

372. Deny the allegations in paragraph 372, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements and motivations of defendant Zhang.

373. Deny the allegations in paragraph 373, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by defendant Zhang, and, to the extent the paragraph references a broadcast, refer to that broadcast in its entirety for its contents.

374. Deny the allegations in paragraph 374, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the statements and motivations of defendant Zhang.

375. Deny the allegations in paragraph 375, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Chang purportedly learned.

376. Deny the allegations in paragraph 376, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning legal proceedings in Taiwan.

377. Deny the allegations in paragraph 377, except admit that Xian Yuan works at Fei Tian College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning legal proceedings in Taiwan and the statements at issue in them.

378. Deny the allegations in paragraph 378, except admit Bojian Li is a former performer with Shen Yun, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning legal proceedings in Taiwan and the statements at issue in them.

379. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 379.

380. The allegations in paragraph 380 state only what plaintiffs assert is "reasonable to infer" and are speculation to which no response is required. To the extent that a response is required, the allegations are denied.

381. Deny the allegations in paragraph 381, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's feelings and legal expenses.

382. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 382.

383. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 383.

384. Deny the allegations in paragraph 384, except admit that Wang auditioned for and was accepted to the Academy, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the date of her audition and her travel.

385. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 385, except admit that Wang attended the Academy and voluntarily participated in Shen Yun performances through the educational practicum program..

386. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 386 concerning statements made to Wang by unidentified individuals and which students Wang met, except admit that Wang was accepted to the Academy on a full scholarship and that students receive full scholarships in connection with their attendance at the Academy and the College.

387. Deny the allegations in paragraph 387, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, student passports and travel

documents were maintained in a safe location to avoid loss or misplacement and were returned upon request, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's particular documents and Jing Su.

388. Deny the allegations in paragraph 388.

389. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 389.

390. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 390 concerning particular dates, except admit that Wang voluntarily performed with Shen Yun through the educational practicum program.

391. Deny the allegations in paragraph 391, except admit that the curricula at the Academy and the College contain both standard academic subjects and specialized performing arts training, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's particular schedule.

392. Deny the allegations in paragraph 392, except admit that the Academy and the College are properly accredited institutions, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the backgrounds of unidentified teachers and Wang's understanding.

393. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's homework assignments.

394. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular academic assignments and grades given to Wang while on tour.

395. Deny the allegations in paragraph 395, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's academic progression and the College's authorization to enroll international students at particular times.

396. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 396.

397. Deny the allegations in paragraph 397.

398. Deny the allegations in paragraph 398, except admit that, because Dragon Springs is a target of CCP transnational repression, performers are asked not to share information that could compromise security, particularly when communicating with persons located in China.

399. Deny the allegations in paragraph 399, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's calls with her parents.

400. Deny the allegations in paragraph 400.

401. Deny the allegations in paragraph 401, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the travel plans of Wang's parents.

402. Deny the allegations in paragraph 402, except admit that rules are placed on internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*, and that students have access to the internet on school computers; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular websites available to Wang.

403. Deny the allegations in paragraph 403, except admit that school rules are enforced through the periodic review of school issued electronic devices to ensure an educational environment consistent with the religious teachings of Falun Gong.

404. Deny the allegations in paragraph 404, except admit that Wang received educational stipends, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts received by Wang and statements made to her by unidentified individuals.

405. Deny the allegations in paragraph 405, except admit that Wang received educational stipends, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts received by Wang.

406. Deny the allegations in paragraph 406, except admit that students participating in the practicum program receive educational credit, full scholarships, and stipends with all expenses paid, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular academic assignments given to Wang while on tour.

407. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 407.

408. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 408.

409. Deny the allegations in paragraph 409, except admit students at the Academy and the College have access to a licensed counselor, a registered nurse, and a physician who specializes in sports injuries on campus as well as a contract with nearby Northern Medical Center, which offers a wide range of medical and health services.

410. Deny the allegations in paragraph 410, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the purported injuries of an unidentified dancer.

411. Deny the allegations in paragraph 411, except admit that the Academy and the College have a licensed clinical psychologist, a registered nurse, and several physicians available to students, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's medical care.

412. Deny the allegations in paragraph 412, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning particular weigh in practices.

413. Lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding the allegations in paragraph 413.

414. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 414.

415. Deny the allegations in paragraph 415.

416. Deny the allegations in paragraph 416, except admit that dance students are encouraged to maintain a balanced diet and a healthy weight to minimize injuries and be consistent with high level dance performers.

417. Lack knowledge and information sufficient to from a belief as to the truth of the allegations in paragraph 417.

418. Deny the allegations in paragraph 418, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the eating habits of unidentified performers.

419. Deny the allegations in paragraph 419, except lack knowledge or information sufficient to form a belief as to the truth of the allegations regarding Wang's personal finances.

420. Deny the allegations in paragraph 420.

421. Deny the allegations in paragraph 421, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's purported beliefs and feelings.

422. Deny the allegations in paragraph 422, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's purported fears.

423. Deny the allegations in paragraph 423.

424. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 424.

425. Deny the allegations in paragraph 425, except admit that Wang applied to other universities and, with the education she received at the Academy and the College and recommendation letters from their staff, was admitted to Columbia University; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's beliefs.

426. Deny the allegations in paragraph 426, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's transcript request and statements made to her by unidentified individuals.

427. Deny the allegations in paragraph 427, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang’s conversations.

428. Deny the allegations in paragraph 428.

429. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 429.

430. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 430.

431. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 431, except admit that, with the education she received at the Academy and the College and recommendation letters from their staff, was admitted to Columbia University; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Wang's beliefs.

432. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 432.

433. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 433.

434. Deny the allegations in paragraph 434, except admit that Xie applied for admission to the Academy, submitted an audition video in support of his application, and wrote in his application email that his "biggest wish is to be admitted to Fei Tian to study"; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Xie by unidentified individuals.

435. Deny the allegations in paragraph 435, except admit that Xie attended the Academy and voluntarily performed with Shen Yun through the educational practicum program, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular date of his enrollment and his age at the time.

436. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 436 concerning statements made to Xie by unidentified individuals and which students Xie met, except admit that Xie was accepted to the Academy on a full scholarship

and that students receive full scholarships in connection with their attendance at the Academy and the College.

437. Deny the allegations in paragraph 437, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned upon request, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's particular documents.

438. Deny the allegations in paragraph 438.

439. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 439 concerning statements made by Jing Su to Xie.

440. Deny the allegations in paragraph 440, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by Jing Su to Xie.

441. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 441 concerning Xie's particular schedule, except admit that the curricula at the Academy and the College contain both standard academic subjects and specialized performing arts training.

442. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 442 concerning Xie's particular schedule, except admit that Xie voluntarily performed with Shen Yun on tour through the educational practicum program.

443. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 443 concerning particular dates and Xie's particular performance schedule, except admit that Xie voluntarily performed with Shen Yun on tour through the

educational practicum program and that each Shen Yun troupe typically puts on about 100 performances per year.

444. Deny the allegations in paragraph 444, except admit that the curricula at the Academy and the College contain both standard academic subjects and specialized performing arts training, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's particular schedule.

445. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 445 concerning Xie's homework assignments and the particular academic assignments and grades given to him while on tour, except admit that students participating in the practicum program receive educational credit.

446. Deny the allegations in paragraph 446, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Xie by unidentified teachers.

447. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 447.

448. Deny the allegations in paragraph 448, except admit that Xie attended the College, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the form given to Xie and statements made to him by an unidentified teacher.

449. Deny the allegations in paragraph 449.

450. Deny the allegations in paragraph 450.

451. Deny the allegations in paragraph 451, except admit that rules are placed on internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting in loco parentis, and that students have access to the internet on school computers; and lack knowledge or

information sufficient to form a belief as to the truth of the allegations concerning the particular websites available to Xie.

452. Deny the allegations in paragraph 452, except admit that school rules are enforced through the periodic review of school issued electronic devices to ensure an educational environment consistent with the religious teachings of Falun Gong.

453. Deny the allegations in paragraph 453, except admit that Xie received education stipends, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts received by and hours worked by Xie.

454. Deny the allegations in paragraph 454, except admit that students participating in the practicum program receive educational credit, full scholarships, and stipends with all expenses paid, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular academic assignments given to Xie while on tour.

455. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 455.

456. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 456.

457. Deny the allegations in paragraph 457, except admit students at the Academy and the College have access to a licensed counselor, a registered nurse, and a physician who specializes in sports injuries on campus as well as a contract with nearby Northern Medical Center, which offers a wide range of medical and health services, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's medical care and the unidentified student referenced in paragraph 457.

458. Deny the allegations in paragraph 458.

459. Deny the allegations in paragraph 459.

460. Deny the allegations in paragraph 460, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's purported fears.

461. Deny the allegations in paragraph 461.

462. Deny the allegations in paragraph 462, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's purported beliefs and feelings.

463. Deny the allegations in paragraph 463, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Xie was purportedly aware of.

464. Deny the allegations in paragraph 464, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's purported beliefs, feelings, and decision to leave.

465. Deny the allegations in paragraph 465, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's graduate school applications.

466. Deny the allegations in paragraph 466, except admit that on the day Xie left Dragon Springs he told Mrs. Li that he planned to leave and that Mrs. Li spoke with Xie's mother by telephone, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Xie's packing and his communications with his father.

467. Deny the allegations in paragraph 467, except admit there is a tuition reimbursement agreement signed by incoming students and parents/legal guardians, which has never been enforced.

468. Deny the allegations in paragraph 468.

469. Deny the allegations in paragraph 469, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the handling of Xie's transcript request.

470. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 470, except admit that Zhu attended the Academy and the College, lived at Dragon Springs, and voluntarily performed with Shen Yun through the educational practicum program.

471. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 471.

472. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 472.

473. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 473 concerning particular dates, except admit that Zhu voluntarily performed with Shen Yun through the educational practicum program.

474. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 474 concerning statements made to Zhu by unidentified individuals and which students Zhu met, except admit that Zhu was accepted to the Academy on a full scholarship and that students receive full scholarships in connection with their attendance at the Academy and the College.

475. Deny the allegations in paragraph 475, except admit that, consistent with the responsibilities of a boarding school acting *in loco parentis*, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned

upon request, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's particular documents.

476. Deny the allegations in paragraph 476.

477. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 477 concerning statements made by Jing Su to Zhu.

478. Deny the allegations in paragraph 478, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made by Jing Su to Zhu.

479. Deny the allegations in paragraph 479.

480. Deny the allegations in paragraph 480, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's purported understanding.

481. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 481 concerning Zhu's particular schedule, except admit that Zhu voluntarily performed with Shen Yun on tour through the educational practicum program.

482. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 482 concerning particular dates and Zhu's particular performance schedule, except admit that Zhu voluntarily performed with Shen Yun on tour through the educational practicum program and that each Shen Yun troupe typically puts on about 100 performances per year.

483. Deny the allegations in paragraph 483, except admit that the curricula at the Academy and the College contain both standard academic subjects and specialized performing arts

training, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's particular schedule.

484. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 484.

485. Deny the allegations in paragraph 485, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Zhu by unidentified teachers.

486. Deny the allegations in paragraph 486, except admit that Shen Yun employs professional musicians, who are more experienced than practicum students, serve as their mentors, and typically take on greater responsibilities, while also providing performance opportunities to students through the educational practicum program.

487. Deny the allegations in paragraph 487.

488. Deny the allegations in paragraph 488.

489. Deny the allegations in paragraph 489.

490. Deny the allegations in paragraph 490, except admit that rules are placed on internet use consistent with the Falun Gong faith and the responsibilities of boarding schools acting *in loco parentis*, and that students have access to the internet on school computers; and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular websites available to Zhu.

491. Deny the allegations in paragraph 491, except admit that school rules are enforced through the periodic review of school issued electronic devices to ensure an educational environment consistent with the religious teachings of Falun Gong.

492. Deny the allegations in paragraph 492, except admit that performers received educational stipends, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the amounts received by and hours worked by Zhu.

493. Deny the allegations in paragraph 493, except admit that students participating in the practicum program receive educational credit, full scholarships, and stipends with all expenses paid, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the particular academic assignments given to Zhu while on tour.

494. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 494.

495. Lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 495.

496. Lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's medical care, except admit that the Academy and the College have a licensed clinical psychologist, a registered nurse, and several physicians available to students.

497. Deny the allegations in paragraph 497, except admit that the Academy assists minor students in opening bank accounts with an adult co-signer, typically a parent or guardian, and lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's bank account and Jing Su.

498. Deny the allegations in paragraph 498.

499. Deny the allegations in paragraph 499, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's purported fears.

500. Deny the allegations in paragraph 500.

501. Deny the allegations in paragraph 501, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's purported beliefs and feelings.

502. Deny the allegations in paragraph 502, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Zhu was purportedly aware of.

503. Deny the allegations in paragraph 503, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Zhu's purported beliefs, feelings, and decision to leave.

504. Deny the allegations in paragraph 504, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning statements made to Zhu by unidentified individuals and Zhu's graduate recital.

505. Deny the allegations in paragraph 505.

**TVPRA CLASS ALLEGATIONS**

506. The allegations in paragraph 506 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, admit only that plaintiffs purport to bring this action on behalf of the putative class described, and deny that this action may properly be maintained as a class action.

507. The allegations in paragraph 507 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

508. The allegations in paragraph 508 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, admit only that plaintiffs

purport to bring this action as a class action, and deny that this action may properly be maintained as a class action.

509. The allegations in paragraph 509 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except to the extent the paragraph references public statements of Shen Yun, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

510. The allegations in paragraph 510, including subparagraphs (a) through (n), state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

511. The allegations in paragraph 511 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

512. The allegations in paragraph 512 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' commitment to this action and the experience of their counsel.

513. The allegations in paragraph 513 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

514. The allegations in paragraph 514 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' intentions.

## NEW YORK LABOR LAW CLASS ALLEGATIONS

515. The allegations in paragraph 515 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, admit only that plaintiffs purport to bring this action on behalf of the putative class described, and deny that this action may properly be maintained as a class action.

516. The allegations in paragraph 516 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

517. The allegations in paragraph 517 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, admit only that plaintiffs purport to bring this action as a class action, and deny that this action may properly be maintained as a class action.

518. The allegations in paragraph 518 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except to the extent the paragraph references public statements of Shen Yun, refer to those statements in their entirety for the truth, full context, and accuracy of the allegations.

519. The allegations in paragraph 519, including subparagraphs (a) through (e), state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

520. The allegations in paragraph 520 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

521. The allegations in paragraph 521 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied,

except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' commitment to this action and the experience of their counsel.

522. The allegations in paragraph 522 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

523. The allegations in paragraph 523 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning plaintiffs' intentions.

**COUNT ONE**
**(Against the Shen Yun Defendants)**

**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. §§1589(a) and 1595(a) – Obtaining Trafficked Labor**

524. Restate and incorporate by reference the responses to paragraphs 1 through 523.

525. The allegations in paragraph 525 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

526. The allegations in paragraph 526 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

527. Deny the allegations in paragraph 527.

528. Deny the allegations in paragraph 528.

529. Deny the allegations in paragraph 529.

530. Deny the allegations in paragraph 530.

531. Deny the allegations in paragraph 531.

532. Deny the allegations in paragraph 532.

533. Deny the allegations in paragraph 533.

534. Deny the allegations in paragraph 534.

**<u>COUNT TWO</u>**
**(Against All Defendants)**
**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. §§ 1589(b) and 1595(a) – Benefitting from Trafficked Labor**

535. Restate and incorporate by reference the responses to paragraphs 1 through 534.

536. The allegations in paragraph 536 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

537. The allegations in paragraph 537 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

538. Deny the allegations in paragraph 538.

539. Deny the allegations in paragraph 539.

540. Deny the allegations in paragraph 540.

541. Deny the allegations in paragraph 541.

542. Deny the allegations in paragraph 542, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the employment and benefits of defendant Gong and his wife.

543. Deny the allegations in paragraph 543, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

544. Deny the allegations in paragraph 544.

545. Deny the allegations in paragraph 545.

546. Deny the allegations in paragraph 546.

**COUNT THREE**
**(Against the Shen Yun Defendants)**
**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. §§ 1590(a) and 1595(a) – Recruiting, Harboring, and Transporting Trafficked Labor**

547. Restate and incorporate by reference the responses to paragraphs 1 through 546.

548. The allegations in paragraph 548 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

549. Deny the allegations in paragraph 549.

550. Deny the allegations in paragraph 550.

551. Deny the allegations in paragraph 551.

**COUNT FOUR**
**(Against all Defendants)**
**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. §§ 1594(b) and 1595(a)**
**Conspiracy to Recruit, Harbor, Transport, Obtain, and Benefit from Trafficked Labor**

552. Restate and incorporate by reference the responses to paragraphs 1 through 551.

553. The allegations in paragraph 553 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

554. The allegations in paragraph 554 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

555. Deny the allegations in paragraph 555, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning the International Bank of Chicago.

556. Deny the allegations in paragraph 556.

557. Deny the allegations in paragraph 557.

558. Deny the allegations in paragraph 558.

**COUNT FIVE**
**(Against the Shen Yun Defendants)**
**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. §§ 1594(a) and 1595(a)**
**Attempted Trafficking**

559. Restate and incorporate by reference the responses to paragraphs 1 through 558.

560. The allegations in paragraph 560 purport to characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

561. Deny the allegations in paragraph 561.

562. Deny the allegations in paragraph 562.

563. Deny the allegations in paragraph 563.

**COUNT SIX**
**(Against the Shen Yun Defendants)**
**Violation of the Trafficking Victims Protection Reauthorization Act (TVPRA)**
**18 U.S.C. § 1590 and 1592(a) – Seizure of Documents**

564. Restate and incorporate by reference the responses to paragraphs 1 through 563.

565. The allegations in paragraph 565 purport to quote and characterize a statute, to which no response is required. To the extent that a response is required, refer to the statute for its contents and deny any characterization inconsistent with it.

566. Deny the allegations in paragraph 566, except admit that, consistent with the responsibilities of a boarding school acting in loco parentis, student passports and travel documents were maintained in a safe location to avoid loss or misplacement and were returned upon request.

567. Deny the allegations in paragraph 567.

568. Deny the allegations in paragraph 568.

**COUNT SEVEN**
**(Against the Shen Yun Defendants)**
**New York State Minimum Wage Act, New York Labor Law § 650 et seq.**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-2.9**

569. Restate and incorporate by reference the responses to paragraphs 1 through 568.

570. Deny the allegations in paragraph 570.

571. Deny the allegations in paragraph 571.

572. Deny the allegations in paragraph 572.

**COUNT EIGHT**
**(Against the Shen Yun Defendants)**
**New York State Overtime Violations, N.Y. Lab. L. §§ 650 et seq.**
**N.Y. Comp. Codes R. & Regs. tit. 12, §§ 146-1.3, 146-1.4, 146-2.9**

573. Restate and incorporate by reference the responses to paragraphs 1 through 572.

574. The allegations in paragraph 574 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

575. Deny the allegations in paragraph 575.

576. Deny the allegations in paragraph 576.

577. Deny the allegations in paragraph 577.

**COUNT NINE**
**(Against the Shen Yun Defendants)**
**New York Spread of Hours Provisions, N.Y. Comp. Codes R. & Regs. Tit. 12 §§ 142-2.4**

578. Restate and incorporate by reference the responses to paragraphs 1 through 577.

579. Deny the allegations in paragraph 579.

580. Deny the allegations in paragraph 580.

581. Deny the allegations in paragraph 581.

**COUNT TEN**
**(Against the Shen Yun Defendants)**
**New York Notice Requirements, N.Y. Lab. L. §§ 195, 198**

582. Restate and incorporate by reference the responses to paragraphs 1 through 581.

583. Deny the allegations in paragraph 583.

584. Deny the allegations in paragraph 584.

**COUNT ELEVEN**
**(Against the Shen Yun Defendants)**
**New York State Late Payment of Wages Violations New York Minimum Wage Act**
**N.Y. Stat. § 190 et seq.**

585. Restate and incorporate by reference the responses to paragraphs 1 through 584.

586. The allegations in paragraph 586 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

587. Deny the allegations in paragraph 587.

588. Deny the allegations in paragraph 588.

**COUNT TWELVE**
**(Against the Shen Yun Defendants)**
**Retaliation, N.Y. Lab. L. § 215 On Behalf of Chun-Ko Chang**

589. Restate and incorporate by reference the responses to paragraphs 1 through 588.

590. The allegations in paragraph 590 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

591. The allegations in paragraph 591 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied, except admit that Chang is a named plaintiff in this action.

592. Deny the allegations in paragraph 592.

593. Deny the allegations in paragraph 593.

594. The allegations in paragraph 594 state characterizations and legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

595. Deny the allegations in paragraph 595, except lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Chang's purported harm.

## PRAYER FOR RELIEF

The Li Defendants deny that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Without undertaking any burden of proof not otherwise assigned to them by law, the Li Defendants assert the following affirmative defenses to the claims Plaintiffs purport to assert in the Complaint and reserve the right to amend or supplement this Answer to assert other and further defenses as discovery proceeds. By designating these affirmative defenses, the Li Defendants do not assume any burden of proof that they would not otherwise bear.

***

### FIRST AFFIRMATIVE DEFENSE
*Failure to State a Claim*

The Complaint fails to state any claim upon which relief can be granted. Among other things and without limitation, plaintiffs do not plausibly allege that the Li Defendants knowingly obtained or provided plaintiffs' labor or services through force, threats of force, physical restraint, threats of physical restraint, serious harm, threats of serious harm, or a scheme, plan, or pattern

intended to cause plaintiffs to believe they would suffer serious harm or physical restraint if they did not perform labor or services; and plaintiffs do not plausibly allege that the Li Defendants were their employers within the meaning of the New York Labor Law.

**SECOND AFFIRMATIVE DEFENSE**
*Statute of Limitations*

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations, including 18 U.S.C. § 1595(c) and N.Y. Lab. Law §§ 198(3) and 663(3). The Complaint alleges conduct beginning in 2007 and principally concerning events long before this action was filed in November 2024. To the extent plaintiffs or putative class members rely on alleged events outside the limitations period, those events are not actionable. The Complaint does not plead any timely violation sufficient to revive or preserve otherwise time barred claims.

**THIRD AFFIRMATIVE DEFENSE**
*No Continuing Violation or Equitable Tolling*

Plaintiffs cannot avoid the statute of limitations through theories of continuing violation, continuing tort, delayed accrual, fraudulent concealment, or equitable tolling. Each plaintiff left Dragon Springs and Shen Yun years before this action was filed, and the Complaint does not plausibly allege that any Defendant prevented any plaintiff from timely filing suit.

**FOURTH AFFIRMATIVE DEFENSE**
*Ministerial Exception and Religious Autonomy*

Plaintiffs' claims are barred, in whole or in part, by the First Amendment's ministerial exception, religious autonomy doctrine, church autonomy doctrine, ecclesiastical abstention doctrine, and related constitutional protections. Plaintiffs' claims, including their claims under the New York Labor Law, seek judicial scrutiny of religious formation, religious discipline, religious

education, religious performance, religious messaging, religious codes of conduct, and the relationship between religious organizations and persons participating in their ministry.

**FIFTH AFFIRMATIVE DEFENSE**
*Free Exercise, Free Speech, Association, and RFRA*

Plaintiffs' claims are barred, limited, or subject to strict scrutiny under the First Amendment's Free Exercise, Free Speech, and freedom-of-association protections and, to the extent applicable, the Religious Freedom Restoration Act, 42 U.S.C. §§ 2000bb *et seq*. Plaintiffs would substantially burden religious exercise and religious expression by characterizing religious education, discipline, performance, and missionary activity as trafficking or as unlawful employment.

**SIXTH AFFIRMATIVE DEFENSE**
*Voluntary Participation, Parental Enrollment, and Consent*

Plaintiffs and putative class members voluntarily sought admission to and participated in the Academy, College, and Shen Yun. Plaintiffs and/or their parents pursued plaintiffs' auditions, enrollment, training, and performances. Plaintiffs' participation in rigorous religious and performing-arts education and performance was not forced labor or trafficking.

**SEVENTH AFFIRMATIVE DEFENSE**
*No Serious Harm or Threats under the TVPRA*

The alleged conditions, rules, spiritual teachings, performance standards, discipline, travel logistics, and school protocols do not constitute "serious harm," threats of serious harm, force, threats of force, physical restraint, or threats of physical restraint within the meaning of 18 U.S.C. § 1589.

**EIGHTH AFFIRMATIVE DEFENSE**
*No Knowing or Intentional Violation*

The Li Defendants did not knowingly or intentionally violate the TVPRA or the New York Labor Law. They acted, at all relevant times, for legitimate educational, religious, artistic, safety, logistical, and operational reasons.

**NINTH AFFIRMATIVE DEFENSE**
*No Trafficking with Respect to Forced Labor*

Plaintiffs were not recruited, harbored, transported, provided, or obtained for forced labor within the meaning of 18 U.S.C. § 1590. Plaintiffs and their parents or guardians sought educational and performance opportunities, and their travel and participation were not trafficking.

**TENTH AFFIRMATIVE DEFENSE**
*Unconstitutionally Vague*

As applied to the religious faith, institutions, relationships, and conduct at issue, the Trafficking Victims Protection Reauthorization Act is unconstitutionally vague and overbroad and violates the Due Process Clause of the Fifth Amendment; Plaintiffs' construction of the statute would render it unconstitutional as applied to the Li Defendants.

**ELEVENTH AFFIRMATIVE DEFENSE**
*No Vicarious Liability, Agency Liability, or Alter Ego*

No Li Defendant is liable for the alleged acts or omissions of any other Defendant under any theory of vicarious liability, agency, apparent agency, alter ego, reverse veil piercing, single integrated enterprise, joint venture, joint employer, or conspiracy.

**TWELFTH AFFIRMATIVE DEFENSE**
*No Beneficiary Liability*

The Li Defendants did not knowingly benefit from participation in a venture that they knew or should have known engaged in forced labor, trafficking, document seizure, attempt, or conspiracy in violation of the TVPRA.

**THIRTEENTH AFFIRMATIVE DEFENSE**
*No Civil Liability for Attempts or Conspiracy as Pleaded*

Plaintiffs' attempt and conspiracy theories fail because the TVPRA did not create the civil liability plaintiffs assert for the relevant time periods and, in any event, the Complaint does not plausibly plead an agreement, specific intent, substantial step, overt act, or actionable underlying TVPRA violation.

**FOURTEENTH AFFIRMATIVE DEFENSE**
*Rule 8 and Impermissible Group Pleading*

The Complaint fails to satisfy Rule 8 because it improperly lumps Defendants together, relies on conclusory assertions and pejorative labels, and does not provide fair notice of what each Li Defendant allegedly did to each plaintiff during each relevant limitations period.

**FIFTEENTH AFFIRMATIVE DEFENSE**
*No "But For" or Proximate Causation*

Plaintiffs' alleged injuries and damages were not proximately caused by any unlawful act or omission, or violation of the TVPRA or the New York Labor Law, by the Li Defendants. Any alleged injury was caused by other persons, events, circumstances, preexisting conditions, intervening causes, superseding causes, or plaintiffs' (or their parents' or guardians') own choices. Plaintiffs cannot establish that any alleged injury was proximately caused by a violation of the TVPRA or the New York Labor Law.

**SIXTEENTH AFFIRMATIVE DEFENSE**
*Failure to Mitigate Damage*

Plaintiffs' claimed damages, if any, are barred or reduced because Plaintiffs failed to take reasonable steps to avoid, reduce, or mitigate their alleged damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
*Setoff, Credit, and Offset*

Any monetary recovery must be reduced by all amounts paid to or for Plaintiffs, including scholarships, stipends, payments, travel, housing, food, education, training, medical or other benefits, and any other consideration or benefit Plaintiffs received.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
*Punitive Damages Unavailable or Unwarranted*

Plaintiffs are not entitled to punitive damages because the Li Defendants did not act maliciously, willfully, wantonly, recklessly, oppressively, fraudulently, or with the level of culpability required for punitive damages.

**NINETEENTH AFFIRMATIVE DEFENSE**
*Attorneys' Fees and Costs, and Equitable Relief Unavailable*

Plaintiffs are not entitled to restitution, attorneys' fees, costs, or equitable relief except as expressly authorized by statute and proven by competent evidence. Plaintiffs have not pleaded facts supporting any such relief.

**TWENTIETH AFFIRMATIVE DEFENSE**
*Laches, Waiver, Estoppel, and Unclean Hands as to Equitable Relief*

Plaintiffs' equitable claims and requests for equitable relief are barred or limited by laches, waiver, estoppel, and/or unclean hands based on plaintiffs' delay and conduct after leaving Dragon Springs and Shen Yun.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
*No Retroactive Application or Revival of Claims*

Plaintiffs' claims are barred or limited to the extent they depend on statutory provisions, civil remedies, limitations periods, or theories of liability enacted after the alleged conduct occurred. The Li Defendants deny that later-enacted amendments to the TVPRA apply retroactively or revive claims that were not actionable, had not accrued, or were already time barred under the law in effect at the relevant time.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
*No Extraterritorial Liability*

Plaintiffs' claims are barred or limited to the extent they seek recovery for alleged conduct occurring outside the United States. Plaintiffs may not recover for foreign conduct except to the extent the TVPRA validly applies extraterritorially and all statutory requirements for such application are satisfied.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**
*No Article III Standing or Entity-Specific Injury*

Plaintiffs and putative class members lack standing, or cannot recover against one or more Li Defendants to the extent they cannot establish a concrete and particularized injury fairly traceable to that Defendant's own alleged conduct and redressable by relief against that Defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**
*No Actionable Labor or Services*

The activities alleged in the Complaint were educational, religious, artistic, training-related, school-related, volunteer, incidental, or practicum-related activities, and were not labor or services obtained by any Li Defendant through force, threats, physical restraint, serious harm, threatened serious harm, abuse or threatened abuse of law or process, or any unlawful scheme, plan, or pattern within the meaning of the TVPRA.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**
*Comparative Fault*

Any injury was caused, in whole or in part, by the comparative fault or culpable conduct of Plaintiffs or of third parties over whom the Li Defendants had no control.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**
*Unclean Hands*

Plaintiffs' claims are barred, in whole or in part, by unclean hands, *in pari delicto*, and/or because the action is brought for an improper purpose, pending discovery into the source, control, and funding of this litigation.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**
*TVPRA Does Not Reach Familial and In Loco Parentis Relationships*

Plaintiffs' claims are barred in whole or in part because Congress did not intend the TVPRA to apply to alleged conduct arising within familial, religious, educational, custodial, and in loco parentis relationships. The statute was enacted to combat serious trafficking and forced labor, not to impose liability for the good faith exercise of parental and analogous authority over minors entrusted to others' care by their own parents and guardians, including the ordinary discipline, supervision, and structure inherent in religious arts, education, training and performances.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**
*Good Faith and Absence of Requisite Scienter*

Plaintiffs' claims are barred in whole or in part because the Li Defendants at all relevant times acted in good faith and without the knowledge, intent, or state of mind required to establish liability under 18 U.S.C. §§ 1589, 1590, 1592, 1594, and 1595. The Li Defendants did not knowingly provide, obtain, recruit, harbor, or transport any person for forced labor, and did not knowingly benefit from participation in any venture that they knew or should have known was engaged in conduct prohibited by the TVPRA.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**
*Activities Alleged Are Not "Labor or Services" within the TVPRA*

Plaintiffs' claims are barred in whole or in part because the activities at issue, including religious education, artistic and academic instruction, dance and performance training, and voluntary participation in cultural performances, do not constitute "labor or services" obtained by prohibited means within the meaning of 18 U.S.C. §§ 1589 and 1590. Bona fide education, religious and vocational training, artistic development, and related performances fall outside conduct prohibited by the TVPRA.

**THIRTIETH AFFIRMATIVE DEFENSE**
*Class Action Not Maintainable*

This action may not be maintained as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure are not satisfied. Among other things, the claims of the named plaintiffs are not typical of the putative classes, the named plaintiffs and their counsel cannot adequately represent the putative classes, and individualized questions concerning each putative class member's circumstances, beliefs, alleged coercion, consent, compensation, hours, and damages predominate over any common questions, such that a class action is not superior to other available methods of adjudication.

**THIRTY FIRST AFFIRMATIVE DEFENSE**
*Li Defendants Are Not Employers under the New York Labor Law*

The Li Defendants are not, and were not at any relevant time, "employers" of plaintiffs or any putative class member within the meaning of the New York Labor Law, and did not exercise the control over hiring, firing, work schedules, conditions of employment, rate and method of payment, or maintenance of employment records necessary to establish employer status.

**THIRTY SECOND AFFIRMATIVE DEFENSE**
*Exemptions and Exclusions under the New York Labor Law*

Plaintiffs' New York Labor Law claims are barred, in whole or in part, because plaintiffs and putative class members were not "employees" within the meaning of the New York Labor Law, including because they were bona fide students participating in an accredited educational practicum for academic credit, and because they were exempt from minimum wage, overtime, and related requirements, including under the creative professional exemption.

**THIRTY THIRD AFFIRMATIVE DEFENSE**
*Good Faith Bars Liquidated Damages under the New York Labor Law*

Any failure to pay wages alleged in the Complaint was not willful, and the Li Defendants at all times acted in good faith and with reasonable grounds for believing that the practices alleged complied with the New York Labor Law, barring any award of liquidated damages under N.Y. Lab. Law §§ 198(1-a) and 663(1).

**THIRTY FOURTH AFFIRMATIVE DEFENSE**
*Complete and Timely Payment Bars Notice Claims*

Plaintiffs' claims under N.Y. Lab. Law § 195 are barred, in whole or in part, because plaintiffs and putative class members received complete and timely payment of all wages due, as provided in N.Y. Lab. Law §§ 198(1-b) and 198(1-d).

**THIRTY FIFTH AFFIRMATIVE DEFENSE**
*No Retaliation*

Plaintiff Chang's claim under N.Y. Lab. Law § 215 is barred because: (a) the Li Defendants were never her employer, and the only protected activity alleged, the filing of this action, occurred years after she left Dragon Springs and Shen Yun; (b) the Li Defendants took no adverse action against her and did not direct, fund, or cause any of the statements or proceedings alleged; (c) the conduct alleged consists of statements and lawsuits by other persons, including proceedings in the

courts of Taiwan, exercising their own rights of free speech and petition, for which the Li Defendants are not responsible; (d) there is no causal connection between her protected activity and any conduct of the Li Defendants, and conduct alleged to have occurred before this action was filed cannot have been caused by it; and (e) the claim is barred to the extent it seeks to reach conduct occurring outside New York or the United States.

**THIRTY SIXTH AFFIRMATIVE DEFENSE**
*Reservation of Rights*

The Li Defendants reserve the right to assert additional defenses revealed through discovery, including those relating to third party litigation funding and the real party in interest.

***

WHEREFORE, the Li Defendants respectfully request judgment in their favor, along with such other relief as the Court deems appropriate.

Dated: September 15, 2026

Respectfully submitted,

*/s/ John F. Lauro*
John F. Lauro, Esq.
jlauro@laurosinger.com
Justin F. Song, Esq.
jsong@laurosinger.com
LAURO & SINGER
1330 Avenue of the Americas, 23rd Floor
New York, NY 10022
(813) 222-8990

Terri Marsh
Executive Director
Human Rights Legal Foundation
1333 New Hampshire Ave., NW
Suite #200
terri.marsh.hrlf@gmail.com
(202) 774-0893

*Attorneys for Defendants Mr. Hongzhi Li and Mrs. Sandy Li*