GRSM50
GORDON REES SCULLY MANSUKHANI
YOUR 50 STATE LAW FIRM™

277 S. Washington Street, Suite 550
Alexandria, VA 22314
www.grsm.com

**CLAIR E. WISCHUSEN**
**Partner**
cwischusen@grsm.com
Direct (703) 650-7030

October 7, 2026

**VIA ECF**
Hon. Philip M. Halpern, United States District Judge
United States District Court for the Southern District of New York
300 Quarropas Street
White Plains, New York 10601

**Re: *Chang et al. v. Shen Yun Performing Arts, Inc.*, No. 7:24-cv-08980 (PMH)**

Dear Judge Halpern:

The parties submit this joint letter in advance of the October 14, 2026, initial conference. All Defendants other than International Bank of Chicago (the "Non-Bank Defendants") request that *Sun et al. v. Shen Yun Performing Arts, Inc.*, No. 7:25-cv-03185 (JGLC) (S.D.N.Y.) be deemed related to *Chang* under Rule 13 of the Rules for the Division of Business Among District Judges and that, upon a determination of relatedness, the actions be consolidated under Fed. R. Civ. P. 42(a) for discovery and discovery-related case management. In light of the parties' disagreement regarding both relatedness and consolidation, the Non-Bank Defendants respectfully request an opportunity for formal motion practice on these issues and ask that the Court establish an appropriate briefing schedule at the October 14 conference. Plaintiffs request that the Court decline to revisit its prior relatedness ruling and deny the Non-Bank Defendants' request for Rule 42(a) consolidation.

## I. Non-Bank Defendants' Position

The Non-Bank Defendants recognize that the Court denied their May 2025 relatedness request based on the record then before it. *Chang*, ECF No. 75. The present request rests on material developments since that ruling. In opposing relatedness, the *Chang* Plaintiffs stressed differences between the actions and represented that "discovery will be different in scope and focus in the two cases," while assuring the Court that counsel would coordinate informally to avoid duplication. ECF No. 74 at 3. The parties' subsequent discovery planning has demonstrated substantially greater

overlap. The coordination the parties have found necessary reflects common witnesses, documents, factual issues, and discovery disputes that were not developed on the record when the Court considered relatedness in May 2025.

During recent joint discovery negotiations with all counsel in *Sun* and *Chang*, Plaintiffs' counsel have sought a *Chang* discovery schedule substantially aligned with *Sun*, sharing of discovery between the *Chang* and *Sun* Plaintiffs, the same protective order in both cases, and agreed that common defense witnesses should be deposed only once for use in both actions. Plaintiffs also proposed Court-directed "coordination of discovery between the *Chang* and *Sun* matters," including referral of *Chang* discovery to the same Magistrate Judge supervising *Sun*. Although Plaintiffs continue to advocate that referral while opposing Rule 42(a) consolidation, their proposal itself underscores the extent to which discovery in the two actions will proceed in tandem and common disputes will require coordinated judicial management. The Non-Bank Defendants' concern is that this approach still leaves common discovery issues subject to review by different District Judges, creating the possibility of inconsistent rulings despite the coordination Plaintiffs themselves recognize is necessary.

These developments bear directly on each of the considerations identified in Rule 13(a)(1). First, the actions involve substantially similar parties and arise from substantially overlapping alleged events. Both actions assert TVPRA claims against the common defendants based on much of the same alleged conduct. Second, the parties' agreement to take common defense witnesses only once and coordinate written discovery demonstrates substantial factual overlap. Third, maintaining the actions before different District Judges creates a risk of inconsistent rulings on common discovery issues, including through Rule 72(a) objections. Fourth, absent relatedness, the parties, witnesses, and Court face substantial duplication of effort and expense in addressing overlapping discovery and case-management issues in two proceedings. Discovery concerning IBC or other matters unique to one action can remain case-specific and does not eliminate these substantial areas of overlap. Nor does referral to the same Magistrate Judge solve the problem. Although it may reduce duplication in the

first instance, Rule 72(a) objections concerning common discovery issues would still proceed to different District Judges, without unified district-court supervision.

If the Court determines that the actions are related, limited Rule 42(a) consolidation is appropriate. Differences in parties or claims do not preclude consolidation where the actions present sufficiently common questions and consolidation serves judicial economy. *See Pipefitters Loc. No. 636 Defined Benefit Plan v. Bank of Am. Corp.*, 275 F.R.D. 187, 192 (S.D.N.Y. 2011). Courts in this District also consolidate actions for pretrial purposes without determining whether they should ultimately be consolidated for trial. *See Darezzo v. 200 Ninth Rest. LLC*, Nos. 14 Civ. 9081 (PAE), 14 Civ. 5099 (PAE), 2015 WL 195852, at *1, *3 (S.D.N.Y. Jan. 14, 2015). That is all the Non-Bank Defendants seek here. Consolidation need not extend to class certification, dispositive motions, or trial, make IBC a party to *Sun*, or require IBC to participate in unrelated discovery.

Accordingly, the Non-Bank Defendants respectfully request that the Court permit formal motion practice concerning whether *Sun* should be deemed related to *Chang* under Rule 13 and, if so, whether and to what extent the actions should be consolidated under Rule 42(a) for discovery and discovery-related case management. Given the parties' competing positions, the Non-Bank Defendants respectfully request that the Court establish a briefing schedule at the October 14 conference.

## II. Defendant International Bank of Chicago's Position

Defendant IBC is not a party to the *Sun* action and does not join with the Non-Bank Defendants' request to refer the relatedness request or to consolidate the *Chang* and *Sun* actions under Fed. R. Civ. P. 42(a) for discovery and discovery-related case management. For the reasons previously set forth in the *Chang* Plaintiffs' May 9, 2025 court letter opposing relatedness [Dkt. No. 74], the two cases have "many differences between them" that does not warrant the relief requested *Id.* at 2. Moreover, any coordination of discovery between the Non-Bank Defendants and the Plaintiffs in *Chang* and *Sun* should be narrowly tailored to avoid duplication without affecting IBC or requiring its participation.

**III. Plaintiffs' Position**

Nothing material has changed since the Court denied the Non-Bank Defendants' relatedness request in May 2025. ECF No. 75. The Non-Bank Defendants' position is an untimely request for reconsideration of that ruling. It rests not on any new fact about claims, parties, or events at issue, but on Plaintiffs' counsel following through on exactly what they told the Court they would do: coordinate discovery between two cases so as to avoid duplication of effort.

In opposing relatedness, Plaintiffs represented both that discovery "will be different in scope and focus in the two cases" *and* that "Plaintiffs' counsel in *Sun* and *Chang* will organize and coordinate discovery so as to avoid duplication of effort and expense." ECF No. 74 at 3. Both statements were true then and remain true now. The "material developments" the Non-Bank Defendants cite are the fact of that coordination: a substantially aligned schedule; negotiation of a common protective order; and an agreement—*at the Non-Bank Defendants' request*—that common defense witnesses will be deposed once. These are the ordinary tools by which parties to separate actions avoid duplication without consolidation. *See* Fed. R. Civ. P. 29 (parties may stipulate to discovery procedures); Fed. R. Civ. P. 32(a)(8) (deposition may be used in multiple actions involving the same subject matter and parties). This coordination was offered to reduce the burden on the Non-Bank Defendants. The Non-Bank Defendants now treat that cooperation as grounds to undo the Court's prior ruling.

The parties' efforts at coordination do not show that the two cases have converged. Plaintiffs do not propose that all written discovery be served jointly—just that the parties coordinate requests for production on common issues and jointly negotiate those requests to limit the Non-Bank Defendants' burden. The differences in scope and focus between the two cases remain. *Chang* seeks to represent a proposed class of dancers and musicians, names additional defendants, including the International Bank of Chicago, involves additional state wage theft claims, and presents additional factual allegations concerning the role of associated media in the trafficking scheme, the flow of funds between those entities and Shen Yun, claims of retaliation, and additional coercive conduct such as

arrangement of green card marriages and use of child laborers to smuggle cash. ECF No. 74 at 2-3. The Non-Bank Defendants concede these differences in scope with their suggestion that IBC and other case-specific discovery remain separate. That all Defendants are not unanimous on relatedness illustrates the soundness of the Court's May 2025 ruling.

Nor does overlapping discovery raise the concerns identified in Rule 13(a)(1). The parties' coordination addresses any risk of substantial duplication of effort or expense or of undue burden on the parties or the Court. Common discovery issues do not raise a risk of "conflicting orders" under Rule 13. Relevance and proportionality under Rule 26(b)(1) turn on the claims and defenses in each action, which differ meaningfully here. Nor is it a conflict for one court to compel production of particular discovery, while another, applying Rule 26(b)(1) to different claims and defenses, declines to do so.

To the extent the Court has concerns about any duplication of effort or burden on the Court, Plaintiffs note that referring discovery issues in *Chang* to Magistrate Judge Judith McCarthy, who manages discovery in *Sun*, would allow one judicial officer to resolve common disputes in the first instance, with objections proceeding in the ordinary course. This approach could streamline motions practice while preserving the separate treatment of the two actions that the Court found appropriate in May 2025. Because a magistrate judge's non-dispositive rulings are set aside only if clearly erroneous or contrary to law, Fed. R. Civ. P. 72(a), the prospect of divergent outcomes on review of a common ruling is remote, and any divergence likely would reflect differences between the actions. Plaintiffs recognize that management of pretrial proceedings is committed to the Court's discretion and raise this possibility simply to address the Non-Bank Defendants' concerns.

Plaintiffs respectfully request that the Court: (1) deny reconsideration of its prior relatedness ruling; and (2) deny the request for Rule 42(a) consolidation.

Respectfully submitted,

| | |
|---|---|
| */s/ Clair E. Wischusen* | // s // Michaela Wallin |
| Clair E. Wischusen (*pro hac vice*) | Michael Dell'Angelo |
| GORDON REES SCULLY MANSUKHANI LLP | Michaela Wallin |

277 S. Washington Street, Suite 550
Alexandria, VA 22314
cwischusen@grsm.com
Tel.: (703) 650-7030

Peter G. Siachos
GORDON REES SCULLY MANSUKHANI LLP
677 King Street, Suite 450
Charleston, SC 29403
psiachos@grsm.com
Tel.: (843) 714-2505

Steven M. Schneebaum (*pro hac vice*)
Steven M. Schneebaum, P.C.
1750 K Street, N.W., Suite #1210
Washington, DC 20006
sms@smslawdc.com
Tel.: (202) 742-5900

Justin E. Butterfield (*pro hac vice*)
Lea E. Patterson (*pro hac vice*)
Butterfield & Patterson, PLLC
P.O. Box 941681
Plano, Texas 75094
justin@butterfieldpatterson.com
lea@butterfieldpatterson.com
Tel.: (945) 284-0700

*Attorneys for Defendants Shen Yun Performing Arts, Inc., Fei Tian College, Fei Tian Academy of the Arts, Dragon Springs Buddhist Inc., International Bank of Chicago, and Shujia Gong a/k/a Tianliang Zhang*

Justin F. Song
John F. Lauro
LAURO & SINGER
1330 Avenue of the Americas, 23rd Floor
New York, NY 10022
jsong@laurosinger.com
jlauro@laurosinger.com
Tel.: (813) 222-8990

Terri E. Marsh (*pro hac vice*)
HUMAN RIGHTS LEGAL FOUNDATION

Sarah Zimmerman
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Tel. 215-875-3000
mdellangelo@bergermontague.com
mwallin@bergermontague.com
szimmerman@bergermontague.com

Mariyam Hussain (NY Bar No. 5492475)
BERGER MONTAGUE PC
1820 West Division Street
Chicago, IL 60622
Tel. (773) 666-4316
mhussain@bergermontague.com

Times Wang
Adam Farra
Charee Woodard
FARRA & WANG PLLC
650 Massachusetts Avenue, N.W., Suite 600
Washington, D.C. 20001
Tel. (202) 505-5990
twang@farrawang.com
afarra@farrawang.com
cwoodard@farrawang.com

*Attorneys for Plaintiffs and the Proposed Class*

1333 New Hampshire Ave., N.W. Suite 200
Washington, D.C. 20036
terri.marsh.hrlf@gmail.com
Tel.: (202) 774-0893

*Attorneys for Defendants Mr. Hongzhi Li and Mrs. Sandy Li*

Felicia Ennis
WARSHAW BURSTEIN LLP
575 Lexington Avenue, 7th Floor
New York, NY 10022
fennis@wbny.com
Tel.: (212) 984-7700

*Attorneys for Defendant International Bank of Chicago*