**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CHUN-KO CHANG, YI RAN WANG, GUANEE XIE, and HOFMANN ZHU, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SHEN YUN PERFORMING ARTS, INC., FEI TIAN COLLEGE, FEI TIAN ACADEMY OF THE ARTS, DRAGON SPRINGS BUDDHIST INC., INTERNATIONAL BANK OF CHICAGO, SHUJIA GONG a/k/a TIANLIANG ZHANG, HONGZHI LI, and RUI LI a/k/a SANDY REBECCA LEE,

Defendants.

**~~[Proposed]~~ STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

Case No. 24-8980 (PMH)

PHILIP M. HALPERN, United States District Judge:

WHEREAS, all the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order — will adhere to the following terms, upon pain of contempt:

1. With respect to "Discovery Material" (i.e., information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Order, no person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits. As used in this Order, "Confidential Discovery Material" includes Discovery Material designated "Confidential" and "Confidential – Attorneys' Eyes Only" ("AEO Discovery Material"), and every provision of this Order governing Confidential Discovery Material applies equally to AEO Discovery Material, except where this Order imposes additional restrictions on AEO Discovery Material.

2. The Party or person producing or disclosing Discovery Material ("Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

a. previously non-disclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins) and confidential or privileged regulatory or law enforcement material that a Producing Party may be court ordered or authorized to disclose by the appropriate agency;

b. previously non-disclosed material relating to ownership or control of any non-public company;

c. previously non-disclosed business plans, product-development information, or marketing plans;

d. any information of a personal or intimate nature regarding any individual, including medical, psychological, immigration, travel, or family information, or personally identifying information;

e. previously non-disclosed religious materials;

f. information concerning minors;

g. any other category of information this Court subsequently affords confidential status.

3. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys' Eyes Only," as applicable, the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential or Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential" or "Confidential – Attorneys' Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential, except that any testimony designated on the record, or any exhibit previously designated, as Confidential – Attorneys' Eyes Only will be treated as such.

5. If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential or Confidential – Attorneys' Eyes Only some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as

Confidential or Confidential – Attorneys' Eyes Only. Disclosure before receipt of such notice to persons authorized under the prior designation shall not be a violation of this Order, and the receiving party shall make reasonable efforts to retrieve the material from any person not authorized to receive it under the new designation.

6. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7. Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

a. the Parties to this action, their insurers, and counsel to their insurers;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h. stenographers, interpreters, translators, and videographers engaged in connection with depositions the Parties conduct in this action; and

i. this Court, including any appellate court, its support personnel, and court reporters.

8. Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f), or 7(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. Information may be designated "Confidential – Attorneys' Eyes Only" if the Producing Party reasonably and in good faith believes that it falls within one of the following categories:

a. *Trade secret and competitively sensitive information*. Information constituting a trade secret, or current competitively sensitive pricing, cost, margin, donor, or strategic-planning information, that derives independent commercial or competitive value from not being generally known and that is the subject of reasonable measures by the Producing Party to maintain its secrecy, and as to which the Producing Party reasonably and in good faith believes that disclosure to persons identified in paragraph 7(a) would cause specific competitive or economic injury not avoidable by less restrictive means;

b. *Regulator information*. Information that the Producing Party may not disclose under federal or state law absent authorization from a governmental authority or court order for good cause shown. ("Bank Regulatory Material"). The Producing Party shall provide the Receiving Party with a copy of the authorization, if available, and inform the parties of any conditions the authority has imposed on use or disclosure, at the time

of production. All Receiving Parties shall abide by the conditions set by the governmental authority or court order in connection with the production of Bank Regulatory Material; or

c. *Personal information of individuals.* Information reflecting: the medical treatment or condition of an individual; educational records of an individual; immigration or visa status, applications, or filings of an individual or the individual's family members; financial account information or tax returns of an individual, including, without limitation, information protected by applicable privacy, banking or data-security laws, or information that the Producing Party reasonably and in good faith believes that disclosure to persons identified in paragraph 7(a) would create and cause a reasonable risk of persecution, harassment, retaliation, or physical or economic harm to an individual or the individual's family members, including nonpublic location or contact information of current or former performers, students, employees, or volunteers, or their family members.

10. Unless the Producing Party consents in writing or the Court orders otherwise, information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under paragraph 9(a) or 9(c) may be disclosed only to the persons identified in paragraphs 7(b), 7(c), 7(d), 7(e), 7(g), 7(h), and7(i) of this Order; to any witness identified in paragraph 7(f) who (i) authored, received, or previously possessed or knew the information, (ii) is a current or former officer, director, employee, or agent of the Producing Party, or (iii) is testifying as the Producing Party's designee under Federal Rule of Civil Procedure 30(b)(6); and may be disclosed to no other person, including any Party or any officer, director, trustee, or employee of any Party. Regulator-Authorized Information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under paragraph 9(b) is subject to the same restrictions, together with any additional restrictions on its use or disclosure imposed in the written authorization provided under paragraph 9(b).

11. Nothing in this Order prevents counsel from rendering advice to a client concerning this Action based on counsel's examination of Confidential Discovery Material, provided counsel does not disclose the substance of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information to a person not authorized to receive it.

12. In accordance with Rule 5 of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission.

14. The Court also retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential.

15. Where a Party files Confidential Discovery Material that it did not designate, the

filing Party shall comply with Paragraph 12 and Rule 5 of this Court's Individual Practices, and its letter motion to seal may state that the material was designated by another Party or nonparty and that the filing Party takes no position on continued sealing. In that circumstance, the Producing Party that made the designation, rather than the filing Party, bears the obligation to justify continued sealing, and shall file its letter motion within seven (7) days after the filing. If the Producing Party does not do so, the filing Party may publicly file an unredacted copy, and the Court may unseal the material without further notice. Where practicable, the filing Party shall notify the Producing Party of its intent to file the material at least three (3) business days in advance so that the Parties may confer pursuant to the Court's Individual Practices.

16. Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices. Until the Parties agree or the Court rules, the material shall be treated according to its designation.

17. Except as to Discovery Material falling within the categories set forth in paragraph 9, which may be designated Confidential—Attorneys Eyes Only without further application, any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(D) of this Court's Individual Practices.

18. Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding, except as

provided in paragraph 9. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

19. The following information security protections shall also apply to all Confidential Discovery Material:

a. In accordance with the limitations on disclosure of Confidential Discovery Material outlined above, Confidential Discovery Material may not be shared with any person whom the disclosing person knows is: an official, officer, employee, or agent of a foreign government, including the People's Republic of China; any known officer, employee or agent of the media or press; and any known relative or spouse of any Party.

b. Confidential Discovery Material must be transmitted via secure, encrypted electronic networks (e.g., SFTP) and stored on secure, password-protected servers with restricted access controls. Receiving Counsel shall not download or store such material on local unencrypted hard drives or personal laptops. Any third-party data processing or hosting vendor utilized by Receiving Counsel must execute the Non-Disclosure Agreement attached as Exhibit A.

c. Confidential Discovery Material in electronic form shall be stored only on systems located outside of the People's Republic of China (including the Hong Kong and Macau Special Administrative Regions), including any system operated by a cloud, hosting, or electronic discovery provider. Hard copy documents containing Confidential Discovery Material shall not be taken or transported to the People's Republic of China (including the Hong Kong and Macau Special Administrative Regions). Confidential Discovery Material shall never be accessed from or within the People's Republic of China (including the Hong Kong and Macau Special Administrative Regions). Each receiving party shall take reasonable measures to enforce this subparagraph.

20. The restrictions on use and disclosure in this Order do not apply to information that:

(a) is or becomes publicly available through no violation of this Order; (b) a party lawfully obtained from an independent source that was under no duty of confidentiality to the Producing Party; or (c) a party, or any person on whose behalf it acts, lawfully possessed or knew before its disclosure in this action, including information known to a party from that party's own experience.

21. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

22. Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

23. If, in connection with this litigation, a party discloses (i) information subject to a claim of attorney-client privilege or attorney work product protection, or (ii) information whose disclosure in civil discovery is expressly prohibited by federal statute or regulation, and as to which no exception applies for disclosure in response to judicial process or a discovery request ("Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection or such other applicable protection with respect to the Disclosed Information and its subject matter.

24. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

25. Within five business days of the notification that the receiving party has complied with paragraph 24, the disclosing party shall produce a privilege log with respect to the Disclosed Information.

26. The receiving party may move the Court for an Order compelling production of the Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

27. The disclosing party retains the burden of establishing the privileged or protected nature of any Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Disclosed Information.

28. Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

29. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

30. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated: White Plains, New York
November 12, 2026

SO ORDERED.

Philip M. Halpern
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHUN-KO CHANG, YI RAN WANG, GUANEE XIE, and HOFMANN ZHU, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SHEN YUN PERFORMING ARTS, INC., FEI TIAN COLLEGE, FEI TIAN ACADEMY OF THE ARTS, DRAGON SPRINGS BUDDHIST INC., INTERNATIONAL BANK OF CHICAGO, SHUJIA GONG a/k/a TIANLIANG ZHANG, HONGZHI LI, and RUI LI a/k/a SANDY REBECCA LEE,<br><br>Defendants. | **Non-Disclosure Agreement**<br><br>Case No. 24-8980 (PMH) |

I,________________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. I am not an official, officer, employee, agent, contractor, or representative of any foreign government or foreign political party, or of any agency, instrumentality, or entity owned or controlled by a foreign government, and I am not acting on behalf of, at the direction of, or for the benefit of any foreign government or foreign political party. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: